UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
QUANTUM CORPORATE FUNDING, LTD.,            Civil Action
                                             Docket No. 08 CV00539 (LAK) (HP)
                    Plaintiff,

        -against-                            **AMENDED COMPLAINT**

WESTWOOD DESIGN/BUILD
INCORPORATED, DAVID R. WARFIELD,
NATIONAL CITY MORTGAGE INC., and
PENN LYON HOMES CORPORATION,

                    Defendants.
------------------------------------------------------------X

Plaintiff, Quantum Corporate Funding, Ltd., by its attorneys, Goetz Fitzpatrick, LLP, as and for its Complaint against the defendants alleges, upon information and belief, as follows:

## THE PARTIES

1. Plaintiff Quantum Corporate Funding, Ltd. ("Quantum") is a corporation organized and existing under the laws of the State of New York, maintaining its principal place of business located at 1140 Avenue of the Americas, New York, New York 10036 and is engaged in the business of commercial finance.

2. Defendant Westwood Design/Build Incorporated ("Westwood") is a corporation organized and existing under the laws of the State of Maryland maintaining its principal place of business located at 12109 Gordon Avenue, Beltsville, Maryland 20705.

3. Defendant David R. Warfield ("Warfield") is a natural person, a resident of the State of Maryland whose address is 715 East Maple Road, Linthicum Heights, Maryland 21090.

4. Defendant National City Mortgage Inc. ("National") is a corporation organized and existing under the laws of the State of Ohio, maintaining its principal place of business located at 3232 Newmark Drive, Miamisburg, Ohio 45342.

5. Penn Lyon Homes Corporation ("Penn") is a corporation organized and existing under the laws of the State of Pennsylvania maintaining its principal place of business at 195 Airport Road, Selinsgrove, Pennsylvania 17870.

## JURISDICTION AND VENUE

6. There is original jurisdiction in this Court pursuant to 28 U.S.C. §1332 since there is diversity of citizenship between plaintiff Quantum and each of the defendants and the amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

7. Venue lies in this Court pursuant to 28 U.S.C. §1391(a) since a substantial part of the events or omissions giving rise to the claim herein occurred in this district.

## FIRST CAUSE OF ACTION AGAINST NATIONAL FOR BREACH OF CONTRACT

8. On or about January, 2007 Mr. and Mrs. Eustace Pollydore, as owners, entered into a contract with defendant Westwood, as contractor, with defendant National, as construction lender, pursuant to which Westwood contracted to construct a new home at 6117 Elm Street, Lanham, Maryland for the Pollydores ("the Project").

9. By virtue of the work and materials furnished by defendant Westwood to the Pollydores for the Project there became due to Westwood from defendant National the sum of $347,000.00 for which an invoice was rendered by Westwood to National (the "Invoice").

10. Defendant Westwood made an assignment to plaintiff Quantum of the moneys due to Westwood from defendant National on account of the Invoice (the "Assignment").

11. Simultaneously with the Assignment or within a short time thereof, plaintiff Quantum and defendant Westwood each gave notice of the Assignment to defendant National, and National acknowledged receipt of the Assignment.

12. By virtue of the Assignment, there was assigned by defendant Westwood to plaintiff Quantum, the sum of $347,000.00.

13. By virtue of the foregoing, there became due and owing to plaintiff Quantum from defendant National, the sum of $347,000.00.

14. Defendant National has refused to pay the Invoice, leaving due and owing to plaintiff Quantum the amount of $347,000.00 for which demand has been duly made.

## SECOND CAUSE OF ACTION AGAINST NATIONAL FOR BREACH OF CONTRACT

15. Plaintiff Quantum repeats and realleges each and every allegation set forth in paragraphs "1" through "14" of this Complaint with the same force and effect as if fully set forth at length hereat.

16. Defendant National issued an estoppel certificate to plaintiff Quantum that the Invoice was correct and owing and that the work and materials invoiced had been completed and accepted (the "Estoppel Certificate").

