UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

QUANTUM CORPORATE FUNDING, LTD.,

Plaintiff,

vs.

WESTWOOD DESIGN/BUILD INCORPORATED, DAVID R. WARFIELD, NATIONAL CITY MORTGAGE INC., and PENN LYON HOMES CORPORATION,

Defendants.

NATIONAL CITY MORTGAGE,

Third-Party Plaintiff,

vs.

MICHAEL CONRAD, a/k/a MICHAEL CONRAD BROWN,

Third-Party Defendant.

Civil Action No. 08-cv-0539 (LAK) (HBP)

**ANSWER, SEPARATE DEFENSES, CROSS-CLAIM AND THIRD-PARTY COMPLAINT ON BEHALF OF DEFENDANT NATIONAL CITY MORTGAGE**

Defendant National City Mortgage, a division of National City Bank (incorrectly pleaded as "National City Mortgage Inc.") (hereinafter, "NCM"), by its attorneys, McCarter & English, LLP, by way of Answer to the Amended Complaint of plaintiff Quantum Corporate Funding, Ltd. (hereinafter "Quantum"), states as follows:

**AS TO "THE PARTIES"**

1. NCM is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 1 of the Amended Complaint.

2. NCM, upon information and belief, admits the allegations contained in paragraph 2 of the Amended Complaint.

3. NCM, upon information and belief, admits the allegations contained in paragraph 3 of the Amended Complaint.

4. In response to paragraph 4, NCM admits that it maintains its principal place of business at 3232 Newmark Drive, Miamisburg, Ohio 45342, denies that it is a corporation organized and existing under the laws of the State of Ohio, and avers that it is a division of National City Bank, a national banking association.

5. NCM is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 5 of the Amended Complaint.

**AS TO "JURISDICTION AND VENUE"**

6. NCM is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 6 of the Amended Complaint.

7. NCM denies the allegations of paragraph 7 of the Amended Complaint.

**AS TO "FIRST CAUSE OF ACTION AGAINST NATIONAL FOR BREACH OF CONTRACT"**

8. In response to the allegations of paragraph 8 of the Amended Complaint, NCM admits that Mr. and Mrs. Eustace Pollydore, as owners, entered into a contract with defendant Westwood, as contractor, pursuant to which Westwood contracted to construct a new home at 6117 Elm Street, Lanham, Maryland, for the Pollydores, and admits that NCM is identified in that contract as the "Construction Lender," but NCM denies that that it was a party to the Westwood-Pollydore contract.

9. NCM denies the allegations of paragraph 9 of the Amended Complaint.

10. In response to the allegations of paragraph 10 of the Amended Complaint, NCM is without knowledge or information sufficient to form a belief as to what defendant Westwood

may have purported to assign to plaintiff Quantum, but NCM denies owing monies to Westwood or Quantum for the amount indicated on an invoice purportedly issued to NCM.

11. Except to admit that Quantum sent NCM correspondence purporting to advise that Westwood had assigned to Quantum payment on an alleged invoice, NCM denies the allegations of paragraph 11 of the Amended Complaint.

12. In response to the allegations of paragraph 12 of the Amended Complaint, NCM is without knowledge or information sufficient to form a belief as to the allegations concerning what Westwood may have assigned to Quantum, but NCM denies owing the sum of $347,000 to Westwood or Quantum.

13. NCM denies the allegations of paragraph 13 of the Amended Complaint.

14. Except to admit that NCM has refused to pay Quantum an amount set forth on a purported invoice from Westwood, NCM denies the allegations of paragraph 14 of the Amended Complaint.

**AS TO "SECOND CAUSE OF ACTION AGAINST NATIONAL FOR BREACH OF CONTRACT"**

15. NCM repeats its answers to each and every allegation contained in paragraphs 1 through 14 of the Amended Complaint as if fully set forth herein.

16. Except to admit that a local branch manager acceded to the request of Quantum and Westwood that he sign certain correspondence from Quantum dated December 18, 2007 based on discussions with and representations by Quantum and Westwood, NCM denies the allegations of paragraph 16 of the Amended Complaint.

17. In response to paragraph 17 of the Amended Complaint, NCM is without knowledge or information sufficient to form a belief as to whether Quantum relied upon what it

refers to as an "estoppel certificate" and avers that any such alleged reliance by Quantum was not reasonable under the circumstances.

