UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

QUANTUM CORPORATE FUNDING, LTD

           Plaintiff,

-against-

WESTWOOD DESIGN/BUILD INCORPORATED, DAVID R. WARFIELD, NATIONAL CITY MORTGAGE, INC. and PENN LYON HOMES CORPORATION

           Defendants.

Docket No. 08 CV 00539(LAK) (HP)
**ANSWER TO COMPLAINT**

Defendant Penn Lyon Homes Corporation ("Penn Lyon"), by and through its attorneys, Bonner Kiernan Trebach & Crociata, LLP as and for its Verified Answer to Plaintiff's Corrected Amended Complaint, sets forth upon information and belief as follows:

### RESPONSE TO THE PARTIES

1. Defendant Penn Lyon denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 1-4 of the Corrected Amended Complaint.

2. Defendant Penn Lyon admits the allegations contained in paragraph 5 of the Corrected Amended Complaint.

### RESPONSE TO JURISDICTION/VENUE

3. Defendant Penn Lyon denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 6-7 of the Corrected Amended Complaint.

### RESPONSE TO FIRST CAUSE OF ACTION AGAINST NATIONAL

4. Defendant Penn Lyon denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 8-14 of the Corrected Amended Complaint.

### RESPONSE TO SECOND CAUSE OF ACTION AGAINST NATIONAL

5. Defendant Penn Lyon repeats and realleges its responses to each and every allegation set forth in paragraphs 1 through 14 of this Complaint with the same force and effect as if fully set forth at length herein.

6. Defendant Penn Lyon denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 16-20 of the Corrected Amended Complaint.

### RESPONSE TO FIRST CAUSE OF ACTION AGAINST WESTWOOD

7. Defendant Penn Lyon repeats and realleges its responses to each and every allegation set forth in paragraphs 1 through 20 of this Complaint with the same force and effect as if fully set forth at length herein.

8. Defendant Penn Lyon denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 22-28 of the Corrected Amended Complaint.

### RESPONSE TO FIRST CAUSE OF ACTION AGAINST WARFIELD

9. Defendant Penn Lyon repeats and realleges its responses to each and every allegation set forth in paragraphs 1 through 28 of this Complaint with the same force and effect as if fully set forth at length herein.

10. Defendant Penn Lyon denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 30-35 of the Corrected Amended Complaint.

### RESPONSE TO SECOND CAUSE OF ACTION AGAINST WARFIELD

11. Defendant Penn Lyon Penn repeats and realleges its responses to each and every allegation set forth in paragraphs 1 through 35 of this Complaint with the same force and effect as if fully set forth at length herein.

12. Defendant Penn Lyon denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 37-44 of the Corrected Amended Complaint.

### RESPONSE TO THIRD CAUSE OF ACTION AGAINST WARFIELD

13. Defendant Penn Lyon repeats and realleges its responses to each and every allegation set forth in paragraphs 1 through 44 of this Complaint with the same force and effect as if fully set forth at length herein.

14. Defendant Penn Lyon denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 46 of the Corrected Amended Complaint.

### RESPONSE TO FIRST CAUSE OF ACTION AGAINST PENN

15. Defendant Penn Lyon repeats and realleges its responses to each and every allegation set forth in paragraphs 1 through 46 of this Complaint with the same force and effect as if fully set forth at length herein.

16. Defendant Penn Lyon denies the allegations contained in paragraphs 48-52 of the Corrected Amended Complaint.

## RESPONSE TO SECOND CAUSE OF ACTION AGAINST PENN

17. Defendant Penn Lyon repeats and realleges its responses to each and every allegation set forth in paragraphs 1 through 52 of this Complaint with the same force and effect as if fully set forth at length herein.

18. Defendant Penn Lyon denies the allegations contained in paragraph 54 of the Corrected Amended Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSES

19. Recovery is barred in this action by the failure of the Complaint to state claim upon which relief can be granted against Defendant Penn Lyon.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSES

20. Plaintiff has no privity of contract with Defendant Penn Lyon.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

21. Plaintiff has not sustained any damage by virtue of any act or omission of Defendant Penn Lyon or any of its agents or employees.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

22. Plaintiff has failed to mitigate damages reasonably as a matter of law.

## AS AND FOR AN FIFTH AFFIRMATIVE DEFENSE

23. Any damage sustained by the Plaintiff which was not caused by the culpable conduct of Plaintiff was caused by the culpable conduct of persons and entities over which Defendant Penn Lyon had no control.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

24. Pursuant to the provisions of Article 16 of CPLR, should Defendant Penn Lyon be found liable to Plaintiff for damages, such liability being fifty percent or less of

the total liability assigned to all persons liable, the liability of Defendant Penn Lyon for non-economic loss shall not exceed its equitable share determined in accordance with the relative culpability of all persons liable.

### AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE

25. In the event that the Plaintiff has settled or should in the future settle any portion of their claim arising from the allegations contained in the Plaintiff's Complaint with any currently named or to be named Defendants, the respective rights of the remaining parties should be determined pursuant to Section 15-108 of the General Obligations Law.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

26. Any funds obtained by Defendant Penn Lyon were received as part of a bona fide good faith transaction.

### AS AND FOR AN NINTH AFFIRMATIVE DEFENSE

27. Defendant Penn Lyon was authorized by co-defendant Westwood to assume ownership of the funds at issue in this litigation.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

28. Plaintiffs' claims are barred due to the insufficiency of service of process.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

29. Recovery is barred in this action as to this Defendant by reason of the applicable Statute of Limitations.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

