UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

QUANTUM CORPORATE FUNDING, LTD.,

       Plaintiff,

   vs.

WESTWOOD DESIGN/BUILD INCORPORATED,
DAVID R. WARFIELD, NATIONAL CITY
MORTGAGE INC., and PENN LYON HOMES
CORPORATION,

       Defendants.
-----------------------------------------------------------------

NATIONAL CITY MORTGAGE,

      Third-Party Plaintiff,

   vs.

MICHAEL CONRAD, a/k/a MICHAEL CONRAD
BROWN,

      Third-Party Defendant.
-----------------------------------------------------------------X

Civil Action No. 08-cv-0539
(LAK) (HBP)

**REQUEST TO ENTER
DEFAULT OF CROSS-CLAIM
DEFENDANTS WESTWOOD
DESIGN/BUILD INC. AND
DAVID R. WARFIELD, AND
THIRD-PARTY DEFENDANT
MICHAEL CONRAD, A/K/A
MICHAEL CONRAD BROWN
(Fed. R. Civ. P. 55(a))**

## TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK:

  Defendant/cross-claimant/third-party plaintiff National City Mortgage, a division of

National City Bank (incorrectly pleaded as "National City Mortgage Inc.") (hereinafter,

"NCM"), by its attorneys, McCarter & English, LLP, requests that the Clerk of this Court enter

the default of cross-claim defendant Westwood Design/Build Inc. ("Westwood"), cross-claim

defendant David R. Warfield ("Warfield"), and third-party defendant Michael Conrad, a/k/a

Michael Conrad Brown (hereinafter, "Conrad") for their failure to plead or otherwise defend in a

timely manner as provided for by Rule 55(a) of the Federal Rules of Civil Procedure.

  This request is based on the attached Declaration of Thomas F. Doherty, Esq. which

shows:

1.      That third-party defendant Conrad was personally served with (a) the Third-Party Summons, (b) the Answer, Separate Defenses, Cross-Claim and Third-Party Complaint on behalf of National City Mortgage (hereinafter, "Cross-Claim and Third-Party Complaint"), and (c) the Corrected Amended Complaint on April 26, 2008.

2.      That the proof of service of the aforesaid was filed with this Court via the Court's electronic case filing system on May 6, 2008 and establishes that service was proper pursuant to Rule 4 of the Federal Rules of Civil Procedure.  A true and correct copy of the Affidavit of Service is attached to the accompanying Declaration of Thomas Doherty, Esq. as Exhibit A.

3.      That cross-claim defendants Westwood and Warfield were served with NCM's Cross-Claim and Third-Party Complaint on February 29, 2008 via Federal Express overnight delivery (both Westwood and Warfield having previously been personally served with a Summons and Complaint by plaintiff Quantum Corporate Funding Ltd., as shown in plaintiff's Request to Enter Defaults of Westwood and Warfield filed on May 14, 2008).  Proof of service was filed with this Court via the electronic case filing system on February 29, 2008.  A true and correct copy of the Certificate of Service are attached to the accompanying Declaration of Thomas Doherty, Esq. as Exhibit B.

4.      That cross-claim defendants Westwood and Warfield, and third-party defendant Conrad have failed to plead or otherwise response to the Cross-Claim and Third-Party Complaint.

5.      That the applicable time limit for responding to the Cross-Claim and Third-Party Complaint has expired.

6.      That cross-claim defendants Westwood and Warfield, and third-party defendant Conrad are not infants or incompetent persons or in the military service.

2

Dated: Newark, New Jersey
      May 22, 2008

                        Respectfully Submitted,

                        McCARTER & ENGLISH, LLP

By: _____
                        Thomas F. Doherty, Esq. (TD4032)
                        Four Gateway Center
                        100 Mulberry Street
                        Newark, New Jersey 07102
                        973-622-4444 (tel.)
                        973-624-7070 (fax)
                        Attorneys for Defendant/Third-Party
                        Plaintiff National City Mortgage, a division
                        of National City Bank

MEI 7393257v.2

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X

QUANTUM CORPORATE FUNDING, LTD.,

                        Plaintiff,

        vs.

WESTWOOD DESIGN/BUILD INCORPORATED,
DAVID R. WARFIELD, NATIONAL CITY
MORTGAGE INC., and PENN LYON HOMES
CORPORATION,

                        Defendants.
--------------------------------------------------------------------

NATIONAL CITY MORTGAGE,

                Third-Party Plaintiff,

        vs.

