UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
QUANTUM CORPORATE FUNDING, LTD.,       Civil Action
                                       Docket No. 08 CV00539(LAK)(HBP)
                    Plaintiff,

       -against-

WESTWOOD DESIGN/BUILD
INCORPORATED, DAVID B. WARFIELD,
NATIONAL CITY MORTGAGE INC., and
PENN LYON HOMES CORPORATION,

                    Defendants.
------------------------------------------------------------X
NATIONAL CITY MORTGAGE,

                    Third-Party Plaintiff,

       -against-

MICHAEL CONRAD, a/k/a MICHAEL CONRAD
BROWN,

                    Third-Party Defendant.
------------------------------------------------------------X

### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF SUMMARY JUDGMENT AGAINST DEFENDANT PENN LYON HOMES CORPORATION

                                       GOETZ FITZPATRICK LLP
                                       Attorneys for Plaintiff
                                       Quantum Corporate Funding, Ltd.
                                       One Penn Plaza, 44th Floor
                                       New York, New York 10119
                                       (212) 695-8100

Bernard Kobroff, Esq.
Of Counsel

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted on behalf of plaintiff Quantum Corporate Funding, Ltd. ("Quantum") in support of its motion for summary judgment against defendant Penn Lyon Homes Corporation ("Penn") pursuant to Rule 56 of the Federal Rules of Civil Procedure. Upon the proofs submitted, there is no genuine triable issue of fact or any meritorious legal defense to preclude granting judgment to plaintiff Quantum against defendant Penn for conversion and unjust enrichment.

## STATEMENT OF FACT

The facts underlying Quantum's claims against defendant Penn are set forth in the Affidavit of Craig Sheinker, sworn to July 3, 2008, and in the Statement Pursuant to Local Rule 56.1, and are incorporated herein.

## ARGUMENT

The undisputed facts establish as a matter of law that defendant Penn has been unjustly enriched and/or has converted $112,168.28 belonging to plaintiff Quantum.

**Standard of Review:**

To obtain summary judgment, the movant must demonstrate that, under the undisputed material facts, movant is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S. Ct. 2505, 91 L. Ed. 202 (1986); Matsushita Elec. Indus. Co., v. Zenith Radio Corp., 475 U.S. 574, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). "The substantive law underlying a claim determines if a fact is material and only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Dervin Corp. v. Banco Bilbao

Vizcaya Argentina, 2004 WL 1933621 (S.D.N.Y. 2004) citing Anderson, 477 U.S. supra at 248.

**As Regards Unjust Enrichment:**

"In order to state a claim for unjust enrichment under New York laws[*] plaintiff must show that (1) defendant was enriched, (2) the enrichment was at plaintiff's expense and (3) the circumstances were such that equity and good conscience require defendant to made restitution." Weisberg v. Smith, 401 F. Supp. 2d 359, 362 (S.D.N.Y. 2005) citing Harger v. Price, 204 F. Supp. 2d 669, 710 (S.D.N.Y. 2002) quoting Violette v. Armonk Associates, L. C., 872 F. Supp. 1279, 1282 (S.D.N.Y. 1995).

Herein the undisputed facts evidence that: (1) defendant Penn was enriched-since it received $112,168.28 transferred into its account at Omega bank; (2) defendant Penn's enrichment was at plaintiff's Quantum's expense – since the wire transfer came from Quantum's account at Sterling National Bank; and (3) the circumstances are such that equity and good conscience require defendant Penn to make restitution – since Penn received the transfer from Quantum in payment for a modular residence that Penn had allegedly supplied to Mr. and Mrs. Pollydore when, in fact, Penn had not and never did supply any such residence.

