UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

QUANTUM CORPORATE FUNDING, LTD.,

                        Plaintiff,

      -against-

WESTWOOD DESIGN/BUILD INCORPORATED,
DAVID R. WARFIELD, NATIONAL CITY
MORTGAGE INC., and PENN LYON HOMES
CORPORATION,

                    Defendants.

-------------------------------------------------------X

NATIONAL CITY MORTGAGE, INC.,

               Third-Party Plaintiff,

      -against-

MICHAEL CONRAD a/k/a MICHAEL CONRAD
BROWN,

              Third-Party Defendant.

-------------------------------------------------------X

Civil Action
Docket No. 08 CV00539 (LAK)(HBP)

**AFFIDAVIT IN SUPPORT OF
REQUEST TO ENTER DEFAULTS
OF WESTWOOD DESIGN/BUILD
INCORPORATED AND OF
DAVID R. WARFIELD AND
DEFAULT JUDGMENTS
(Fed. R. Civ. P. 55(a)(b)(2)**

State of New York   )
                 )ss:
County of New York  )

      BERNARD KOBROFF, being duly sworn, deposes and states:

    1.     I am over 18 years of age, reside in Westchester County, New York, and am fully

competent to make this Affidavit having knowledge of the facts stated herein.

    2.     I am one of the attorneys for the plaintiff, Quantum Corporate Funding, Ltd.,

("Quantum"), in this Action and submit this Affidavit in support of Quantum's request to enter

the default of defendant Westwood Design/Build Incorporated ("Westwood") and of defendant

David R. Warfield ("Warfield") pursuant to Federal Rule of Civil Procedure 55(a) and Local

Rule 55.1, and in support of Quantum's request for a default judgment against defendants Westwood and Warfield pursuant to Federal Rules of Civil Procedure 55(b) and Local Rule 55.2(b).

3.    I have been advised by the Clerk of the Court that since the Summons and Complaint herein was served on defendant Westwood (together with the Order to Show Cause and Temporary Restraining Order dated January 22, 2008) by affixing to Westwood's door on January 24, 2008 after only one attempt at service rather than three attempts (said Order to Show Cause being required to be served by January 24, 2008), that the Clerk cannot supply a Clerk's Certificate of Default and that Quantum's application for entry of Westwood's default and for a judgment against Westwood must be made directly to the Court.  A copy of the papers previously submitted by Quantum, dated May 14, 2008, requesting the Clerk's entry of default are set forth at Case Docket entry No. 31.

4.    On January 22, 2008, I delivered true copies of the Summons and Complaint in this action together with the Order to Show Cause and Temporary Restraining Order and the papers upon which it was granted to Tri-State Judicial Services.

5.    On January 23, 2008, J. Matthew Manlich served the Summons and Complaint (together with the Order to Show Cause and Temporary Restraining Order) on defendant David R. Warfield, by delivering copies of same to Mr. Warfield's wife under the provisions of Rule 4 of the Federal Rules of Civil Procedure and he certified that fact to this court in a Proof of Service dated January 23, 2008, which Proof of Service was duly filed with this Court on February 13, 2008. A copy of this Proof is attached hereto as Exhibit "A".

6.    Thereafter, on January 31, 2008, plaintiff filed its Amended Complaint, and said Amended Complaint was served on defendant David R. Warfield by mail on February 1, 2008,

2

and Proof of Service thereof was duly filed with this Court on February 1, 2008. A copy of this Proof of Service is attached hereto as Exhibit "B".

7.    Thereafter, on February 19, 2008, plaintiff filed its Corrected Amended Complaint, and said Complaint was served on defendant David R. Warfield by mail on March 3, 2008 and Proof of Service thereof was duly filed with this Court on March 3, 2008. A copy of this Proof of Service is attached hereto as Exhibit "C".

8.    On January 24, 2008, Andre S. Powell served the Summons and Complaint (together with the Order to Show Cause and Temporary Restraining Order) on defendant Westwood Design/Build Incorporated by affixing copies of same to Westwood's office door under the provisions of Rule 4 of the Federal Rules of Civil Procedure and certified that fact to this Court in a Proof of Service dated January 24, 2008, which Proof of Service was duly filed with this Court on February 13, 2008. A copy of this Proof is attached hereto as Exhibit "D".

