Empire State Building
Suite 3304
New York, NY 10118
Telephone: (212) 268-7535
Facsimile: (212) 268-4965
bktc@bktc.net
www.bktc.net

# BONNER KIERNAN TREBACH & CROCIATA, LLP

Connecticut
Maryland
Massachusetts
New Jersey
New York
Pennsylvania
Rhode Island
Virginia
Washington, DC

July 31, 2008

Hon, Lewis A. Kaplan, USDJ
Daniel P, Moynihan U.S. Courthouse, Rm. 1310
500 Pearl Street
New York, New York 10007-1312

      Re:    Quantum v. Penn Lyon Homes Corporation, et al
             Docket No.:  08 CV 00539 (LAK) (HP)

Dear Judge Kaplan:

      We represent Penn Lyon Homes Corporation in the above matter.

      We recently filed a fully executed Stipulation dated July 30, 2008 extending Penn Lyon's time to file opposition to plaintiff Quantum Corporate Funding, Ltd's summary judgment motion until September 5, 2008, so that the parties could complete some needed discovery. However, before we had an opportunity to file the Stipulation with the Court, we received notification that plaintiff's motion was granted on default. We respectfully request that the Court So Order the submitted Stipulation and that the Court's order be vacated on the grounds that the parties had already agreed to an extension of time for Penn Lyon to file opposition to the motion and that there was excusable neglect for the slight delay in filing the Stipulation for the reasons set forth below. In the alternative, we respectfully request that the Court schedule a conference to address the issues raised below in this letter.

      As this Court is aware, on July 8, 2008, Quantum filed a summary judgment motion against Penn Lyon in this action. Indeed, the motion was filed prior to any discovery taking place. Within a day or two of receiving the motion, we contacted plaintiff's counsel by telephone and requested an adjournment of the motion to complete some needed discovery before we were required to file our opposition. Plaintiff's counsel advised that he needed to consult with his client before granting our request.

      On July 3, 2008, we served plaintiff with Notices for the Depositions of Wilmer Russell, Maria DeSouza and Craig Sheinker of Quantum for dates in July, 2008. Then, on July 16, 2008, we served plaintiff with Penn Lyon's first set of interrogatory demands and First Set of Document Requests.

Upon receipt of our deposition notices and co-defendant National's deposition notices, on July 11, 2008, plaintiff advised us, by e-mail, that his clients would not be able to attend depositions on the noticed dates and requested that the depositions be rescheduled. Plaintiff also requested that the Amended Scheduling Order be extended by 30 days.

Having not heard back from plaintiff about our request for an extension of time, on July 14, 2008, we responded to plaintiff's July 11, 2008 e-mail by sending counsel an e-mail correspondence agreeing to adjourn the deposition and requesting that we enter into a briefing schedule to adjourn the pending motion to allow Penn Lyon sufficient time to complete the outstanding discovery before filing its opposition. Apparently, soon after we sent our e-mail, plaintiff's counsel was out of the office until July 21, 2008 and did not respond to our request for a briefing schedule/adjournment during that entire week.

Realizing that our time to get a Stipulation into the court was running short, on July 21, 2008, we followed up with plaintiff's counsel's office by e-mail requesting a response to our adjournment request.    Finally, on July 22, 2008, via e-mail correspondence, plaintiff agreed to extend Penn Lyon's time to answer the motion and allow discovery to go forward. However, in this e-mail, plaintiff's counsel was still unable to provide us with dates when Quantum's witnesses could be produced for deposition. Therefore, at that time, it was impossible for us to choose an appropriate deadline for the filing of defendants' opposition papers, because we did not yet know how much time would be needed to allow sufficient time to us to obtain and examine the deposition transcripts prior to filing our opposition to the motion.

On July 24, 2008, co-defendant National circulated a proposed Amended Scheduling Order via e-mail which sought to extend all existing dates in the initial scheduling order by one month.   In response to National's e-mail, we sent e-mail correspondence to plaintiff's counsel and National's counsel reiterating the need for a briefing schedule for the pending summary judgment motion and suggesting that it be included in the Amended Scheduling Order.