17. Plaintiff Quantum relied upon the Estoppel Certificate in purchasing the Invoice from Westwood.

18. The $347,000.00 Invoice amount was acknowledged by defendant National to plaintiff Quantum as being due and owing.

19.  By virtue of the foregoing, there was due and owing to plaintiff Quantum from defendant National $347,000.00.

20.  Defendant National has refused to pay Quantum the $347,000.00 amount due pursuant to the terms of the Estoppel Certificate leaving due and owing to Quantum the amount of $347,000.00 for which demand has been made.

## FIRST CAUSE OF ACTION AGAINST WESTWOOD FOR BREACH OF CONTRACT

21.  Plaintiff Quantum repeats and realleges each and every allegation set forth in paragraphs "1" through "20" of this Complaint with the same force and effect as if fully set forth at length hereat.

22.  On December 20, 2007, in conjunction with the Assignment made by defendant Westwood to plaintiff Quantum, a Purchase and Sale Agreement (the "Agreement") was made, executed and delivered between Westwood and Quantum.

23.  The Agreement set forth certain warranties, representations and covenants by defendant Westwood to plaintiff Quantum regarding the Assignment.

24.  Defendant Westwood has breached the warranties, representations and covenants made by it in the Agreement, including those stating that the Invoice was presently due and owing and that were no set-offs or defenses against the assigned Invoice.

25.  Defendant National asserts that the Invoice was not due and owing and that it has set-offs or defenses against the assigned Invoice.

26.  As a result of defendant Westwood's breach of the Agreement, plaintiff Quantum has been damaged in the sum of not less than $347,000.00.

27. Plaintiff Quantum has incurred and will incur attorneys fees in the prosecution of its claims, the extent of which is not yet known, for which defendant Westwood agreed, pursuant to the Agreement, to pay.

28. Due to defendant Westwood's breach of the Agreement, plaintiff Quantum has incurred damages, including attorney's fees, the final amount to be determined at trial.

## FIRST CAUSE OF ACTION AGAINST WARFIELD FOR BREACH OF CONTRACT

29. Plaintiff Quantum repeats and realleges each and every allegation set forth in paragraphs "1" through "28" with the same force and effect as if fully set forth at length hereat.

30. In conjunction with the Assignment and the Agreement, defendant Warfield made, executed and delivered to plaintiff Quantum a guarantee (the "Guarantee") in writing whereby he personally guaranteed defendant Westwood's performance of the Agreement's warranties, representations and covenants.

31. Defendant Warfield has failed to perform defendant Westwood's Agreement's warranties, representations and covenants.

32. Defendant Warfield breached his Guarantee of defendant Westwood's Agreements warranties, representations and covenants.

33. As a result of defendant Warfield's breach of this Guarantee, plaintiff Quantum has been damaged in the sun of not less than $347,000.00.

34. Plaintiff Quantum has incurred and will incur attorneys fee in the prosecution of its claims against defendants Westwood and Warfield, the extent which are not yet known, but for which Warfield agreed, pursuant to his Guarantee, to pay.

35. Due to defendant Warfield's breach of his Guarantee, plaintiff Quantum has incurred damages of not less than $347,000.00 exclusive of attorneys' fees, the final amount to be determined at trial.

### SECOND CAUSE OF ACTION AGAINST WESTWOOD AND WARFIELD FOR FRAUD

36. Plaintiff Quantum repeats and realleges each and every allegation set forth in paragraphs "1" through "35" of this complaint with the same face and effect as it fully set forth herein at length hereat.

37. In or about December 2007, defendants Westwood and Warfield fabricated the Invoice to defendant National, falsely stating that defendant Westwood had performed the work required of it pursuant to its contract with the Pollydores.

38. In or about December 20, 2007, in order to induce plaintiff Quantum to accept from defendant Westwood an assignment of the Invoice and in payment to wire transfer $130,731.72 to Westwood and $112,168.28 to defendant Penn allegedly in payment for supplies and materials used in the construction of the Project, defendants Westwood and Warfield represented to Quantum that Penn had supplied materials for the Project and that the Invoice was presently due and owing and represented an account receivable not subject to any defenses.

39. The representations made by defendants Westwood and Warfield were false, and in truth, the Invoice was worthless and not in fact a good account receivable and defendant Penn had not delivered supplies and materials for the Project.