18. NCM denies the allegations of paragraph 18 of the Amended Complaint.

19. NCM denies the allegations of paragraph 19 of the Amended Complaint.

20. Except to admit that NCM has refused to pay Quantum the sum of $347,000, NCM denies the allegations of paragraph 20 of the Amended Complaint.

**AS TO "FIRST CAUSE OF ACTION AGAINST WESTWOOD FOR BREACH OF CONTRACT"**

21. NCM repeats its answers to each and every allegation contained in paragraphs 1 through 20 of the Amended Complaint as if fully set forth herein.

22. NCM is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 22 of the Amended Complaint.

23. NCM is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 23 of the Amended Complaint.

24. NCM is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 24 of the Amended Complaint.

25. NCM admits the allegations of paragraph 25 of the Amended Complaint.

26. NCM is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 26 of the Amended Complaint.

27. NCM is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 27 of the Amended Complaint.

28. NCM is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 28 of the Amended Complaint.

**AS TO "FIRST CAUSE OF ACTION AGAINST WARFIELD FOR BREACH OF CONTRACT"**

29. NCM repeats its answers to each and every allegation contained in paragraphs 1 through 28 of the Amended Complaint as if fully set forth herein.

30. NCM is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 30 of the Amended Complaint.

31. NCM is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 31 of the Amended Complaint.

32. NCM is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 32 of the Amended Complaint.

33. NCM is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 33 of the Amended Complaint.

34. NCM is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 34 of the Amended Complaint.

35. NCM is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 35 of the Amended Complaint.

**AS TO "SECOND CAUSE OF ACTION AGAINST WESTWOOD AND WARFIELD FOR FRAUD"**

36. NCM repeats its answers to each and every allegation contained in paragraphs 1 through 36 of the Amended Complaint as if fully set forth herein.

37. NCM admits, upon information and belief, the allegations of paragraph 37 of the Amended Complaint.

38. NCM is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 38 of the Amended Complaint.

39. NCM admits, upon information and belief, the allegations of paragraph 39 of the Amended Complaint.

40. NCM is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 40 of the Amended Complaint.

41. NCM is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 41 of the Amended Complaint.

42. NCM is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 42 of the Amended Complaint.

43. Except to admit that NCM did not in December of 2007 and does not now owe $347,000 to Westwood, NCM is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 43 of the Amended Complaint.

44. NCM is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 44 of the Amended Complaint.

**AS TO "THIRD CAUSE OF ACTION AGAINST WESTWOOD AND WARFIELD FOR CONVERSION"**

45. NCM repeats its answers to each and every allegation contained in paragraphs 1 through 44 of the Amended Complaint as if fully set forth herein.

46. NCM is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 46 of the Amended Complaint.

**AS TO "FIRST CAUSE OF ACTION AGAINST PENN FOR CONVERSION"**

47. NCM repeats its answers to each and every allegation contained in paragraphs 1 through 46 of the Amended Complaint as if fully set forth herein.

48. NCM is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 48 of the Amended Complaint.

49. NCM admits, upon information and belief, the allegations of paragraph 49 of the Amended Complaint.

50. NCM is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 50 of the Amended Complaint.

51. NCM is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 51 of the Amended Complaint.

52. NCM is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 52 of the Amended Complaint.

**AS TO "SECOND CAUSE OF ACTION AGAINST PENN FOR UNJUST ENRICHMENT"**

53. NCM repeats its answers to each and every allegation contained in paragraphs 1 through 52 of the Amended Complaint as if fully set forth herein.

54. NCM is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 54 of the Amended Complaint.

55. NCM is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 55 of the Amended Complaint.

In response to the ad damnum and prayer for relief clauses, NCM denies that plaintiff is entitled to any of the relief requested therein, or to any other relief, insofar as such relief is sought from NCM.

**SEPARATE DEFENSES**

Without assuming the burden of proof on any issue as to which the burden is on plaintiff under applicable law, defendant National City Mortgage, a division of National City Bank, asserts the following separate defenses:

**FIRST SEPARATE DEFENSE**

The Amended Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

**SECOND SEPARATE DEFENSE**

Venue in this district is improper and/or inconvenient and this action should be transferred to the District of Maryland.

**THIRD SEPARATE DEFENSE**

Plaintiff has failed to mitigate damages, if any.

**FOURTH SEPARATE DEFENSE**

Plaintiff is estopped and barred by its own conduct from requesting the relief set forth in the Amended Complaint.

**FIFTH SEPARATE DEFENSE**

NCM breached no duty, contractual or otherwise, owed to plaintiff.