30. Defendant Penn Lyon has not been unjustly enriched.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

31. Any recovery by Plaintiff is subject to the doctrine of set-off.

### AS AND FOR AN FOURTEENTH AFFIRMATIVE DEFENSE

32. The plaintiff lacks standing to bring these claims.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

33. These defendants adopt and incorporate by reference as if the same were set forth at length herein, all other affirmative defenses which have been or will be asserted by any other parties in this action, except those which may contain allegations of liability against these defendants, to the extent that such defenses are applicable to these defendants.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

34. This party reserves the right to supplement these affirmative defenses up to an including time of trial.

### AS AND FOR A FIRST CROSS-CLAIM AGAINST CO-DEFENDANTS WESTWOOD, NATIONAL AND WARFIELD, DEFENDANT PENN ALLEGES AS FOLLOWS:

35. That if the Plaintiff sustained the injuries and damages in the manner and at the time and place alleged in the complaint, all of which are specifically denied, such damages were sustained by reason of the acts, conduct, negligence, misfeasance or nonfeasance of co-defendants Westwood, National and Warfield, their agents, servants and/or employees, and not by defendant Penn Lyon, and if it is found that defendant Penn Lyon is liable to Plaintiff herein, all of which is specifically denied, then defendant Penn Lyon, on the basis of apportionment of responsibility, is entitled to contribution from co-defendants Westwood, National and Warfield to pay for all or part of any verdict or judgment that Plaintiff may recover against Defendant Penn Lyon proportionate to the co-

defendants' actual liability, together with attorneys' fees and the costs and disbursements of this action.

### AS AND FOR A SECOND CROSS-CLAIM AGAINST CO-DEFENDANTS WESTWOOD, NATIONAL AND WARFIELD, DEFENDANT PENN LYON ALLEGES AS FOLLOWS:

36. That if the Plaintiff sustained the injuries and damages in the manner and at the time and place alleged in the Complaint, and if it is found that Defendant Penn Lyon is liable to Plaintiff herein, all of which is specifically denied, then Defendant Penn Lyon, on the basis of common-law indemnification, is entitled to recovery from the co-defendants, Westwood, National and Warfield to pay for all or part of any verdict or judgment that Plaintiff may recover against Defendant Penn, together with attorneys fees and the costs and disbursements of this action.

### AS AND FOR A THIRD CROSS-CLAIM AGAINST CO-DEFENDANTS WESTWOOD AND WARFIELD, DEFENDANT PENN ALLEGES AS FOLLOWS:

37. Assuming, arguendo, that plaintiff establishes that the funds it sent to Penn Lyon were intended as payment for the "Pollydore Project" Penn Lyon is not liable to plaintiff and should not be required to return the funds to plaintiff because it was fraudulently induced by Westwood and Warfield to accept the funds in payment for the "Harris Transaction."

38. Defendants Westwood and Warfield represented and warranted to Defendant Penn Lyon that it would be receiving a sum of $112,168.12 in connection with a transaction between and among Penn Lyon and Westwood for the production and manufacture of modular custom-built home units to be delivered to 14101 Old Stage Road, Bowie, Maryland owned by Samuel J. Harris. (the "Harris Transaction").

39. Penn Lyon has never entered into any contracts or transactions with Westwood or Warfield for the production and manufacture of modular custom-built home units to be delivered to 6117 Elm Street, Lanham, Maryland on property owned by Mr. and Mrs. Eustace Pollydore (the "Pollydore Project").

40. Prior to December 24, 2007, Westwood informed Penn Lyon that it would soon be sending a wire transfer payment to Penn Lyon to be applied to the Harris Transaction.

41. On or about December 24, 2007, Penn Lyon received a wire transfer in the amount of $112,168.12 as promised by Westwood.

42. On or about December 26, 2007, Westwood contacted Penn Lyon to confirm that its wire transfer in the amount of $112,168.12 for the Harris Transaction was received and appropriately applied to reduce the balance due on that transaction

43. In accordance with Westwood and Warfield's representations and warranties, Penn Lyon applied the funds it received on December 26, 2007 to the Harris Transaction.

44. Westwood and Warfield's false representations were material to Penn Lyon's acceptance of the funds and application of the funds to the Harris Transaction for which Penn Lyon had already provided modular custom-built home units.

45. Westwood and Warfield's false representations to Penn were made with the knowledge that Penn Lyon would rely on it, which it did to Plaintiff Quantum and Penn Lyon's detriment, and as a result thereof, Quantum and Penn Lyon have been damaged.

WHEREFORE, Defendant PENN LYON demands judgment dismissing Plaintiff's Complaint and all Cross-Claims and/or other claims which may be deemed to exist against this Defendant and further demand judgment over and against Plaintiff for the amount of any judgment obtained against this Defendant by Plaintiff, or on the basis of apportionment of responsibility, and further demands that in the event that PENN LYON is found liable to Plaintiff herein, then PENN LYON, on the basis of apportionment of responsibility and indemnity as well as common law fraud/fraudulent inducement, has judgment over and against co-defendants WESTWOOD, WARFIELD AND NATIONAL for all or part of any verdict or judgment that Plaintiff may recover against said answering Defendant, in such amounts as a jury or the Court may direct, together with attorneys' fees and the costs and disbursements of this action. PENN LYON also seeks punitive damages against defendants WESTWOOD AND WARFIELD in connection with its cross-claim for fraudulent inducement.

Dated: New York, New York
April 10, 2008

Yours etc.,

By: _____
Scott H. Goldstein, Esq.
BONNER KIERNAN TREBACH
& CROCIATA, LLP
Attorneys for Defendant,
Penn Lyon Homes Corporation
State Building, Suite 3304
New York, New York 10118
(212) 268-7535

TO: Bernard Kobroff, Esq.
Goetz Fitzpatrick, LLP
Attorneys for Plaintiff
One Penn Plaza
Suite 4401
New York, New York 10119