MICHAEL CONRAD, a/k/a MICHAEL CONRAD
BROWN,

                Third-Party Defendant.
--------------------------------------------------------------------X

Civil Action No. 08-cv-0539
(LAK) (HBP)


**DECLARATION OF THOMAS
F. DOHERTY, ESQ.**


      THOMAS F. DOHERTY, ESQ. declares pursuant to 28 U.S.C. § 1746 and under the

penalty of perjury of the laws of the United States of America that the following is true and

correct:

      1.     I am a partner with the law firm of McCarter & English, LLP, counsel for

Defendant/Cross-Claimant/Third-Party Plaintiff National City Mortgage ("NCM") in the above-

captioned action. I make this statement based on my personal knowledge of the facts set forth

herein and in support of NCM's request to enter the default of cross-claim defendant Westwood

Design/Build Inc. ("Westwood"), cross-claim defendant David R. Warfield ("Warfield") and

third-party defendant Michael Conrad, a/k/a Michael Conrad Brown (hereinafter, "Conrad")

pursuant to Federal Rule of Civil Procedure 55(a) and Local Civil Rule 55.1, and in support of

NCM's request for default judgment on liability against Westwood, Warfield and Conrad

pursuant to Federal Rule of Civil Procedure 55(a) and Local Civil Rule 55.2.[1]

2.     On February 29, 2008, NCM filed its Answer to plaintiff's Complaint

accompanied by a Crossclaim and Third-Party Complaint against Westwood, Warfield and

Conrad. A true and correct copy of NCM's Answer, Crossclaim and Third-Party Complaint is

attached hereto as Exhibit A. The essential facts supporting NCM's Crossclaim against

Westwood and Warfield and Third-Party Complaint against Conrad are set forth in the Affidavit

of Christopher Washburn.

3.     On April 26, 2008, William Malone, a process server with Priority Process in

Rockville, Maryland, properly served the (a) Third-Party Summons, (b) Answer, Separate

Defenses, Cross-Claim and Third-Party Complaint on behalf of National City Mortgage

(hereinafter, "Cross-Claim and Third-Party Complaint"), and (c) Corrected Amended Complaint

personally on third-party defendant Conrad, under the provisions of Rule 4 of the Federal Rules

of Civil Procedure and certified that fact to this Court in an Affidavit of Service dated April 28,

2008, which was duly filed with this Court via the Court's electronic case filing system on May

6, 2008. A true and correct copy of this Affidavit of Service is attached hereto as Exhibit B.

4.     On February 29, 2008, the Cross-Claim and Third-Party Complaint were served

upon Westwood and Warfield via Federal Express. Marisa J. Steel certified that fact to this

Court in a Certificate of Service filed via the electronic case filing system on February 29, 2008.

---

[1] Although I recognize that the usual procedure under Local Civil Rules 55.1 and 55.2 is for the clerk's certificate of default to be attached to the application for a judgment by default, NCM's request for entry of default and for a judgment by default is being made simultaneously in an effort to comply with my understanding of instructions from the Hon. Lewis A. Kaplan, U.S.D.J., at a May 9, 2008, conference to submit default papers against the defaulting parties within two weeks of the date of that conference.

A true and correct copy of the Certificate of Service is attached hereto as Exhibit C. Westwood and Warfield had previously been personally served with plaintiff's Summons and Complaint, as shown by the proofs of service annexed to the Request to Enter Default filed by plaintiff on May 14, 2008.

5.      Under Rule 12(a) of the Federal Rules of Civil Procedure, the time limit for cross-claim defendants Westwood and Warfield and third-party defendant Conrad to respond to NCM's Cross-Claim and Third-Party Complaint has now expired, and the time to respond has not been extended by any stipulation of the parties or any order of the Court.

6.      Cross-claim defendant Warfield is not an infant or incompetent person within the meaning of the Federal Rules of Civil Procedure, or in the military service within the meaning of the Soldiers' and Sailors' Civil Relief Act. A copy of a Certificate obtained from the Department of Defense Manpower Data Center's Servicemembers Civil Relief Act website certifying that David Warfield is not on active duty in the military is attached hereto as Exhibit D.

7.      Cross-claim defendant Westwood, a corporate entity, is not an infant or incompetent person within the meaning of the Federal Rules of Civil Procedure, or in the military service within the meaning of the Soldiers' and Sailors' Civil Relief Act because Westwood is an entity.

8.      Third-party defendant Conrad is not an infant or incompetent person within the meaning of the Federal Rules of Civil Procedure, nor, upon information and belief, is he in the military service within the meaning of the Soldiers' and Sailors' Civil Relief Act. This belief is based on information that Conrad is approximately 41 years of age and that he was personally located and served with the Third-Party Summons, Third-Party Complaint and Corrected Amended Complaint at his residence in Beltsville, Maryland on April 26, 2008. Because I do

3

not know Conrad's social security number and because the names "Michael Conrad" and

"Michael Conrad Brown" are rather common names, I was unable to obtain a Certificate from

the Department of Defense Manpower Data Center's Servicemembers Civil Relief Act website

definitively certifying that Conrad is not on active duty in the military.

_____
Thomas F. Doherty

Dated: May 22, 2008

MEI 7393304v.2

**EXHIBIT A**

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

QUANTUM CORPORATE FUNDING, LTD.,

                          Plaintiff,

        vs.

WESTWOOD DESIGN/BUILD INCORPORATED,
DAVID R. WARFIELD, NATIONAL CITY
MORTGAGE INC., and PENN LYON HOMES
CORPORATION,

                          Defendants.

-------------------------------------------------------------------

NATIONAL CITY MORTGAGE,

               Third-Party Plaintiff,

        vs.