The controlling legal principle was discussed in Manufactures Hanover v. Chemical Bank, 160 A.D.2d 113, 559 N.Y.S.2d 704, 707 (1st Dept 1990):

> "The principal that a party who pays money, under a mistake of fact, to one who is not entitled to it should, in equity and good conscience, be permitted to recover it back is longstanding and well recognized (Ball v. Shepard, 202 N.Y. 247, 253, 95 N.E. 719) and applies even if the mistake is due to the negligence of the payor (see, e.g., Manufacturers Trust Co. v. Diamond, 17 Misc.2d 909, 186 N.Y.S.2d 917 [App.Term, 1st Dep't]; Mutual Life Insurance Co. of New York v. William B. Kessler, Inc., 25 Misc.2d 242, 242-243, 202 N.Y.S.2d 92). The rule has its

3

> underpinnings in unjust enrichment (see, Miller v. Schloss, 218 N.Y. 400, 113 N.E. 337) and rests 'upon the equitable principle that a person shall not be allowed to enrich himself unjustly at the expense of another. * * * 'It is an obligation which the law creates, in the absence of any agreement, when and because the acts of the parties or others have placed in the possession of one person money * * * under such circumstances that in equity and good conscience he ought not to retain it * * *.' (Id. at 407, 113 N.E. 337.) Noting its equitable origins, the court in Byxbie v. Wood, 24 N.Y. 607 stated, 'Having money that rightfully belongs to another, creates a debt; and wherever a debt exists without an express promise to pay, the law implies a promise * * *.' (Id. at 610.)"

Accordingly, the law in New York is clear:

> "a party who has made a mistaken payment to another based upon a unilateral mistake of fact may recover the payment unless the payee has changed his position to his detriment in reliance upon the mistaken payment." Bank Saderat Iran v. Amin Beydoun, Inc., 555 F.Supp. 770, 774 (S.D.N.Y.1983).

Herein, it is undisputed that defendant Penn did not change its position to its detriment in reliance upon Quantum's mistaken payment, i.e. unlike in Bank Saderat, 555 F.Supp. supra at 774 or in Swiss Bank Corporation v. JLM International, 1995 WL 517183 (S.D.N.Y. 1995), no goods were shipped by the recipient of the mistaken payment in reliance thereon.

Rather, herein, as in Manufacturer Hanover (559 N.Y.S.2d supra at 712) the funds always remained in the recipient's hands and have been used by the recipient to reduce it customer's, the thief's, obligation to it arising from other transactions. However, the thief is not entitled to receive such credit to its account. CF. Schaffner v. Pierce, 75 Misc. 2d 21, 347 N.Y.S.2d 411, 414 (Dist. Ct. Nassau 1973) ("To take possession of personal property where the consent of the owner is induced by a fraudulent misrepresentation is a conversion").

4

Therefore, since Penn did not change its position to its detriment in reliance on Quantum's $112,168.28 mistaken payment to it, equity and good conscience requires that Penn make restitution.

Accordingly, the undisputed facts establish as a matter of law that defendant Penn has been unjustly enriched at plaintiff Quantum's expense in the amount of $112,168.28.

**As Regards Conversion:**

In <u>Republic of Haiti</u> v. <u>Duvalier</u>, 211 A.D.2d 379, 626 N.Y.S.2d 472, 475 (1st Dept. 1995), the Court stated:

> "The tort of conversion is established when one who owns and has a right to possession of personal property proves that the property is in the unauthorized possession of another who has acted to exclude the rights of the owner (<u>Payne</u> v. <u>White</u>, 101 A.D.2d 975, 976, 477 N.Y.S.2d 456; <u>Peters Griffin Woodward, Inc.</u> v. <u>WCSC, Inc.</u>, 88 A.D.2d 883, 452, N.Y.S.2d 599). Where the property is money, it must be specifically identifiable and be subject to an obligation to be returned or to be otherwise treated in a particular manner (<u>Manufacturers Hanover Trust Co.</u> v. <u>Chemical Bank</u>, 160 A.D.2d 113, 124-25, 559 N.Y.S.2d 704)."

In addition; (a) the "negligence of an owner facilitating a common-law larceny of tangible personal property is no defense to an action for conversion of the stolen goods against the vendee of the thief, even though he has bought in good faith from the thief" (<u>Harford Accident & Ind. Co.</u> v. <u>Walston Co.</u>, 21 N.Y.2d 219, 221, 287 N.Y.S.2d 58 (1967) reaffirmed on reargument, 22 N.Y.2d 672, 291N.Y.S.2d (1968)); and (b) "if possession of the property is originally lawful, a conversion occurs when the defendant refuses to return the property after a demand". <u>White</u> v. <u>City of Mount Vernon</u>, 221 A.D.2d 345, 633 N.Y.S.2d 369, 370 (2nd Dept. 1995).