9.    By letter to this Court dated January 24, 2008, from Richard B. Rosenblatt, Esq., General Counsel for defendant Westwood, Attorney Rosenblatt acknowledged receipt from Westwood of a copy of the Summons, Complaint, Order to Show Cause for Preliminary Injunction with Temporary Restraining Order and other related documents, and requested an adjournment of the motion's return date.  A copy of Attorney Rosenblatt's letter is attached hereto as Exhibit "E".

10.    Thereafter, on the January 25, 2008 motion return date, Attorney Rosenblatt via telephone, on behalf of Westwood, advised the Court and Affiant that Westwood consented to an extension of the Temporary Restraining Order and the adjournment of the motion's return date to February 15, 2008, during which time Westwood would consider its response to Quantum's Complaint and motion.

11.    Thereafter, on January 31, 2008, Quantum filed its Amended Complaint, and said Amended Complaint was served on defendant Westwood Design/Build Incorporated as well as its General Counsel, Richard R. Rosenblatt, Esq., by mail, on February 1, 2008, and Proof of Service thereof was duly filed with this Court on February 1, 2008. A copy of this Proof of Service is attached hereto "B".

12.    On February 13, 2008, Attorney Rosenblatt informed Affiant by telephone that Westwood had decided that it would not appear in this action, notwithstanding my advice to him that if Westwood failed to appear and answer that Quantum would request a default against it.

13.    On February 15, 2008, Westwood failed to appear at the adjourned return date and Quantum's motion for a preliminary injunction as to Westwood and Warfield was granted.

14.    Thereafter, on February 19, 2008, plaintiff filed its Corrected Amended Complaint, and said Complaint was served on defendant Westwood Design/Build Incorporated by mail on March 3, 2008 and Proof of Service thereof was duly filed with this Court on March 3, 2008. A copy of this Proof of Service is attached hereto as Exhibit "C". A copy of Quantum's Corrected Amended Complaint is attached hereto as Exhibit "F". The essential facts supporting Quantum's Complaint are set forth in the Affidavit of Craig Shenker sworn to January 22, 2008 attached hereto as Exhibit "G".

15.    Defendant Westwood Design/Build Incorporated has failed to appear or serve an Answer or otherwise respond to the Compliant, the Amended Complaint or the Corrected Amended Complaint.

16.    Defendant David R. Warfield has failed to appear or serve and file an Answer or otherwise respond to the Complaint, the Amended Complaint or the Corrected Amended Complaint.

17.    Under Rule 12(a) of the Federal Rules of Civil Procedure, the respective time limits for defendants Westwood Design/Build Incorporated and David R. Warfield to respond to the Complaint, the Amended Complaint or the Corrected Amended Complaint have now expired, and the time for defendants Westwood Design/Build Incorporated and David R. Warfield have not been extended by any stipulation of the parties or any order of the Court.

18.    Defendant David R. Warfield is not an infant or incompetent person within the meaning of the Federal Rules of Civil Procedure, or in the military service within the meaning of the Soldiers' and Sailors' Civil Relief Act. A copy of the Certificate of the Department of Defense Manpower Data Center certifying that David R. Warfield is not in the military service is attached hereto as Exhibit "H"

19.    Defendant Westwood, a corporate entity, is not an infant or incompetent person within the meaning of the Federal Rules of Civil Procedure, or in the military service within the meaning of the Soldier's Civil Relief Act because Westwood is an entity.

_____
Bernard Kobroff (BK0101)

Sworn to before me this
__11__ day of July, 2008

_____
Notary Public    Joy Speights
Notary Public, State of New York
No. 01SP6153113
Qualified in Richmond County
Commission Expires September 25, 2010

W:\bkobroff\Quantum\Westwood\Affidavit of BK in Support of Req. to Ent. Def..doc

**A**

COUNTY OF

**UNITED STATES DISTRICT COURT**
**DISTRICT: SOUTHERN DISTRICT OF NEW YORK**
ATTORNEY(S): GOETZ FITZPATRICK LLP   PH: 212-695-8100
ADDRESS: ONE PENN PLAZA, 44TH FLOOR NEW YORK NY 10119   File No.:

INDEX # : _08-CV-00539_
Date Filed : _January 16, 2008_

*QUANTUM CORPORATE FUNDING, LTD*

Plaintiff(s)/Petitioner(s)

vs

*WESTWOOD DESIGN/BUILD INCORPORATED, ET AL*

Defendant(s)/Respondent(s)

STATE OF _____ , COUNTY OF _____ SS.:   **AFFIDAVIT OF SERVICE**

_J. Matthews Manlich_ being duly sworn deposes and says:

Deponent is not a party herein, is over 18 years of age. On _January 23, 2008_ at _2:00 PM_ ,
at _715 EAST MAPLE RD, Linthicum Heights, MD 21090_ , deponent served the within
Summons in a Civil Action and Complaint, Order To Show Cause & Temporary Restraining Order

on: _DAVID R. WARFIELD_ , **Defendant** therein named.

#1 INDIVIDUAL ☐ By delivering a true copy of each to said recipient personally; deponent knew the person served to be the person described as said person therein.

#2 CORPORATION By delivering thereat a true copy of each to _____ personally, deponent knew said corporation/agency to be the corporation described in same as said recipient and knew said individual to be the managing/authorized agent of the corporation, and said person stated that he/she was authorized to accept service on behalf of the corporation.

#3 SUITABLE ☒ By delivering a true copy of each to _Mrs. D. Warfield, wife,_ a person of suitable age and discretion.
AGE PERSON Said premises is recipient's  [ ] actual place of business   [x] dwelling house (usual place of abode) within the state.

#4 AFFIXING ☐ By affixing a true copy of each to the door of said premises, which is recipient's:   [ ] actual place of business
TO DOOR [ ] dwelling house (place of abode) within the state.

Deponent was unable, with due diligence to find recipient or a person of suitable age and discretion, having called
thereat on the _____ day of _____ at _____
on the _____ day of _____ at _____
on the _____ day of _____ at _____
on the _____ day of _____ at _____
Address confirmed by _____

#5 MAIL COPY ☐ On _____ , deponent completed service under the last two sections by depositing a copy of the _____ to the above address in a 1st Class postpaid properly addressed envelope marked "Personal and Confidential" in an official depository under the exclusive care and custody of the United States Post Office in the State of _____ .

#6 DESCRIPTION A description of the Defendant, or other person served, or spoken to on behalf of the Defendant is as follows:
☒ Sex: _F_   Color of skin: _White_   Color of hair: _Dark_   Age: _38_   Height: _5'5"_
(use with #1, 2 or 3) Weight: _146_   Other Features: _____

#7 WIT. FEES ☐ the authorized witness fee and / or traveling expenses were paid (tendered) to the recipient.

#8 MIL. SRVC ☒ Your deponent asked the person spoken to whether defendant was in the active military service of the United States; and received a negative reply. Upon information and belief I have, being based on the conversations & observations above narrated, defendant is not in the military service.

#9 OTHER _____

Sworn to before me on _January 23, 2008_

_Betty R. Brown_
Notary Public
MY COMP: 12/15/2011

Please Print Name Below Signature
_J. MATTHEWS MANLICH_
Invoice/Work Order # 0150250

**B**

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK )

Joy Speights , being duly sworn, deposes and says, deponent is not a party to the action, is over the age of 18 years and resides in Staten Island, New York and on the 1st day of February, 2008 served the within **AMENDED COMPLAINT** upon:

Richard B. Rosenblatt, P.C.
30 Courthouse Square, Room 302
Rockville, Maryland 20850

Westwood/Design/Build Incorporated
12109 Gordon Avenue
Beltsville, Maryland 20705

National City Mortgage, Inc.
3232 Newmark Drive
Miamisburg, Ohio 45342

David R. Warfield
715 East Maple Road
Linthicum Heights, Maryland 21090

by depositing a true copy of same in a properly addressed, postpaid envelope in an official depository of the United States Post Office within the State of New York.