Plaintiff again did not respond to our e-mail about our request for a briefing schedule, so, as a last ditch effort, on July 29, 2008, we sent a letter to plaintiff's counsel via facsimile and a separate message via e-mail again requesting that we agree on a briefing schedule for the motion and to include said schedule in the Amended Scheduling Order. On July 30, 2008, in the late afternoon, plaintiff's counsel finally responded to us, agreed to the terms of the recently filed stipulation extending plaintiff's time to file opposition to plaintiff's summary judgment motion in order to conduct discovery until September 5, 2008 and executed the Stipulation.

At approximately 5:00 P.M. plaintiff sent us the executed stipulation via e-mail. However, before we could e-file the Stipulation, the Court notified us via e-filing notification that plaintiff's summary judgment motion had been granted on default.

BONNER
KIERNAN
TREBACH&
CROCIATA,LLP

Critically, the parties, most notably Penn Lyon, had been actively working on a briefing schedule and an adjournment of the motion for several weeks and plaintiff actually executed a Stipulation extending Penn Lyon's time to respond to the motion. Penn Lyon did not ignore the pending summary judgment motion at any time and took numerous steps to finalize a briefing schedule for the motion.

On these bases, we respectfully request, in the interests of justice and fairness that the Court so Order the agreed upon Stipulation extending Penn Lyon's time to file opposition to plaintiff's motion for summary judgment and vacate the currently entered Order granting plaintiff's motion for summary judgment on default without the necessity of a motion. In the alternative, we request that the Court schedule a conference to address the issues raised in this letter. Indeed, as previously discussed, it is undisputed that plaintiff agreed to adjourn the motion to allow us to conduct discovery, the only issue pertains to the slight delay in filing the Stipulation because plaintiff did not respond to our numerous requests for a briefing schedule to include in the Stipulation. We could not finalize a briefing schedule until depositions were scheduled and the depositions were not scheduled until late yesterday.

Notwithstanding this letter we will be also be filing a formal motion seeking reconsideration of the Order pursuant to Rule 59(e) and and/or vacatur of the default pursuant to Rule 55(c) and Rule 60(b) 1-6 under separate cover.

Respectfully, submitted,

Scott H. Goldstein (SG 8333)

BONNER
KIERNAN
TREBACH &
CROCIATA, LLP

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
QUANTUM CORPORATE FUNDING, LTD.,

                         Plaintiff,

        vs.

WESTWOOD DESIGN/BUILD INCORPORATED,
DAVID R. WARFIELD, NATIONAL CITY
MORTGAGE INC., and PENN LYON HOMES
CORPORATION,

                       Defendants.

-------------------------------------------------------------

NATIONAL CITY MORTGAGE,

                Third-Party Plaintiff,

        vs.

MICHAEL CONRAD, a/k/a MICHAEL CONRAD
BROWN,

                Third-Party Defendant.

-------------------------------------------------------------X

Civil Action No. 08-cv-0539
(LAK) (HBP)

**STIPULATION EXTENDING
TIME TO OPPOSE MOTION
FOR SUMMARY JUDGMENT**

     IT IS HEREBY STIPULATED AND AGREED by and between the undersigned attorneys

for the Plaintiff Quantum Corporate Funding, Ltd and Defendant Penn Lyon Homes Corporation

("PLH"), that the time within which the said Defendant PLH may file opposition to plaintiff's

summary judgment is extended until September 5, 2008 to allow for sufficient discovery to be

completed.

Dated: New York, New York
     July 30, 2008

MEI 7569641v.1

SO STIPULATED & AGREED:

GOETZ FITZPATRICK, LLP

By: _____
     Bernard Kobroff, Esq.
     Attorneys for Plaintiff

McCARTER & ENGLISH, LLP

By: _____
     Thomas F. Doherty, Esq.
     Attorney for Defendant/
     Third-Party Plaintiff
     National City Mortgage

BONNER KIERNAN TREBACH
     & CROCIATA LLP

By: _____
     Scott H. Goldstein, Esq.
     Attorney for Defendant
     Penn Lyon Homes Corp.

ME1 7569641v.1

2