40. When the representations were made by defendants Westwood and Warfield, each knew them to be false and made then with the intent to deceive and defraud plaintiff Quantum and to induce Quantum to accept and to pay for the assignment of the Invoice.

41. Plaintiff Quantum at the time the representations were made, did not know the truth regarding them but believed them to be true, relied upon them and was, thereby induced to accept an assignment of the Invoice and to pay to or on behalf of defendant Westwood $242,900.00.

42. Plaintiff Quantum did not know the true facts regarding the Invoice until or about January 11, 2007.

43. The Invoice is worthless and was so at the time it was assigned to Quantum.

44. As a result of the false representations made by the defendants Westwood and Warfield, plaintiff Quantum has been damaged in the sum of $242,900.00.

### THIRD CAUSE OF ACTION AGAINST WESTWOOD AND WARFIELD FOR CONVERSION

45. Plaintiff Quantum repeats and realleges each and every allegation set forth in paragraphs "1" through "44" of this Complaint with the same force and effect as if fully set forth at length hereat.

46. Defendants Westwood and Warfield converted $242,900.00 belonging to plaintiff Quantum.

## FIRST CAUSE OF ACTION AGASINST PENN FOR CONVERSION

47. Plaintiff Quantum repeats and realleges each and every allegation set forth in paragraphs "1" through "46" of this Complaint with the same force and effect as if set forth at length hereat.

48. On December 21, 2007, defendants Westwood and Warfield unlawfully took $112,168.28 of plaintiff Quantum's monies, converted it to their own use, and transferred it to defendant Penn allegedly in payment for supplies and materials used in the construction of the Project.

49. In truth and in fact defendant Penn had not supplied materials to the Project.

50. In January, 2008, plaintiff Quantum demanded that defendant Penn return the $112,168.28 to Quantum, but Penn has refused and still refuses to return the $112,168.28 to Quantum.

51. Defendant Penn has retained the $112,168.28 and has converted it to its own use.

52. By reason of the foregoing, plaintiff Quantum has sustained damages in the amount of $112,168.28, plus interest from the date of conversion.

## SECOND CAUSE OF ACTION AGAINST PENN FOR UNJUST ENRICHMENT

53. Plaintiff Quantum repeats and realleges each and every allegation set forth in paragraphs "1" through "52" of this Complaint with the same force and effect as if set forth at length hereat.

54. Defendant Penn has been unjustly enriched as a result of the $112,168.28 of plaintiff's Quantum's monies transferred to it.

55. By reason of the foregoing, plaintiff Quantum has sustained damages in the amount of $112.168.28.

**WHEREFORE**, the plaintiff, Quantum Corporate Funding Ltd., demand judgment as follows:

1. On the First Cause of Action against defendant National City Mortgage Inc., in the sum of $347,000.00.

2. On the Second Cause of Action against defendant National City Mortgage Inc., in the sum of $347,000.00.

3. On the First Cause of Action against defendant Westwood Design/Build Incorporated not less than the sum of $347,000.00.

4. On the First Cause of Action against defendant David R. Warfield not less then the sum of $347,000.00.

5. On the Second Cause of Action against defendant Westwood Design/Build Incorporated and David R. Warfield, jointly and severally, in the sum of $242,900.00 together with punitive and exemplary damages in the sum of $500,000.00.

6. On the Third Cause of Action against defendants Westwood Design/Build Incorporated and David R. Warfield, jointly and severally, in the sum of $242,900.00 together with punitive and exemplary damages in the sum of $500,000.00.

7. On the First Cause of Action against defendant Penn Lyon Home Corporation in the sum of $112,168.28.

8. On the Second Cause of Action against defendant Penn Lyon Homes Corporation in the sum of $112.168.28.

9. Pre-judgment and Post-judgment interest.

10. Costs, disbursements and reasonable attorney's fees in an amount to be determined at trial.

11. Such other and further relief as this Court deems just and proper.

Dated: New York, New York
January 30, 2008

GOETZ FITZPATRICK LLP

By: _____
Bernard Kobroff (BK 0101)
Attorneys for Plaintiff
Quantum Corporate Funding, Ltd.
One Penn Plaza, 44th Floor
New York, New York 10119
(212) 695-8100