**SIXTH SEPARATE DEFENSE**

Plaintiff's breach of contract claims against NCM fail due to failure of consideration.

**SEVENTH SEPARATE DEFENSE**

NCM exercised ordinary care, and acted in good faith in accordance with the reasonable commercial standards applicable to its business, with respect to the issues set forth in the Amended Complaint.

**EIGHTH SEPARATE DEFENSE**

The relief sought in the Amended Complaint is barred by operation of the Uniform Commercial Code.

**NINTH SEPARATE DEFENSE**

Any assignment by Westwood to plaintiff was not taken by plaintiff in good faith and without notice of NCM's borrowers' rights in the loan proceeds and of defects surrounding Westwood's claim to any construction loan funds held by NCM for its borrowers. In or about November and December of 2007, NCM communicated with Quantum representatives and explained, *inter alia,* how the construction loan draw disbursement process worked. As a result, before the so-called "estoppel certificate" was signed, Quantum was informed that NCM did not owe Westwood any funds, that NCM merely holds its borrowers' loan proceeds subject to the borrowers' directions on disbursements, and that the construction loan proceeds would not and could not be released to Westwood unless or until a modular house was delivered and installed by Westwood.

**TENTH SEPARATE DEFENSE**

Plaintiff could not have reasonably relied upon the form letter it characterizes as an "estoppel certificate" based on information known to plaintiff's representatives and/or information that should have been apparent to plaintiff upon reasonable inquiry.

**ELEVENTH SEPARATE DEFENSE**

NCM's local branch manager was fraudulently induced to sign the form letter that plaintiff characterizes as an "estoppel certificate" and such document, assuming arguendo it is otherwise enforceable, should be rescinded as the product of fraud and/or mistake.

**TWELFTH SEPARATE DEFENSE**

Plaintiff's alleged damages were caused by plaintiff's own negligence and/or the unforeseeable acts of third persons or entities over whom NCM had no control and/or for whom this defendant bears no liability.

**THIRTEENTH SEPARATE DEFENSE**

NCM hereby expressly reserves and does not waive the right to assert any and all defenses at such time and to such extent as discovery and factual developments establish a basis therefor.

**WHEREFORE**, defendant National City Mortgage, a division of National City Bank, demands judgment dismissing the Amended Complaint in its entirety with prejudice, awarding NCM its costs and attorneys' fees for the defense of this action, and awarding such further relief as the Court may deem just and equitable.

**CROSSCLAIM AND THIRD-PARTY COMPLAINT**

Defendant/Cross-Claimant/Third-Party Plaintiff National City Mortgage, a division of National City Bank ("NCM"), by way of crossclaim against Defendants Westwood Design/Build Incorporated and David Warfield and by way of third-party complaint against Third-Party Defendant Michael Conrad, also known as Michael Conrad Brown, alleges as follows:

1. Crossclaim defendant Westwood Design/Build Incorporated (hereinafter "Westwood") is, upon information and belief, a corporation organized and existing under the laws of the State of Maryland maintaining its principal place of business at 12109 Gordan Avenue, Beltsville, Maryland 20705.

2. Crossclaim defendant David R. Warfield (hereinafter "Warfield") is, upon information and belief, a citizen of the State of Maryland residing at 715 East Maple Road, Linthicum Heights, Maryland 21090.

3. Third-party defendant Michael Conrad, also known as "Michael Conrad Brown" (hereinafter "Conrad"), is, upon information and belief, a citizen of the State of Maryland residing at 12109 Gordan Avenue, Beltsville, Maryland 20705.

4. Warfield and Conrad are employees, agents and principals of Westwood.

5. Upon information and belief, Warfield and Conrad conspired and agreed to make misrepresentations to NCM in order to induce its local branch manager in Greenbelt, Maryland, to sign certain paperwork requested by plaintiff Quantum Corporate Funding Ltd. (hereinafter "Quantum") so that Quantum would, in turn, lend or advance funds to Westwood that Westwood, Conrad and Warfield would not repay to Quantum.

6. On or about January 31, 2007, NCM closed on a Construction/Permanent first mortgage loan with its borrowers, June and Eustace Pollydore, for property located at 6117 Elm Street, Lanham, Maryland 20706. The Pollydores had previously entered into a contract with Westwood for the purchase of the Elm Street property and the purchase and installation of a modular home to be delivered to the Pollydores' property and set on the foundation at the site.