MICHAEL CONRAD, a/k/a MICHAEL CONRAD
BROWN,

               Third-Party Defendant.

-------------------------------------------------------------------X

Civil Action No. 08-cv-0539
(LAK) (HBP)

**ANSWER, SEPARATE
DEFENSES, CROSS-CLAIM
AND THIRD-PARTY
COMPLAINT ON BEHALF OF
DEFENDANT NATIONAL
CITY MORTGAGE**

       Defendant National City Mortgage, a division of National City Bank (incorrectly pleaded

as "National City Mortgage Inc.") (hereinafter, "NCM"), by its attorneys, McCarter & English,

LLP, by way of Answer to the Amended Complaint of plaintiff Quantum Corporate Funding,

Ltd. (hereinafter "Quantum"), states as follows:

### AS TO "THE PARTIES"

       1.     NCM is without knowledge or information sufficient to form a belief as to the

allegations contained in paragraph 1 of the Amended Complaint.

       2.     NCM, upon information and belief, admits the allegations contained in paragraph

2 of the Amended Complaint.

3.      NCM, upon information and belief, admits the allegations contained in paragraph 3 of the Amended Complaint.

4.      In response to paragraph 4, NCM admits that it maintains its principal place of business at 3232 Newmark Drive, Miamisburg, Ohio 45342, denies that it is a corporation organized and existing under the laws of the State of Ohio, and avers that it is a division of National City Bank, a national banking association.

5.      NCM is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 5 of the Amended Complaint.

### AS TO "JURISDICTION AND VENUE"

6.      NCM is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 6 of the Amended Complaint.

7.      NCM denies the allegations of paragraph 7 of the Amended Complaint.

### AS TO "FIRST CAUSE OF ACTION AGAINST NATIONAL FOR BREACH OF CONTRACT"

8.      In response to the allegations of paragraph 8 of the Amended Complaint, NCM admits that Mr. and Mrs. Eustace Pollydore, as owners, entered into a contract with defendant Westwood, as contractor, pursuant to which Westwood contracted to construct a new home at 6117 Elm Street, Lanham, Maryland, for the Pollydores, and admits that NCM is identified in that contract as the "Construction Lender," but NCM denies that that it was a party to the Westwood-Pollydore contract.

9.      NCM denies the allegations of paragraph 9 of the Amended Complaint.

10.     In response to the allegations of paragraph 10 of the Amended Complaint, NCM is without knowledge or information sufficient to form a belief as to what defendant Westwood

2

may have purported to assign to plaintiff Quantum, but NCM denies owing monies to Westwood or Quantum for the amount indicated on an invoice purportedly issued to NCM.

11.    Except to admit that Quantum sent NCM correspondence purporting to advise that Westwood had assigned to Quantum payment on an alleged invoice, NCM denies the allegations of paragraph 11 of the Amended Complaint.

12.    In response to the allegations of paragraph 12 of the Amended Complaint, NCM is without knowledge or information sufficient to form a belief as to the allegations concerning what Westwood may have assigned to Quantum, but NCM denies owing the sum of $347,000 to Westwood or Quantum.

13.    NCM denies the allegations of paragraph 13 of the Amended Complaint.

14.    Except to admit that NCM has refused to pay Quantum an amount set forth on a purported invoice from Westwood, NCM denies the allegations of paragraph 14 of the Amended Complaint.

### AS TO "SECOND CAUSE OF ACTION AGAINST NATIONAL FOR BREACH OF CONTRACT"

15.    NCM repeats its answers to each and every allegation contained in paragraphs 1 through 14 of the Amended Complaint as if fully set forth herein.

16.    Except to admit that a local branch manager acceded to the request of Quantum and Westwood that he sign certain correspondence from Quantum dated December 18, 2007 based on discussions with and representations by Quantum and Westwood, NCM denies the allegations of paragraph 16 of the Amended Complaint.

17.    In response to paragraph 17 of the Amended Complaint, NCM is without knowledge or information sufficient to form a belief as to whether Quantum relied upon what it

3

ME1 7160343v.1

refers to as an "estoppel certificate" and avers that any such alleged reliance by Quantum was not reasonable under the circumstances.

    18.    NCM denies the allegations of paragraph 18 of the Amended Complaint.

    19.    NCM denies the allegations of paragraph 19 of the Amended Complaint.

    20.    Except to admit that NCM has refused to pay Quantum the sum of $347,000, NCM denies the allegations of paragraph 20 of the Amended Complaint.

### AS TO "FIRST CAUSE OF ACTION AGAINST WESTWOOD FOR BREACH OF CONTRACT"

    21.    NCM repeats its answers to each and every allegation contained in paragraphs 1 through 20 of the Amended Complaint as if fully set forth herein.