In <u>Manufacturers Hanover</u>, 559 N.Y.S.2d <u>supra</u> at 712, the Court concluded that plaintiff's wire transfer of a specific sum satisfied the requirement that the money be

5

specifically identifiable. See also Payne v. White, 101 A.D.2d 975, 477 N.Y.S.2d 456, 458 (3d Dept. 1984) ("the funds in question were clearly identifiable as the proceeds of a specific named bank account"). Herein it is undisputed that the specific sum of $112,168.28, the amount which Quantum claims in its conversion cause of action, was wired from Quantum's account at Sterling National Bank to defendant Penn's account No. 40224230 at Omega Bank.

In Manufacturers Hanover, 559 N.Y.S.2d supra at 712, the Court concluded that the wiring of the specific sum to be credited for a specific purpose, created an obligation on the part of the defendant recipient to either "treat the transfer in the specified manner or return the funds". Herein it is undisputed that the $112,168.28 was wired by Quantum in payment for the Pollydore Residence and that Penn neither credited that payment to the Pollydore Residence nor returned the payment to Quantum. See Meese v. Miller, 79 A.D.2d 237, 436 N.Y.S.2d 496, 500 (4th Dept. 1981) ("Any use of such property beyond the authority which an owner confers upon a user or in violation of instructions given is a conversion").

It is also undisputed that on January 15, 2008 Quantum demanded that Penn return the $112,168.28 it had received in payment of the Pollydore Residence and that Penn refused to return this property to the funds' owner, Quantum.

Accordingly, the undisputed facts establish as a matter of law that defendant Penn on January 15, 2008 converted $112,168.28 of Quantum's property and, accordingly, that Quantum is entitled to the return of its property together with interest at the statutory rate from that date. Robert R. Gibbs, Inc. v. State. 70 A.D.2d 750, 417 N.Y.S.2d 24, 25 (3rd Dept. 1979) ("Measure of damages in conversion action is value of property at time of conversion plus interest").

## **CONCLUSION**

Based upon the foregoing the Court should grant summary judgment to plaintiff Quantum Corporate Funding, Ltd. against defendant Penn Lyon Homes Corporation and award Quantum the sum of $112,168.28 together with interest thereon from January 15, 2008.

Dated: New York, New York
       July 3, 2008

 

Respectfully submitted,

GOETZ FITZPATRICK LLP

By:_____
    Bernard Kobroff (BK 0101)
Attorneys for Plaintiff
Quantum Corporate Funding, Ltd.
One Penn Plaza, 44th Floor
New York, New York 10119
(212) 695-8100

W:\bkobroff\Quantum\Westwood\Memo of Law.doc

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK )
) ss.:
COUNTY OF NEW YORK )

    Jessica Bejarano, being duly sworn, deposes and says, deponent is not a party to the action, is over the age of 18 years and reside in Kings County, New York and on the 3rd day of July, 2008, served the within **NOTICE OF MOTION, STATEMENT PURSUANT TO LOCAL RULE 56.1, AFFIDAVIT OF CRAIG SHEINKER, AND MEMORANDUM OF LAW**, upon:

    Scott H. Goldstein, Esq.
    Bonner Kiernan Treback & Crociata, LLP
    Empire State Building, Suite 3304
    New York, New York 10118

    Thomas F. Doherty, Esq.
    Four Gateway Center
    100 Mulberry Street
    Newark, New Jersey 07102

by depositing a true copy of same in a properly addressed, postpaid envelope in an official depository of the United States Post Office within the State of New York.

                                                    Jessica Bejarano

Sworn to before me on this
3rd day of July, 2008

_____
Notary Public

W:\bkobroff\Quantum\Westwood\AOS- Notice of Motion, Statement Local Rule 56.1, Aff. of C. Sheinker, MOL.wpd