JOY SPEIGHTS

Sworn to before me on this
1st day of February, 2008

Notary Public

BERNARD KOZROFF
NOTARY PUBLIC, State of New York
No. 4603478
Qualified in Westchester County
Commission Expires May 31, 201

W:\Jspeight\affidavits of service\AFFIDAVIT OF SERVICE for motion.wpd

C

### AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                                         )  ss.:
COUNTY OF NEW YORK )

  Ahalia Mangar , being duly sworn, deposes and says, deponent is not a party to the action, is over the age of 18 years and resides in Queens, New York and on the 3rd day of March 2008, served the within **CORRECTED AMENDED COMPLAINT** upon:

> **Marisa Steel**
> **McCarter and English, LLP**
> **Four Gateway Center**
> **100 Mulberry Street**
> **Newark, New Jersey 07102**
>
> **Westwood/Design/Build Incorporated**
> **12109 Gordon Avenue**
> **Beltsville, Maryland 20705**
>
> **Penn Lyon Homes Corporation**
> **195 Airport Road**
> **Selingrove, Pennsylvania 17870**
>
> **David R. Warfield**
> **715 East Maple Road**
> **Linthicum, Maryland 21090**
>
> **Michael Conrad**
> **12109 Gordon Avenue**
> **Beltsville, Maryland 20705**

by depositing a true copy of same in a properly addressed, postpaid envelope in an official depository of the United States Post Office within the State of New York.

              AHALIA MANGAR

Sworn to before me on this
3rd  day of March, 2008

_____
 Notary Public

**D**

**COUNTY OF** _____

**UNITED STATES DISTRICT COURT**
**DISTRICT: SOUTHERN DISTRICT OF NEW YORK**
ATTORNEY(S): GOETZ FITZPATRICK LLP    PH: 212-695-8100
ADDRESS: ONE PENN PLAZA, 44TH FLOOR, NEW YORK NY 10119    File No.:

INDEX # :    08-CV-00539
Date Filed :    January 16, 2008

*QUANTUM CORPORATE FUNDING, LTD*

vs

*Plaintiff(s)/Petitioner(s)*

*WESTWOOD DESIGN/BUILD INCORPORATED, ET AL*

*Defendant(s)/Respondent(s)*

STATE OF _Maryland_____ , COUNTY OF _Baltimore_____ SS.:    **AFFIDAVIT OF SERVICE**

_Andre S. Powell_____ , being duly sworn deposes and says:

Deponent is not a party herein, is over 18 years of age. On _January 24, 2008___ at _10:49 AM____

at _____ 12109 GORDON AVENUE, Beltsville, MD 20705 _____ , deponent served the within

_____ Summons in a Civil Action and Complaint, Order To Show Cause & Temporary Restraining Order_____

on: _____ **WESTWOOD DESIGN/BUILD INCORPORATED** _____ , **Defendant** therein named.

**#1 INDIVIDUAL**  By delivering a true copy of each to said recipient personally; deponent knew the person served to be the person
☐  described as said person therein.

**#2 CORPORATION**  By delivering thereat a true copy of each to _____ personally, deponent knew
☐  said corporation/agency to be the corporation described in same as said recipient and knew said individual to be the
managing/authorized agent of the corporation, and said person stated that he/she was authorized to accept service on
behalf of the corporation.

**#3 SUITABLE**  By delivering a true copy of each to _____ a person of suitable age and discretion.
**AGE PERSON**  Said premises is recipient's  [ ] actual place of business    [ ] dwelling house (usual place of abode) within the state.
☐

**#4 AFFIXING**  By affixing a true copy of each to the door of said premises, which is recipient's:    [ ] actual place of business
**TO DOOR**  [ₓ] dwelling house (place of abode) within the state.
☒

Deponent was unable, with due diligence to find recipient or a person of suitable age and discretion, having called
thereat on the __24__ day of __January_____ at _10:49 AM___
on the _____ day of _____ at _____
on the _____ day of _____ at _____
on the _____ day of _____ at _____

Address confirmed by _____

**#5 MAIL COPY**  On _____ , deponent completed service under the last two sections by depositing a copy of the
☐  _____ to the above address in a 1st Class
postpaid properly addressed envelope marked "Personal and Confidential" in an official depository under the exclusive
care and custody of the United States Post Office in the State of _____

**#6 DESCRIPTION**  A description of the Defendant, or other person served, or spoken to on behalf of the Defendant is as follows:
(use with #1, 2 or 3)  Sex: _____ Color of skin: _____ Color of hair: _____ Age: _____ Height: _____
Weight: _____ Other Features: _____

**#7 WIT. FEES**  the authorized witness fee and / or traveling expenses were paid (tendered) to the recipient.

**#8 MIL SRVC**  Your deponent asked the person spoken to whether defendant was in the active military service of the United States; and received a negative
reply. Upon information and belief I have; being based on the conversations & observations above narrated, defendant is not in the military
service.