7. Conrad, on behalf of Westwood, acknowledged in writing that the Pollydores' loan proceeds would be released incrementally in accordance with a draw schedule that was contingent upon increasing levels of completed work by Westwood. Among other things, Conrad, on behalf of Westwood, further acknowledged that 70% of the Pollydores' loan proceeds would not be disbursed by NCM unless or until the modular home package was delivered to the site, removed from the truck, and placed on the grounds, and various other construction-related tasks were completed on the modular home.

8. By December of 2007, almost a year after entering into a contract with the Pollydores, Westwood still had not delivered the modular home package to the Pollydores' Elm Street property.

9. In or about mid-December of 2007, Conrad of Westwood contacted NCM's local branch manager in Greenbelt, Maryland, and represented to the branch manager that Westwood had the Pollydores' modular home sitting on his (Conrad's) lot in southern Maryland, that Westwood had already paid the modular home manufacturer for this home, and that the modular home would be delivered to the Elm Street site immediately after Westwood straightened out what it described as a paperwork problem with local permitting.

10. Conrad further represented to the NCM branch manager that Westwood was facing a cash flow problem that was temporarily delaying it from securing the needed permit and transferring the modular home from Westwood's lot onto the Pollydores' Elm Street property.

11. During the conversations that took place in or about mid-December of 2007, Conrad advised NCM's local branch manager that, as Westwood had previously done, Westwood would be borrowing money from Quantum that would enable it to immediately transfer and install the modular home onto the Pollydores' property. In connection with the money Westwood would be receiving from Quantum, Conrad assured NCM's branch manager that NCM would only be asked to sign a letter to Quantum as a mere formality indicating that a draw disbursement from the Pollydores' construction loan would be released after the modular home was delivered and set on the site by Westwood.

12. In furtherance of the fraudulent scheme being implemented by Conrad, Warfield and Westwood, Warfield provided Quantum with a false and misleading invoice that incorrectly stated that NCM was currently indebted to Westwood even though Warfield, Westwood and Conrad knew NCM did not owe Westwood such funds and that no funds would be disbursed from the Pollydores' loan until the modular home was delivered and set on the grounds.

13. In reliance upon Conrad's and Westwood's representations, NCM's local branch manager was fraudulently induced to sign a form letter faxed to him by Quantum on or about December 18, 2007.

14. Upon information and belief, the representations made by Westwood's Conrad were false and misleading and were known to be so when they were made to NCM's local branch manager in order to fraudulently induce him to sign the Quantum form letter. Upon information and belief, Westwood did not and does not have possession of the modular home intended for the Pollydores, it has not obtained the requisite permit, and it has never delivered or installed the modular home on the Pollydores' site after the NCM local branch manager signed the Quantum form letter as an accommodation.

15. Moreover, contrary to the representations by Westwood's Conrad (and contrary to NCM's branch manager's December 2007 discussions with Quantum representatives about the nature of the construction loan process), Quantum has filed suit against NCM, taking the position that the form letter signed by NCM's local branch manager constitutes a binding agreement and that NCM is now liable to Quantum based on that form letter even though NCM had no contractual obligation to Westwood and notwithstanding that Westwood has failed to fulfill the requirements for the release of draw disbursements from the Pollydores' construction loan proceeds held by NCM.

16. Because the signature of NCM's local branch manager on the Quantum form letter was procured by fraudulent misrepresentations by Westwood, Conrad and Warfield, the so-called Quantum "estoppel certificate" should be invalidated and declared null and void.

17. While NCM denies any and all legal liability and responsibility for the acts alleged in plaintiff Quantum's Amended Complaint, if NCM should be found liable to plaintiff here based on the Quantum form letter, which liability is denied, NCM seeks damages from

Westwood, Conrad and Warfield, jointly and severally, for any loss, liability or expense (including attorneys' fees) on account of plaintiff's claims against NCM.

WHEREFORE, Cross-Claimaint/Third-Party Plaintiff National City Mortgage, a division of National City Bank, demands judgment against Westwood, Warfield and Conrad declaring that Westwood, Warfield and Conrad fraudulently induced NCM to sign the Quantum form letter and, in the event NCM is found liable to plaintiff Quantum on the claims in the Amended Complaint, for entry of judgment on the Crossclaim and Third-Party Complaint against Westwood, Warfield and Conrad, jointly and severally, in an amount equal to any loss, liability or expense that may be imposed upon NCM on account of plaintiff's claims against NCM, together with reasonable attorneys' fees, costs of suit, disbursements, and such other and further relief as this Court deems just and proper.