    22.    NCM is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 22 of the Amended Complaint.

    23.    NCM is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 23 of the Amended Complaint.

    24.    NCM is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 24 of the Amended Complaint.

    25.    NCM admits the allegations of paragraph 25 of the Amended Complaint.

    26.    NCM is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 26 of the Amended Complaint.

    27.    NCM is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 27 of the Amended Complaint.

    28.    NCM is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 28 of the Amended Complaint.

### AS TO "FIRST CAUSE OF ACTION AGAINST WARFIELD FOR BREACH OF CONTRACT"

4

29.    NCM repeats its answers to each and every allegation contained in paragraphs 1 through 28 of the Amended Complaint as if fully set forth herein.

30.    NCM is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 30 of the Amended Complaint.

31.    NCM is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 31 of the Amended Complaint.

32.    NCM is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 32 of the Amended Complaint.

33.    NCM is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 33 of the Amended Complaint.

34.    NCM is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 34 of the Amended Complaint.

35.    NCM is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 35 of the Amended Complaint.

## AS TO "SECOND CAUSE OF ACTION AGAINST WESTWOOD AND WARFIELD FOR FRAUD"

36.    NCM repeats its answers to each and every allegation contained in paragraphs 1 through 36 of the Amended Complaint as if fully set forth herein.

37.    NCM admits, upon information and belief, the allegations of paragraph 37 of the Amended Complaint.

38.    NCM is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 38 of the Amended Complaint.

39.    NCM admits, upon information and belief, the allegations of paragraph 39 of the Amended Complaint.

5

40.    NCM is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 40 of the Amended Complaint.

41.    NCM is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 41 of the Amended Complaint.

42.    NCM is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 42 of the Amended Complaint.

43.    Except to admit that NCM did not in December of 2007 and does not now owe $347,000 to Westwood, NCM is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 43 of the Amended Complaint.

44.    NCM is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 44 of the Amended Complaint.

### AS TO "THIRD CAUSE OF ACTION AGAINST WESTWOOD AND WARFIELD FOR CONVERSION"

45.    NCM repeats its answers to each and every allegation contained in paragraphs 1 through 44 of the Amended Complaint as if fully set forth herein.

46.    NCM is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 46 of the Amended Complaint.

### AS TO "FIRST CAUSE OF ACTION AGAINST PENN FOR CONVERSION"

47.    NCM repeats its answers to each and every allegation contained in paragraphs 1 through 46 of the Amended Complaint as if fully set forth herein.

48.    NCM is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 48 of the Amended Complaint.

49.    NCM admits, upon information and belief, the allegations of paragraph 49 of the Amended Complaint.

6

MEI 7160343v.1

50.    NCM is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 50 of the Amended Complaint.

51.    NCM is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 51 of the Amended Complaint.

52.    NCM is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 52 of the Amended Complaint.

## AS TO "SECOND CAUSE OF ACTION AGAINST PENN FOR UNJUST ENRICHMENT"

53.    NCM repeats its answers to each and every allegation contained in paragraphs 1 through 52 of the Amended Complaint as if fully set forth herein.

54.    NCM is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 54 of the Amended Complaint.

55.    NCM is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 55 of the Amended Complaint.

In response to the ad damnum and prayer for relief clauses, NCM denies that plaintiff is entitled to any of the relief requested therein, or to any other relief, insofar as such relief is sought from NCM.

7

## SEPARATE DEFENSES

Without assuming the burden of proof on any issue as to which the burden is on plaintiff under applicable law, defendant National City Mortgage, a division of National City Bank, asserts the following separate defenses:

### FIRST SEPARATE DEFENSE

The Amended Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

### SECOND SEPARATE DEFENSE

Venue in this district is improper and/or inconvenient and this action should be transferred to the District of Maryland.

### THIRD SEPARATE DEFENSE

Plaintiff has failed to mitigate damages, if any.

### FOURTH SEPARATE DEFENSE

Plaintiff is estopped and barred by its own conduct from requesting the relief set forth in the Amended Complaint.

### FIFTH SEPARATE DEFENSE

NCM breached no duty, contractual or otherwise, owed to plaintiff.

### SIXTH SEPARATE DEFENSE

Plaintiff's breach of contract claims against NCM fail due to failure of consideration.

### SEVENTH SEPARATE DEFENSE

NCM exercised ordinary care, and acted in good faith in accordance with the reasonable commercial standards applicable to its business, with respect to the issues set forth in the Amended Complaint.

MEI 7160343v.1

## EIGHTH SEPARATE DEFENSE

The relief sought in the Amended Complaint is barred by operation of the Uniform

Commercial Code.

## NINTH SEPARATE DEFENSE

Any assignment by Westwood to plaintiff was not taken by plaintiff in good faith and

without notice of NCM's borrowers' rights in the loan proceeds and of defects surrounding

Westwood's claim to any construction loan funds held by NCM for its borrowers.  In or about

November and December of 2007, NCM communicated with Quantum representatives and

explained, *inter alia,* how the construction loan draw disbursement process worked.  As a result,

before the so-called "estoppel certificate" was signed, Quantum was informed that NCM did not

owe Westwood any funds, that NCM merely holds its borrowers' loan proceeds subject to the

borrowers' directions on disbursements, and that the construction loan proceeds would not and

could not be released to Westwood unless or until a modular house was delivered and installed

by Westwood.