**#9 OTHER**
☐

Sworn to before me on _January 24, 2008_

_Betty A. Brown_____
Notary Public    *EKP: 10/19/2011*

C O S Powell

Please Print Name Below Signature
ANDRE S. POWELL
Invoice·Work Order # 0150251

**E**

The Law Offices of

# Richard B. Rosenblatt, PC
30 Courthouse Square, Suite 302
Rockville, MD 20850
info@rosenblattlaw.com
www.rosenblattlaw.com

301.838.0098 ☎

Richard B. Rosenblatt
Admitted to practice:
Maryland
Virginia
District of Columbia

301.838.3498 📠

Linda M. Dorney
Admitted to practice:
Maryland

Steven M. Assaraf

Admitted to practice:
Maryland
District of Columbia

January 24, 2008

**Via Facsimile Only 212-805-7910**
The Honorable Lewis A. Kaplan
United State District Judge
U.S. District Court
7th District of New York
500 Terrace Street, Room 1310
New York, NY 10007

   Re:    *Quantum Corporate Funding, Ltd. V. Westwood Design/Build Inc., David R.*
          *Warfield and National City Mortgage, Inc.*

Dear Judge Kaplan:

   Please be advised that I am general counsel for Westwood Design/Build Inc. I am licensed to practice law in Maryland, the Commonwealth of Virginia and the District of Columbia in both state and federal courts. I received from Westwood a copy of the Summons, Complaint, Order to Show Cause for Preliminary Injunction with Temporary Restraining Order and other related documents that were served on David Warfield. Additionally, it appears that the first page of one of the pleadings is missing and given the stack of documents just received that I have not had the opportunity to completely review, there may be others missing from this service copy. I have attempted to reach opposing counsel, Bernard Kobroff, Esquire, regarding this matter; however, it is my understanding that he is in court.

   I have undertaken immediate efforts to contact and retain New York counsel on behalf of my client. Based on a referral from a District of Columbia attorney, I have left a detailed phone message for Howard Crystal at Novak, Burnbaum, Crystal, LLP 300 42nd Street, 10th Floor, New York. It is my understanding that Mr. Crystal will not be available to discuss this matter with me.

   The purpose of this letter is to request a brief continuance of the January 25, 2008, hearing on the Hearing to Show Cause for Preliminary Injunction with Temporary Restraining Order. This is not an emergency matter as my client does not have the proceeds of the $347,000.00 loan to be issued from National City Mortgage. Moreover, these proceeds are not expected to be received for some period of time. My concern is that the entry of the Preliminary

The Honorable Lewis A. Kaplan
January 24, 2008
Page 2

Injunction with Temporary Restraining Order will unduly prejudice and cripple my client who has not been able to have reasonable time to obtain New York counsel to defend against this matter.

There is no prejudice to the Plaintiff as the National City Mortgage proceeds have not been received and will not be received next week. My client has no issue with stipulating to a two week extension of the TRO limited to the National City Mortgage invoice purchased by the Plaintiff. The order as drafted will cause my client to be unable to operate its business and is overbroad. The harm to my client substantially outweighs any potential harm to the Plaintiff. The allegations in the complaint are disputed. My client should have an opportunity to retain New York counsel to respond to the pleadings with the temporary relief afforded by this court to be narrowly tailored to protect the interests of Quantum and permit my client to operate its business. My client never had any intention of doing anything with the proceeds to be received from National City Mortgage and has not taken any efforts to interfere with the National City Mortgage invoice that was factored to Quantum. I am not a member of the Court but will be available by phone tomorrow a.m. if the Court deems it appropriate to permit me to participate. In the meantime, we will attempt to seek an interim resolution with the Plaintiff and proceed with the retention of New York counsel.

Thank you for your attention to this matter.