Dated: Newark, New Jersey
February 29, 2008

Respectfully Submitted,
McCARTER & ENGLISH, LLP

By: ________________________
Marisa J. Steel (MS-7481)
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
973-622-4444 (tel.)
973-624-7070 (fax)
Attorneys for Defendant/Third-Party Plaintiff National City Mortgage, a division of National City Bank

Of counsel:
Thomas F. Doherty, Esq.
(*pro hac vice* motion to be filed)
McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
973-622-4444 (tel.)
973-624-7070 (fax)

**CERTIFICATE OF SERVICE**

I, Marisa J. Steel, an attorney duly admitted to practice law before this Court, hereby certify that on this date I caused a true copy of this Answer to Amended Complaint, Separate Defenses, Crossclaim and Third-Party Complaint of National City Mortgage to be filed electronically and sent to the following counsel of record for plaintiff via fax and regular mail addressed as follows: Bernard Kobroff, Esq., Goetz Fitzpatrick LLP, One Penn Plaza, 44th Floor, New York, New York 10119 (fax no. 212-629-4013).

I further certify that I caused a true copy of this Answer, Separate Defenses, Crossclaim and Third-Party Complaint to be served upon co-defendants Westwood Design/Build Incorporated, David Warfield, and Penn Lyon Homes Corporation and Third-Party Defendant Michael Conrad via overnight mail at the following addresses:

Westwood Design/Build Incorporated
12109 Gordon Avenue
Beltsville, Maryland 20705

David R. Warfield
715 East Maple Road
Linthicum Heights, Maryland 21090

Penny Lyon Homes Corporation
195 Airport Road
Selinsgrove, Pennsylvania 17870

Mr. Michael Conrad
12109 Gordon Avenue
Beltsville, Maryland 20705

Dated: Newark, New Jersey
February 29, 2008

Marisa J. Steel



ME1 7160343v.1

AO 441 (Rev. 8/01) Third Party Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Southern District of New York

PLAINTIFF
QUANTUM CORPORATE FUNDING, LTD.

V. DEFENDANT AND THIRD PARTY PLAINTIFF

WESTWOOD DESIGN/BUILD INCORPORATED, DAVID R. WARFIELD, PENN LYON HOMES CORPORATION, defendants, and NATIONAL CITY MORTGAGE (incorrectly pleaded as "NATIONAL CITY MORTGAGE INC."), defendant/third-party plaintiff,

V. THIRD PARTY DEFENDANT

MICHAEL CONRAD a/k/a MICHAEL CONRAD BROWN.

## THIRD PARTY SUMMONS IN A CIVIL ACTION

Case Number: 08 CV 00539 (LAK) (HP)

To: Name and address of Third Party Defendant

Michael Conrad
a/k/a Michael Conrad Brown
12109 Gordan Avenue
Beltsville, Maryland 20705

**YOU ARE HEREBY SUMMONED** and required to serve on

PLAINTIFF'S ATTORNEY (name and address)

Bernard Kobroff, Esq.
Goetz Fitzpatrick LLP
One Penn Plaza, 44th Floor
New York, NY 10119

DEFENDANT AND THIRD-PARTY PLAINTIFF'S ATTORNEY (name and address)

Marisa J. Steel, Esq.
McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
Attorneys for Defendant/Third-Party Plaintiff
National City Mortgage

an answer to the third-party complaint which is served on you with this summons, within 20 days after the service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default may be taken against you for the relief demanded in the third-party complaint. There is also served on you with this summons a copy of the complaint of the plaintiff. You have the option of answering or not answering the plaintiff's complaint, *unless* (1) this is a case within Rule 9(h) Federal Rules of Civil Procedure, *and* (2) the third-party plaintiff is demanding judgment against you in favor of the original plaintiff under the circumstances described in Rule 14(c) Federal Rules of Civil Procedure, in which situation you are required to make your defenses, if any, to the claim of plaintiff as well as to the claim of the third-party plaintiff. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

CLERK

DATE

(By) DEPUTY CLERK

AO 441 (Rev. 8/01) Third Party Summons in a Civil Action

## RETURN OF SERVICE

| Service of the Summons and complaint was made by me[1] | DATE |
|---|---|
| NAME OF SERVER | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the third-party defendant. Place where served:

☐ Left copies thereof at the third-party defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on ______________________ ______________________________
Date *Signature of Server*

______________________________
*Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.