## TENTH SEPARATE DEFENSE

Plaintiff could not have reasonably relied upon the form letter it characterizes as an

"estoppel certificate" based on information known to plaintiff's representatives and/or

information that should have been apparent to plaintiff upon reasonable inquiry.

## ELEVENTH SEPARATE DEFENSE

NCM's local branch manager was fraudulently induced to sign the form letter that

plaintiff characterizes as an "estoppel certificate" and such document, assuming arguendo it is

otherwise enforceable, should be rescinded as the product of fraud and/or mistake.

9

## TWELFTH SEPARATE DEFENSE

Plaintiff's alleged damages were caused by plaintiff's own negligence and/or the unforeseeable acts of third persons or entities over whom NCM had no control and/or for whom this defendant bears no liability.

## THIRTEENTH SEPARATE DEFENSE

NCM hereby expressly reserves and does not waive the right to assert any and all defenses at such time and to such extent as discovery and factual developments establish a basis therefor.

**WHEREFORE**, defendant National City Mortgage, a division of National City Bank, demands judgment dismissing the Amended Complaint in its entirety with prejudice, awarding NCM its costs and attorneys' fees for the defense of this action, and awarding such further relief as the Court may deem just and equitable.

## CROSSCLAIM AND THIRD-PARTY COMPLAINT

Defendant/Cross-Claimant/Third-Party Plaintiff National City Mortgage, a division of National City Bank ("NCM"), by way of crossclaim against Defendants Westwood Design/Build Incorporated and David Warfield and by way of third-party complaint against Third-Party Defendant Michael Conrad, also known as Michael Conrad Brown, alleges as follows:

1.     Crossclaim defendant Westwood Design/Build Incorporated (hereinafter "Westwood") is, upon information and belief, a corporation organized and existing under the laws of the State of Maryland maintaining its principal place of business at 12109 Gordan Avenue, Beltsville, Maryland 20705.

2.     Crossclaim defendant David R. Warfield (hereinafter "Warfield") is, upon information and belief, a citizen of the State of Maryland residing at 715 East Maple Road, Linthicum Heights, Maryland 21090.

ME1 7160343v.1

3.     Third-party defendant Michael Conrad, also known as "Michael Conrad Brown" (hereinafter "Conrad"), is, upon information and belief, a citizen of the State of Maryland residing at 12109 Gordan Avenue, Beltsville, Maryland 20705.

4.     Warfield and Conrad are employees, agents and principals of Westwood.

5.     Upon information and belief, Warfield and Conrad conspired and agreed to make misrepresentations to NCM in order to induce its local branch manager in Greenbelt, Maryland, to sign certain paperwork requested by plaintiff Quantum Corporate Funding Ltd. (hereinafter "Quantum") so that Quantum would, in turn, lend or advance funds to Westwood that Westwood, Conrad and Warfield would not repay to Quantum.

6.     On or about January 31, 2007, NCM closed on a Construction/Permanent first mortgage loan with its borrowers, June and Eustace Pollydore, for property located at 6117 Elm Street, Lanham, Maryland 20706.  The Pollydores had previously entered into a contract with Westwood for the purchase of the Elm Street property and the purchase and installation of a modular home to be delivered to the Pollydores' property and set on the foundation at the site.

7.     Conrad, on behalf of Westwood, acknowledged in writing that the Pollydores' loan proceeds would be released incrementally in accordance with a draw schedule that was contingent upon increasing levels of completed work by Westwood.  Among other things, Conrad, on behalf of Westwood, further acknowledged that 70% of the Pollydores' loan proceeds would not be disbursed by NCM unless or until the modular home package was delivered to the site, removed from the truck, and placed on the grounds, and various other construction-related tasks were completed on the modular home.

8.     By December of 2007, almost a year after entering into a contract with the Pollydores, Westwood still had not delivered the modular home package to the Pollydores' Elm Street property.

11

9.    In or about mid-December of 2007, Conrad of Westwood contacted NCM's local branch manager in Greenbelt, Maryland, and represented to the branch manager that Westwood had the Pollydores' modular home sitting on his (Conrad's) lot in southern Maryland, that Westwood had already paid the modular home manufacturer for this home, and that the modular home would be delivered to the Elm Street site immediately after Westwood straightened out what it described as a paperwork problem with local permitting.

10.    Conrad further represented to the NCM branch manager that Westwood was facing a cash flow problem that was temporarily delaying it from securing the needed permit and transferring the modular home from Westwood's lot onto the Pollydores' Elm Street property.

11.    During the conversations that took place in or about mid-December of 2007, Conrad advised NCM's local branch manager that, as Westwood had previously done, Westwood would be borrowing money from Quantum that would enable it to immediately transfer and install the modular home onto the Pollydores' property. In connection with the money Westwood would be receiving from Quantum, Conrad assured NCM's branch manager that NCM would only be asked to sign a letter to Quantum as a mere formality indicating that a draw disbursement from the Pollydores' construction loan would be released after the modular home was delivered and set on the site by Westwood.