Very truly yours,

THE LAW OFFICES OF RICHARD B. ROSENBLATT, PC

Richard B. Rosenblatt

RBR:lnj

cc:   Michael Conrad, Westwood Design/Build
      Bernard Kobroff, Esquire (via facsimile)

G:\LAWFIRM\CLIENTS\LITIGATN\Brown, Michael C\Judge Kaplan ltr 1-24-08.wpd

F

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

QUANTUM CORPORATE FUNDING, LTD.,

                                    Plaintiff,

        -against-

WESTWOOD DESIGN/BUILD
INCORPORATED, DAVID R. WARFIELD,
NATIONAL CITY MORTGAGE INC., and
PENN LYON HOMES CORPORATION,

                                    Defendants.
--------------------------------------------------------X

Civil Action
Docket No. 08 CV00539 (LAK) (HP)

**CORRECTED AMENDED**
**COMPLAINT**

        Plaintiff, Quantum Corporate Funding, Ltd., by its attorneys, Goetz Fitzpatrick,

LLP, as and for its Complaint against the defendants alleges, upon information and belief,

as follows:

## THE PARTIES

        1.      Plaintiff Quantum Corporate Funding, Ltd. ("Quantum") is a corporation

organized and existing under the laws of the State of New York, maintaining its principal

place of business located at 1140 Avenue of the Americas, New York, New York 10036

and is engaged in the business of commercial finance.

        2.      Defendant Westwood Design/Build Incorporated ("Westwood") is a

corporation organized and existing under the laws of the State of Maryland maintaining

its principal place of business located at 12109 Gordon Avenue, Beltsville, Maryland

20705.

        3.      Defendant David R. Warfield ("Warfield") is a natural person, a citizen of

the State of Maryland whose address is 715 East Maple Road, Linthicum Heights,

Maryland 21090.

4.    Defendant National City Mortgage Inc. ("National") is a corporation organized and existing under the laws of the State of Ohio, maintaining its principal place of business located at 3232 Newmark Drive, Miamisburg, Ohio 45342.

5.    Penn Lyon Homes Corporation ("Penn") is a corporation organized and existing under the laws of the State of Pennsylvania maintaining its principal place of business at 195 Airport Road, Selinsgrove, Pennsylvania 17870.

## JURISDICTION AND VENUE

6.    There is original jurisdiction in this Court pursuant to 28 U.S.C. §1332 since there is diversity of citizenship between plaintiff Quantum and each of the defendants and the amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

7.    Venue lies in this Court pursuant to 28 U.S.C. §1391(a) since a substantial part of the events or omissions giving rise to the claim herein occurred in this district.

## FIRST CAUSE OF ACTION AGAINST
## NATIONAL FOR BREACH OF CONTRACT

8.    On or about January, 2007 Mr. and Mrs. Eustace Pollydore, as owners, entered into a contract with defendant Westwood, as contractor, with defendant National, as construction lender, pursuant to which Westwood contracted to construct a new home at 6117 Elm Street, Lanham, Maryland for the Pollydores ("the Project").

9.    By virtue of the work and materials furnished by defendant Westwood to the Pollydores for the Project there became due to Westwood from defendant National the sum of $347,000.00 for which an invoice was rendered by Westwood to National (the "Invoice").

10.    Defendant Westwood made an assignment to plaintiff Quantum of the moneys due to Westwood from defendant National on account of the Invoice (the "Assignment").

11.    Simultaneously with the Assignment or within a short time thereof, plaintiff Quantum and defendant Westwood each gave notice of the Assignment to defendant National, and National acknowledged receipt of the Assignment.

12.    By virtue of the Assignment, there was assigned by defendant Westwood to plaintiff Quantum, the sum of $347,000.00.

13.    By virtue of the foregoing, there became due and owing to plaintiff Quantum from defendant National, the sum of $347,000.00.

14.    Defendant National has refused to pay the Invoice, leaving due and owing to plaintiff Quantum the amount of $347,000.00 for which demand has been duly made.

## SECOND CAUSE OF ACTION AGAINST NATIONAL FOR BREACH OF CONTRACT

15.    Plaintiff Quantum repeats and realleges each and every allegation set forth in paragraphs "1" through "14" of this Complaint with the same force and effect as if fully set forth at length hereat.

16.    Defendant National issued an estoppel certificate to plaintiff Quantum that the Invoice was correct and owing and that the work and materials invoiced had been completed and accepted (the "Estoppel Certificate").

17.    Plaintiff Quantum relied upon the Estoppel Certificate in purchasing the Invoice from Westwood.

18.    The $347,000.00 Invoice amount was acknowledged by defendant National to plaintiff Quantum as being due and owing.