12.    In furtherance of the fraudulent scheme being implemented by Conrad, Warfield and Westwood, Warfield provided Quantum with a false and misleading invoice that incorrectly stated that NCM was currently indebted to Westwood even though Warfield, Westwood and Conrad knew NCM did not owe Westwood such funds and that no funds would be disbursed from the Pollydores' loan until the modular home was delivered and set on the grounds.

12

13.     In reliance upon Conrad's and Westwood's representations, NCM's local branch manager was fraudulently induced to sign a form letter faxed to him by Quantum on or about December 18, 2007.

14.     Upon information and belief, the representations made by Westwood's Conrad were false and misleading and were known to be so when they were made to NCM's local branch manager in order to fraudulently induce him to sign the Quantum form letter. Upon information and belief, Westwood did not and does not have possession of the modular home intended for the Pollydores, it has not obtained the requisite permit, and it has never delivered or installed the modular home on the Pollydores' site after the NCM local branch manager signed the Quantum form letter as an accommodation.

15.     Moreover, contrary to the representations by Westwood's Conrad (and contrary to NCM's branch manager's December 2007 discussions with Quantum representatives about the nature of the construction loan process), Quantum has filed suit against NCM, taking the position that the form letter signed by NCM's local branch manager constitutes a binding agreement and that NCM is now liable to Quantum based on that form letter even though NCM had no contractual obligation to Westwood and notwithstanding that Westwood has failed to fulfill the requirements for the release of draw disbursements from the Pollydores' construction loan proceeds held by NCM.

16.     Because the signature of NCM's local branch manager on the Quantum form letter was procured by fraudulent misrepresentations by Westwood, Conrad and Warfield, the so-called Quantum "estoppel certificate" should be invalidated and declared null and void.

17.     While NCM denies any and all legal liability and responsibility for the acts alleged in plaintiff Quantum's Amended Complaint, if NCM should be found liable to plaintiff here based on the Quantum form letter, which liability is denied, NCM seeks damages from

MEI 7160343v.1

Westwood, Conrad and Warfield, jointly and severally, for any loss, liability or expense (including attorneys' fees) on account of plaintiff's claims against NCM.

WHEREFORE, Cross-Claimaint/Third-Party Plaintiff National City Mortgage, a division of National City Bank, demands judgment against Westwood, Warfield and Conrad declaring that Westwood, Warfield and Conrad fraudulently induced NCM to sign the Quantum form letter and, in the event NCM is found liable to plaintiff Quantum on the claims in the Amended Complaint, for entry of judgment on the Crossclaim and Third-Party Complaint against Westwood, Warfield and Conrad, jointly and severally, in an amount equal to any loss, liability or expense that may be imposed upon NCM on account of plaintiff's claims against NCM, together with reasonable attorneys' fees, costs of suit, disbursements, and such other and further relief as this Court deems just and proper.

Dated: Newark, New Jersey
      February 29, 2008

Respectfully Submitted,

McCARTER & ENGLISH, LLP

By:_____
    Marisa J. Steel (MS-7481)
    Four Gateway Center
    100 Mulberry Street
    Newark, New Jersey 07102
    973-622-4444 (tel.)
    973-624-7070 (fax)
    Attorneys for Defendant/Third-Party
    Plaintiff National City Mortgage, a division
    of National City Bank

Of counsel:
    Thomas F. Doherty, Esq.
    (*pro hac vice* motion to be filed)
    McCARTER & ENGLISH, LLP
    Four Gateway Center
    100 Mulberry Street
    Newark, New Jersey 07102
    973-622-4444 (tel.)
    973-624-7070 (fax)

14

**EXHIBIT B**

## AFFIDAVIT OF SERVICE

**State of NEW YORK**          **County of SOUTHERN DISTRICT**          **United States District Court**

Index Number: 08 CV 00539 (LAK) (HP)
Date Filed: 2/29/2008

Plaintiff:
**QUANTUM CORPORATE FUNDING, LTD.**
vs.
Defendant:
**WESTWOOD DESIGN/BUILD, ET AL**

For:
MCCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ  07102

Received by PRIORITY PROCESS to be served on **MICHAEL CONRAD, A/K/A MICHAEL CONRAD BROWN, 12109 GORDAN AVENUE, BELTSVILLE, MD 20705.**

I, William Malone, being duly sworn, depose and say that on the **26th day of April, 2008** at **7:30 pm, I:**

**INDIVIDUALLY/PERSONALLY** served by delivering a true copy of the **THIRD PARTY SUMMONS, ANSWER, SEPARATE DEFENSES, CROSS-CLAIM AND THIRD-PARTY COMPLAINT ON BEHALF OF NATIONAL CITY MORTGAGE AND CORRECTED AMENDED COMPLAINT** with the date and hour of service endorsed thereon by me, to: **MICHAEL CONRAD, A/K/A MICHAEL CONRAD BROWN** at the address of: **12109 GORDAN AVENUE, BELTSVILLE, MD 20705,** and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served:  Age: 45,  Sex: M,  Race/Skin Color: Black,  Height: 5'10",  Weight: 190,  Hair: Black,  Glasses: N

Under penalty of perjury, I certify that the above made statements are true.  I am over the age of 18 and have no interest in the above action.