19.    By virtue of the foregoing, there was due and owing to plaintiff Quantum from defendant National $347,000.00.

20.    Defendant National has refused to pay Quantum the $347,000.00 amount due pursuant to the terms of the Estoppel Certificate leaving due and owing to Quantum the amount of $347,000.00 for which demand has been made.

## FIRST CAUSE OF ACTION AGAINST
## WESTWOOD FOR BREACH OF CONTRACT

21.    Plaintiff Quantum repeats and realleges each and every allegation set forth in paragraphs "1" through "20" of this Complaint with the same force and effect as if fully set forth at length hereat.

22.    On December 20, 2007, in conjunction with the Assignment made by defendant Westwood to plaintiff Quantum, a Purchase and Sale Agreement (the "Agreement") was made, executed and delivered between Westwood and Quantum.

23.    The Agreement set forth certain warranties, representations and covenants by defendant Westwood to plaintiff Quantum regarding the Assignment.

24.    Defendant Westwood has breached the warranties, representations and covenants made by it in the Agreement, including those stating that the Invoice was presently due and owing and that were no set-offs or defenses against the assigned Invoice.

25.    Defendant National asserts that the Invoice was not due and owing and that it has set-offs or defenses against the assigned Invoice.

26.    As a result of defendant Westwood's breach of the Agreement, plaintiff Quantum has been damaged in the sum of not less than $347,000.00.

27.    Plaintiff Quantum has incurred and will incur attorneys fees in the prosecution of its claims, the extent of which is not yet known, for which defendant Westwood agreed, pursuant to the Agreement, to pay.

28.    Due to defendant Westwood's breach of the Agreement, plaintiff Quantum has incurred damages, including attorney's fees, the final amount to be determined at trial.

## FIRST CAUSE OF ACTION AGAINST
## WARFIELD FOR BREACH OF CONTRACT

29.    Plaintiff Quantum repeates and realleges each and every allegation set forth in paragraphs "1" through "28" with the same force and effect as if fully set forth at length hereat.

30.    In conjunction with the Assignment and the Agreement, defendant Warfield made, executed and delivered to plaintiff Quantum a guarantee (the "Guarantee") in writing whereby he personally guaranteed defendant Westwood's performance of the Agreement's warranties, representations and covenants.

31.    Defendant Warfield has failed to perform defendant Westwood's Agreement's warranties, representations and covenants.

32.    Defendant Warfield breached his Guarantee of defendant Westwood's Agreements warranties, representations and covenants.

33.    As a result of defendant Warfield's breach of this Guarantee, plaintiff Quantum has been damaged in the sun of not less than $347,000.00.

34.    Plaintiff Quantum has incurred and will incur attorneys fee in the prosecution of its claims against defendants Westwood and Warfield, the extent which are not yet known, but for which Warfield agreed, pursuant to his Guarantee, to pay.

35.    Due to defendant Warfield's breach of his Guarantee, plaintiff Quantum has incurred damages of not less than $347,000.00 exclusive of attorneys' fees, the final amount to be determined at trial.

## SECOND CAUSE OF ACTION AGAINST
### WESTWOOD AND WARFIELD FOR FRAUD

36.    Plaintiff Quantum repeats and realleges each and every allegation set forth in paragraphs "1" through "35" of this complaint with the same face and effect as it fully set forth herein at length hereat.

37.    In or about December 2007, defendants Westwood and Warfield fabricated the Invoice to defendant National, falsely stating that defendant Westwood had performed the work required of it pursuant to its contract with the Pollydores.

38.    In or about December 20, 2007, in order to induce plaintiff Quantum to accept from defendant Westwood an assignment of the Invoice and in payment to wire transfer $130,731.72 to Westwood and $112,168.28 to defendant Penn allegedly in payment for supplies and materials used in the construction of the Project, defendants Westwood and Warfield represented to Quantum that Penn had supplied materials for the Project and that the Invoice was presently due and owing and represented an account receivable not subject to any defenses.

39.    The representations made by defendants Westwood and Warfield were false, and in truth, the Invoice was worthless and not, in fact a good account receivable and defendant Penn had not delivered supplies and materials for the Project.