ERIN GODAIRE
Notary Public, State of Maryland
County of Montgomery
My Commission Expires January 1, 2010

**William Malone**
Process Server

Subscribed and sworn to before me on the 28th day of April, 2008 by the affiant who is personally known to me.

Notary Public

**PRIORITY PROCESS**
**P.O. Box 4189**
**Rockville, MD  20849-4189**
**(800) 420-8080**

Our Job Serial Number: 2008004479
Ref: 099330-00011-4809

Copyright © 1992-2006 Database Services, Inc. - Process Server's Toolbox V5.9s

AO 441 (Rev. 8/01) Third Party Summons in a Civil Action

# UNITED STATES DISTRICT COURT

| Southern | District of | New York |

PLAINTIFF

QUANTUM CORPORATE FUNDING, LTD.

**THIRD PARTY SUMMONS IN A CIVIL ACTION**

V. DEFENDANT AND THIRD PARTY PLAINTIFF

WESTWOOD DESIGN/BUILD INCORPORATED, DAVID R. WARFIELD, PENN LYON HOMES CORPORATION, defendants, and NATIONAL CITY MORTGAGE (incorrectly pleaded as "NATIONAL CITY MORTGAGE INC."), defendant/third-party plaintiff,

Case Number:   08 CV 00539 (LAK) (HP)

V. THIRD PARTY DEFENDANT

MICHAEL CONRAD a/k/a MICHAEL CONRAD BROWN.

TO: Name and address of Third Party Defendant

Michael Conrad
a/k/a Michael Conrad Brown
12109 Gordan Avenue
Beltsville, Maryland 20705

YOU ARE HEREBY SUMMONED and required to serve on

PLAINTIFF'S ATTORNEY (name and address)

Bernard Kobroff, Esq.
Goetz Fitzpatrick LLP
One Penn Plaza, 44th Floor
New York, NY 10119

DEFENDANT AND THIRD-PARTY PLAINTIFF'S ATTORNEY
(name and address)

Marisa J. Steel, Esq.
McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
Attorneys for Defendant/Third-Party Plaintiff
National City Mortgage

an answer to the third-party complaint which is served on you with this summons, within _____ 20 _____ days after the service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default may be taken against you for the relief demanded in the third-party complaint. There is also served on you with this summons a copy of the complaint of the plaintiff. You have the option of answering or not answering the plaintiff's complaint, *unless* (1) this is a case within Rule 9(h) Federal Rules of Civil Procedure, *and* (2) the third-party plaintiff is demanding judgment against you in favor of the original plaintiff under the circumstances described in Rule 14(c) Federal Rules of Civil Procedure, in which situation you are required to make your defenses, if any, to the claim of plaintiff as well as to the claim of the third-party plaintiff. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON                                    FEB 29 2008

CLERK                                                          DATE

(BY) DEPUTY CLERK

**EXHIBIT C**

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

QUANTUM CORPORATE FUNDING, LTD.,

                        Plaintiff,

          vs.

WESTWOOD DESIGN/BUILD INCORPORATED,
DAVID R. WARFIELD, NATIONAL CITY
MORTGAGE INC., and PENN LYON HOMES
CORPORATION,

                        Defendants.
-------------------------------------------------------------

NATIONAL CITY MORTGAGE,

                        Third-Party Plaintiff,

          vs.

MICHAEL CONRAD, a/k/a MICHAEL CONRAD
BROWN,

                        Third-Party Defendant.
-----------------------------------------------------------------X

Civil Action No. 08-cv-0539
(LAK) (HBP)


**CERTIFICATE OF SERVICE**

       I, Marisa Steel, an attorney duly admitted to practice law before this Court, hereby certify

as follows:

       1.      On the 29th of February, 2008, I caused a true and correct copy of the foregoing

Defendant National City Mortgage's Corporate Disclosure Statement Pursuant to Fed. R. Civ. P.

7.1 to be served upon the following counsel of record for Plaintiff via the Court's Electronic

Case Filing system, fax and regular mail:

       Bernard Kobroff, Esq.
       Goetz Fitzpatrick, LLP
       One Penn Plaza, 44th Floor
       New York, New York  10119
       Fax: (212) 629-4013

2.    On the 29th of February, 2008, I caused a true and correct copy of the foregoing Defendant National City Mortgage's Corporate Disclosure Statement Pursuant to Fed. R. Civ. P. 7.1 to be served upon co-defendants Westwood Design/Build Incorporated, David Warfield, and Penn Lyon Homes Corporation and Third-Party Defendant Michael Conrad via overnight mail at the following addresses:

> Westwood Design/Build Incorporated
> 12109 Gordon Avenue
> Beltsville, Maryland 20705
>
> David R. Warfield
> 715 East Maple Road
> Linthicum Heights, Maryland 21090
>
> Penny Lyon Homes Corporation
> 195 Airport Road
> Selinsgrove, Pennsylvania 17870
>
> Mr. Michael Conrad
> 12109 Gordon Avenue
> Beltsville, Maryland 20705

| Dated: February 29, 2008<br>         Newark, New Jersey | _/s/  Marisa J. Steel_<br>Marisa J. Steel (MS7481) |
| --- | --- |