40.    When the representations were made by defendants Westwood and Warfield, each knew them to be false and made then with the intent to deceive and defraud plaintiff Quantum and to induce Quantum to accept and to pay for the assignment of the Invoice.

41.    Plaintiff Quantum at the time the representations were made, did not know the truth regarding them but believed them to be true, relied upon them and was, thereby induced to accept an assignment of the Invoice and to pay to or on behalf of defendant Westwood $242,900.00.

42.    Plaintiff Quantum did not know the true facts regarding the Invoice until or about January 11, 2007.

43.    The Invoice is worthless and was so at the time it was assigned to Quantum.

44.    As a result of the false representations made by the defendants Westwood and Warfield, plaintiff Quantum has been damaged in the sum of $242,900.00.

## THIRD CAUSE OF ACTION AGAINST
## WESTWOOD AND WARFIELD FOR CONVERSION

45.    Plaintiff Quantum repeats and realleges each and every allegation set forth in paragraphs "1" through "44" of this Complaint with the same force and effect as if fully set forth at length hereat.

46.    Defendants Westwood and Warfield converted $242,900.00 belonging to plaintiff Quantum.

**FIRST CAUSE OF ACTION AGASINST PENN FOR CONVERSION**

47.     Plaintiff Quantum repeats and realleges each and every allegation set forth in paragraphs "1" through "46" of this Complaint with the same force and effect as if set forth at length hereat.

48.     On December 21, 2007, defendants Westwood and Warfield unlawfully took $112,168.28 of plaintiff Quantum's monies, converted it to their own use, and transferred it to defendant Penn allegedly in payment for supplies and materials used in the construction of the Project.

49.     In truth and in fact defendant Penn had not supplied materials to the Project.

50.     In January, 2008, plaintiff Quantum demanded that defendant Penn return the $112,168.28 to Quantum, but Penn has refused and still refuses to return the $112,168.28 to Quantum.

51.     Defendant Penn has retained the $112,168.28 and has converted it to its own use.

52.     By reason of the foregoing, plaintiff Quantum has sustained damages in the amount of $112,168.28, plus interest from the date of conversion.

**SECOND CAUSE OF ACTION AGAINST PENN FOR UNJUST ENRICHMENT**

53.     Plaintiff Quantum repeats and realleges each and every allegation set forth in paragraphs "1" through "52" of this Complaint with the same force and effect as if set forth at length hereat.

54.     Defendant Penn has been unjustly enriched as a result of the $112,168.28 of plaintiff's Quantum's monies transferred to it.

55.     By reason of the foregoing, plaintiff Quantum has sustained damages in the amount of $112.168.28.

**WHEREFORE**, the plaintiff, Quantum Corporate Funding Ltd., demand judgment as follows:

1.     On the First Cause of Action against defendant National City Mortgage Inc., in the sum of $347,000.00.

2.     On the Second Cause of Action against defendant National City Mortgage Inc., in the sum of $347,000.00.

3.     On the First Cause of Action against defendant Westwood Design/Build Incorporated not less than the sum of $347,000.00.

4.     On the First Cause of Action against defendant David R. Warfield not less then the sum of $347,000.00.

5.     On the Second Cause of Action against defendant Westwood Design/Build Incorporated and David R. Warfield, jointly and severally, in the sum of $242,900.00 together with punitive and exemplary damages in the sum of $500,000.00.

6.     On the Third Cause of Action against defendants Westwood Design/Build Incorporated and David R. Warfield, jointly and severally, in the sum of $242,900.00 together with punitive and exemplary damages in the sum of $500,000.00.

7.     On the First Cause of Action against defendant Penn Lyon Home Corporation in the sum of $112,168.28.

8.     On the Second Cause of Action against defendant Penn Lyon Homes Corporation in the sum of $112,168.28.

9.     Pre-judgment and Post-judgment interest.

10.    Costs, disbursements and reasonable attorney's fees in an amount to be determined at trial.

11.    Such other and further relief as this Court deems just and proper.

Dated: New York, New York
        February 15, 2008

GOETZ FITZPATRICK LLP

By: _____
        Bernard Kobroff (BK 0101)
Attorneys for Plaintiff
Quantum Corporate Funding, Ltd.
One Penn Plaza, 44th Floor
New York, New York 10119
(212) 695-8100