**EXHIBIT D**

Department of Defense Manpower Data Center                    MAY-22-2008 07:31:04



Military Status Report
Pursuant to the Servicemembers Civil Relief Act

| ⮜ Last Name | First/Middle | Begin Date | Active Duty Status | Service/Agency |
|---|---|---|---|---|
| WARFIELD | David | | Based on the information you have furnished, the DMDC does not possess any information indicating that the individual is currently on active duty. | |

Upon searching the information data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the current status of the individual as to all branches of the Military. **HOWEVER, WITHOUT A SOCIAL SECURITY NUMBER, THE DEPARTMENT OF DEFENSE MANPOWER DATA CENTER CANNOT AUTHORITATIVELY ASSERT THAT THIS IS THE SAME INDIVIDUAL THAT YOUR QUERY REFERS TO. NAME AND DATE OF BIRTH ALONE DO NOT UNIQUELY IDENTIFY AN INDIVIDUAL.**

*Mary M. Snavely-Dixon*

---

Mary M. Snavely-Dixon, Director
Department of Defense - Manpower Data Center
1600 Wilson Blvd., Suite 400
Arlington, VA 22209-2593

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The Department of Defense strongly supports the enforcement of the Servicemembers Civil Relief Act [50 USCS Appx. §§ 501 et seq] (SCRA) (formerly the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual is on active duty, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's active duty status by contacting that person's Military Service via the "defenselink.mil" URL provided below. If you have evidence the person is on active-duty and you fail to obtain this additional Military Service verification, provisions of the SCRA may be invoked against you.

If you obtain further information about the person ( e.g., an SSN, improved accuracy of DOB, a middle name), you can submit your request again at this Web site and we will provide a new certificate for that query.

This response reflects current active duty status only. For historical information, please contact the Military Service SCRA points-of-contact.

See: http://www.defenselink.mil/faq/pis/PC09SLDR.html

*Report ID:***BOMBCDYAZDJ**

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
QUANTUM CORPORATE FUNDING, LTD.,

                              Plaintiff,

              vs.                                        Civil Action No. 08-cv-0539
                                                         (LAK) (HBP)
WESTWOOD DESIGN/BUILD INCORPORATED,
DAVID R. WARFIELD, NATIONAL CITY
MORTGAGE INC., and PENN LYON HOMES
CORPORATION,
                                                         **CERTIFICATE OF SERVICE**

                              Defendants.
---------------------------------------------------------------
NATIONAL CITY MORTGAGE,

                     Third-Party Plaintiff,

              vs.

MICHAEL CONRAD, a/k/a MICHAEL CONRAD
BROWN,

                     Third-Party Defendant.
-------------------------------------------------------------------X

        I, Marisa Steel, an attorney duly admitted to practice law before this Court, hereby certify

as follows:

        1.       On the 23rd of May, 2008, I caused a true and correct copy of (i) the Request to

Enter Default of Cross-Claim Defendants Westwood Design/Build Inc. and David R. Warfield,

and Third-Party Defendant Michael Conrad, a/k/a Michael Conrad Brown; (ii) the Declaration of

Thomas F. Doherty, Esq.; and (iii) this Certificate of Service to be served upon the following

counsel of record for plaintiff Quantum Corporate Funding, Ltd. and co-defendant Penn Lyon

Homes Corporation via the Court's Electronic Case Filing system and regular mail:

        Bernard Kobroff, Esq.
        Goetz Fitzpatrick, LLP

ME1 7403827v.1

One Penn Plaza, 44th Floor
New York, New York 10119
Attorneys for Plaintiff Quantum Corporate Funding, Ltd.

Scott H. Goldstein, Esq.
Bonner Kiernan Trebach & Crociata LLP
Empire State Building, Suite 3304
New York, New York 10118
Attorneys for Defendant Penn Lyon Homes Corporation

2.      On the 23rd of May, 2008, I caused a true and correct copy of (i) the Request to

Enter Default of Cross-Claim Defendants Westwood Design/Build Inc. and David R. Warfield,

and Third-Party Defendant Michael Conrad, a/k/a Michael Conrad Brown; (ii) the Declaration of

Thomas F. Doherty, Esq.; and (iii) this Certificate of Service to be served upon cross-claim

defendants Westwood Design/Build Incorporated and David R. Warfield, and third-party

Defendant Michael Conrad, a/k/a Michael Conrad Brown via overnight mail at the following

addresses:

Westwood Design/Build Incorporated
12109 Gordon Avenue
Beltsville, Maryland 20705

David R. Warfield
715 East Maple Road
Linthicum Heights, Maryland 21090

Mr. Michael Conrad
12109 Gordon Avenue
Beltsville, Maryland 20705

| | |
|---|---|
| Dated: May 23, 2008<br>        Newark, New Jersey | /s/ Marisa J. Steel<br>Marisa J. Steel (MS7481) |

MEI 7403827v.1