UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
QUANTUM CORPORATE FUNDING, LTD

                    Plaintiff,                          Docket No. 08 CV 00539(LAK) (HP)

          -against-

WESTWOOD DESIGN/BUILD
INCORPORATED, DAVID R. WARFIELD,                      **NOTICE OF MOTION**
NATIONAL CITY MORTGAGE, INC. and PENN
LYON HOMES CORPORATION

                    Defendants.

 

**PLEASE TAKE NOTICE** that upon the annexed affirmation of Scott H. Goldstein, Esq. affirmed on August 5, 2008 and the exhibits attached thereto, the accompanying Memorandum of Law in support of this Motion, and the pleadings herein, plaintiff/defendant will move this Court, before Honorable Lewis A. Kaplan, J.S.C. United States District Judge, for an Order pursuant to Rules 6(b)(2), 56(f), 59(e), 60 (b)(1)and (6) of the Federal Rules of Civil Procedure and Local Civil Rule 6.3 granting the following relief:

      1)    Vacatur of the final judgment entered against defendant PLH on plaintiff Quantum Corporate Funding, Ltd's ("Quantum") motion for summary judgment which was heard and decided before PLH filed its opposition thereto;and

      2)    Upon vacatur of final judgment, denial of plaintiff's summary judgment motion on the merits;

      3)    Reconsideration of the Court's Order granting summary judgment against PLH and in favor of Quantum, and upon reconsideration, denial of Quantum's motion for summary judgment;

3)    Reconsideration of the Court's Order granting summary judgment against PLH and in favor of Quantum, and upon reconsideration, denial of Quantum's motion for summary judgment;

4)    In the alternative, PLH requests an extension of time to file opposition to plaintiff's summary judgment motion out of time pursuant to Fed. R. Civ. P. 6(b)(2); and/or;

5)    an adjournment of plaintiff's motion for summary judgment to allow the parties to engage in discovery before PLH has to file its substantive opposition to the motion pursuant to Fed. R. Civ. P. 56(f); and

.    6)    such other and further relief as this Court deems just and proper.

**I declare under penalty of perjury that the foregoing is true and correct.**

Dated: New York, New York
       August 5, 2008

_____
Scott H. Goldstein, Esq.
BONNER KIERNAN TREBACH
& CROCIATA, LLP
Attorneys for Defendant
Penn Lyon Homes Corporation
Empire State Building – Suite 3304
New York, New York 10118
Tel # (212) 268-7535
Fax # (212) 268-4965

# EXHIBIT A

Case 1:08-cv-00539-LAK-HBP    Document 56    Filed 08/06/2008    Page 4 of 67
12/21/200 Case: 1:08-cv-00539-LAK    Document 37 WESTM Filed 07/08/2008    Page 18 of 50 PAGE  02

12/20/2007 17:26 FAX 212 388 5619          CORPORATE OFFICE                            ☑002

Transaction#_____ _____    Client#_____ ____    Rebate Class_____    Advt_____

**PURCHASE & SALE AGREEMENT**

→ $112,168.28 to Penn Lyon Homes Corp.
→ $130,731.72 to Westwood Design

In consideration of the sum of $─────────────$243,900.00────────── paid by purchaser to seller,

Westwood Design Build Incorporated

receipt of which is hereby acknowledged, the undersigned ("Seller") hereby sells, transfers and assigns to Quantum Corporate Funding, Ltd. ("Purchaser"), its successors and assigns all Seller's right, title and interest in and to Seller's account(s) receivable (including the proceeds of any surety, payment bond or guaranty thereof) owing by various account debtors described in Exhibit "A" attached hereto and made part hereof, together with all rights of action accrued, or to accrue thereon, including, without limitation, full power to collect, sue for, compromise, assign, or in any other manner enforce collection thereof in Purchaser's name or otherwise.

Seller represents, warrants and agrees that:

(a) The Seller is the sole and absolute owner of said account(s), and has full legal right to make said sale, assignment and transfer, and that said sale transfer or assignment does not conflict with the terms of any other agreement, or instrument to which Seller is a party.

(b) The current total amount of said account(s) is $──────────────243,900.00 on ──

(c) Said account(s) are presently due and owing to Seller and the amount(s) thereof are not and will not be in dispute; and the payment of said account(s) are not and will not be contingent upon the fulfillment of this, or any other contract(s), past or future.

(d) There are not and will not be any set-offs or counterclaims against said account(s), and said account(s) have not been previously assigned or encumbered by Seller in any manner whatsoever.

(e) Purchaser has right of endorsement on all payments received in connection with said account(s), and Seller hereby appoints Purchaser its attorney in fact for said purpose.  In order to accommodate the accounting needs of its clients, Seller hereby directs purchaser, as agent, to accept and deposit all checks received from sellers clients whether or not they represent assigned accounts.

(f) Seller will promptly advise Purchaser, in writing, if Seller's place of business and record keeping is changed or a new place is added.

(g) At Purchasers request, Seller hereby agrees to file a Notice of Mechanics Lien on any real property improvement upon which it has performed labor or furnished materials, the account for which labor and/or materials it has assigned to Purchaser.  In the event Seller fails to promptly comply with such request, Seller does hereby constitute and appoint Purchaser as its agent to execute and file in the name of Seller a Notice of Mechanic's Lien to the extent of the debt due from the account debtor for and on account of such labor and material.  In connection with the filing of such Notice of Mechanic's Lien, the Seller agrees to periodically advise the Purchaser of the amount or amounts owed by the account debtor in connection with each real improvement so that the Notice of Mechanic's Lien will be accurate in all respects.  Seller further agrees not to provide the account debtor with a "Waiver of Right to File a Notice of Mechanic's Lien" without the prior written consent of Purchaser.

(h) Should any of the warranties expressed by Seller be inaccurate and it becomes necessary for Purchaser to utilize an attorney to enforce its rights against Seller, Seller agrees that such attorney fees shall be borne by Seller.

(i) Purchaser further agrees that if the amount referred to in (b) above (or any portion thereof) is not paid by the account debtor(s) thereof for any reason other than a breach of the representations, warranties and covenants contained herein, Seller shall not be liable to repay to Purchaser any amount paid by Purchaser to Seller in consideration of the sale, transfer and assignment herein contained.

(j) Purchaser warrants that it will use its best efforts to collect the amounts due under this agreement and Seller agrees that Purchaser may, in its sole discretion, settle, compromise, or otherwise accept payment of less than the full amount, if in its judgment such action is necessary to effect collection, by reason of a violation of any of the representations and warranties contained in this agreement.

(k) In the event it should become necessary for the Purchaser to enforce its rights hereunder against Seller, the Guarantor(s) or the Account Debtor(s), Seller agrees that Purchaser may apply up to maximum of thirty third and one third (33 1/3%) of clause (b) for Purchaser's attorney's fees therefor.

(L) To secure the representations and covenants made by Seller in this agreement, but not the credit risk of the Account(s), Seller hereby grants to Purchaser a continuing security interest in all personal property and fixtures in which Seller has an interest, now or hereafter existing or acquired, and wheresoever located, tangible or intangible, including but not limited to, all present or hereafter existing or acquired tools, goods, (including without limitation, all equipment), inventory, furniture, receivables, accounts, security agreements, notes, bills, acceptances, instruments, installment paper, chattel paper, documents, certificates of deposit, tax refunds, insurance proceeds, conditional sale or lease contracts, cash or cash equivalents, chattel mortgages or deeds of trust, general intangibles, all intellectual property including, without limitation patents, trademarks and copyrights (and applications for all of the foregoing), contract rights, and all other hypothecation, and promises or duty to pay money, now or hereafter owned or acquired by Seller (including without limitation all rights of Seller as an unpaid vendor), and all proceeds and collections thereof, all guarantees and other security therefor, and all right, title and interest of Seller in any returned repossessed, rejected or un-shipped goods, together with all of Sellers books of accounts, ledger cards and records, all vehicles, all computer programs, and systems owned or operated in connection therewith, all of the above securing present and future advances and all proceeds, products, returns add-ons, accessions and substitutions of and to pay any of the foregoing.  Further to the foregoing, Seller hereby grants Purchaser and its agents Power of Attorney to sign it's name on any applicable financing statements (UCC's) and otherwise; in order to effectuate filing(s) on the aforementioned assets of Seller.  Upon any default in Sellers representations, warranties, and covenants Purchaser may enforce said security agreement in accordance with the provisions of the Uniform Commercial Code.

(m) No failure or delay on the part of Purchaser in exercising any right power or remedy granted to purchaser hereunder shall constitute a waiver thereof.  No amendment, modification or waiver of, any provision of this Agreement shall be effective unless the same shall be in writing and signed and delivered by Purchaser.

(n) Purchaser shall have the right to deduct the amount of any allowance(s), discount(s), returns(s), defense(s), or offset(s) taken by the Account Debtor(s) from any other accounts receivable or other billing rights purchased by purchaser from Seller or demand reimbursement from Seller based upon representations made by Seller in this agreement as to the Account and Purchaser shall have such other rights and remedies against Seller as shall be available to Purchaser at law or in equity, all of which rights and remedies are hereby expressly reserved.

\quancorp\csale\purchase.agt

PLEASE FAX THIS PAGE BACK ALSO

12/20/2007  16:45    4108591196

12/20/2007  17:30    4108132828                    WESTWOOD CUSTOM HOME              PAGE  01/02
                                                                                    PAGE  01

12/20/2007 17:30 FAX 313 398 8519        CORPORATE OFFICE                  @003

(o) The Account(s) shall be the property of Purchaser, solely and shall be collected by Purchaser but if for any reason any account(s) thereon should be paid to Seller, Seller shall notify Purchaser immediately of such payment(s), shall hold any check(s), note(s), draft(s), monies or other instruments for the payment of money so received in trust for the benefit of Purchaser, and shall pay over such monies and transmit such check(s) or draft(s) to Purchaser in kind. In its office within 2 days of receipt thereof. SELLER ACKNOWLEDGES THAT FAILURE TO PAY OVER SUCH PAYMENTS WITHIN 2 DAYS TO PURCHASER SHALL BE A DEFAULT HEREUNDER AND FURTHERMORE SHALL CAUSE SELLER TO FORFEIT ANY RIGHTS IT MAY HAVE WITH RESPECT TO ANY OTHER PAYMENTS DUE OR TO BECOME DUE TO SELLER UNDER THIS AGREEMENT.

(p) The paragraphs of this Agreement are severable, and in the event that any paragraph or portion of this Agreement is declared illegal or unenforceable, the remainder of this Agreement will be effective and binding upon the parties.

(q) This agreement shall be governed by the laws of the State of New York applicable to contracts executed in and to be performed solely within the State of New York. Seller hereby submits, at the election of Purchaser, to personal jurisdiction in the State of New York for the enforcement of this agreement or any claim(s) hereunder, and hereby waives any and all rights under the laws of any foreign jurisdiction to object to such jurisdiction. Any claim by Seller against Purchaser shall be brought in the State of New York only. In any suit or proceeding relating to this Agreement, the parties mutually waive trial by jury.

(R) SELLER UNEQUIVOCALLY & UNCONDITIONALLY WARRANTS THAT IT WILL AT ALL TIMES REMAIN CURRENT ON ANY AND ALL STATE OR FEDERAL PAYROLL WITHHOLDING TAXES.

(S) Seller hereby grants Quantum authority to sign it's name on any forms required by any governmental entities (including but not limited to Blumberg T236's or similarly required Government forms) for the purpose of performing the certification and assignment and transfer of payment to Purchaser and/or to recover from a breach of the security agreement provided for in (2) above.

Seller (assignor) Covenants that to will receive any moneys advanced hereunder as trust funds to be first applied to the following expenditures arising out of the improvement of real property and incurred in the performance of said contract:

A) Payment of claims of subcontractors, architects, engineers, surveyors, laborers and materialmen;

B) Payment of the amount of taxes based on payrolls including such persons and withheld or required to be withheld or required to be withheld and taxes based on the purchase price or value of materials or equipment required to be installed or furnished in connection with the performance of the improvement;

C) Payment of taxes and unemployment insurance and other contributions due by reason of the employment out of which such claims arose;

D) Payment of any benefits or wage supplements, or the amounts necessary to provide such benefits or furnished such supplements, to the extent that the trustee, as employer, is obligated to pay or provide such benefits or furnish such supplements by any agreement to which he is a party;

E) Payment of premiums on a surety bond or bonds filed and premiums on insurance accrued during the making of the improvement.

Nothing in this covenant shall be considered as imposing upon the Purchaser (assignee) any obligation to see to the proper application of moneys advanced under such assignment by the assignee.

SELLER AGREES TO HOLD PURCHASER HARMLESS FROM ANY BREACH OF SELLER's REPRESENTATIONS, WARRANTIES, AND AGREEMENTS CONTAINED HEREIN WITHOUT ANY EFFECT WHATSOEVER FOR SETOFFS, DEDUCTIONS OR COUNTERCLAIMS.

ACCEPTED AND AGREED                 /Dated this day of 20 DEC 200?/
By: X. Simmonds, Sr Acct Exec      By: X Gerald R Westwood  President
    QUANTUM CORPORATE FUNDING LTD.       SIGNATURE AND TITLE

Guarantee: The undersigned (not including the Seller) hereby personally guarantees(s) and shall be jointly and severally liable for the warranties, representations and covenants made by Seller set forth above.

By: _____                   By: X Gerald R Westwood  (NO TITLE NEEDED)
                                         SIGNATURE ONLY

Affirmation And Certification:
State of _____  County of _____        18§
Sworn to before me this _____ day of _____ 20___

Signature of Notary Public _____

WE ARE PURCHASING OUTRIGHT THE GROUP OF ACCOUNTS ANNEXED HERETO FOR THE PRICE DESCRIBED ON THE REVERSE SIDE HEREOF. WE ASSUME AS THE PRICE BY ANALYZING THE CREDIT RISK THAT WE ARE ASSUMING AS WELL AS THE TIME THAT MIGHT ELAPSE BEFORE WE COLLECT THE PROCEEDS OF THESE ACCOUNTS THAT DO ULTIMATELY PAY US. AS AN INDUCEMENT TO OUR CLIENTS TO DEAL US THE HIGHEST QUALITY ACCOUNTS, (I.E., THOSE THAT ARE PAID QUICKLY) WE ARE PREPARED TO OFFER REBATES, OR THE DISCOUNT THAT BY APPLYING IN ARRIVING AT THE PURCHASE PRICE, PROVIDED THAT WE SHALL HAVE FIRST RECOVERED OUR PURCHASE PRICE IN FULL WITHIN 180 DAYS OF THE DATE OF THE PURCHASE. THE FOLLOWING SCHEDULE SHOWS THAT AMOUNT OF REBATES THAT YOU MAY BE ENTITLED TO IF THOSE CASES WHERE THE ACCOUNTS SHOULD BE PAID TO US MORE QUICKLY THAN WE HAD ANTICIPATED WHEN WE CALCULATED THE DISCOUNT. THERE SHALL BE NO REBATE OF INVOICES COLLECTED BEYOND 180 DAYS. NOTWITHSTANDING ANYTHING CONTAINED HEREIN UNDER NO CIRCUMSTANCES SHALL THE DISCOUNT EARNED BY PURCHASER AMOUNT TO LESS THAN $250.00.

T# 25914

| | | |
|---|---|---|
| Accounts of the Bulk Paid within  1 to  30 days ....% | 31. per hundred of The Account Amount. | |
| Accounts of The Bulk Paid within  31 to  40 days ....% | 26. per Hundred of The Account Amount. | |
| Accounts of The Bulk Paid within  41 to  50 days ....% | 16. per Hundred of The Account Amount. | |
| Accounts of The Bulk Paid within  51 to  60 days ....% | 21. per Hundred of The Account Amount. | |
| Accounts of The Bulk Paid within  61 to  70 days ....% | 22. per Hundred of The Account Amount. | |
| Accounts of The Bulk Paid within  71 to  80 days ....% | 26. per Hundred of the Account Amount. | |
| Accounts of The Bulk Paid within  81 to  90 days ....% | 21. per Hundred of The Account Amount. | |
| Accounts of The Bulk Paid within  91 to 100 days ....% | 20. per Hundred of The Account Amount. | |
| Accounts of The Bulk Paid within 101 to 110 days ....% | 19. per Hundred of The Account Amount. | |
| Accounts of The Bulk Paid within 111 to 120 days ....% | 18. per Hundred of The Account Amount. | |
| Accounts of The Bulk Paid within 121 to 130 days ....% | 17. per Hundred of The Account Amount. | |
| Accounts of the Bulk Paid within 131 to 140 days ....% | 16. per Hundred of The Account Amount. | |
| Accounts of The Bulk Paid within 141 to 150 days ....% | 15. per Hundred of The Account Amount. | |
| Accounts of The Bulk Paid within 151 to 160 days ....% | 14. per Hundred of The Account Amount. | |
| Accounts of The Bulk Paid within 161 to 170 days ....% | 13. per Hundred of The Account Amount. | |

12/18/2007  17:33    4108132828                    WESTWOOD CUSTOM HOME                    PAGE    03

   12/18/2007  16:27    4108591196                                                          PAGE    02/02

     12/18/2007  17:21    4108132828                    WESTWOOD CUSTOM HOME            PAGE    01

      12/18/2007 17:11 FAX 212 768 1224    QUANTUM FUNDING                    ⌀002

1 /18/07

EXHIBIT A TO PURCHASE & SALE AGREEMENT
BETWEEN
QUANTUM CORPORATE FUNDING, LTD (PURCHASER)
&
Westwood Design Build Incorporated        (Seller)

Transaction# 25914    Clitran#:

| Date Invoice | Inv Amt.Debtor | Deb Debtor# Clidate# Comptrolltype# F.O.A | Job# | Comptbat Invoice Amount |
|---|---|---|---|---|
| /10/07 10084 | 48 National City Mortgage Company | WX1 32772 | Project: Pollydale Residence. Construction Draw, Pollydale module delivery-#80931 91034. Curbside delivery completed amount due 3rd swing | ****$347,000.00 |
| | | | | ****$347,000.00 |

Page: 1 Transaction#: 25914

TOTAL Invoices:    $347,000.00

Seller hereby verifies the accuracy of the above:

By ___David R. Wayland___ Title _President_

# EXHIBIT B



# INVOICE

| Date | Invoice # |
| --- | --- |
| 12/18/2007 | 10084 |

### BILL TO:

National City Mortgage/National City Bank
Christopher Washburn, Vice President
9852 Walker Drive, Suite 400
Greenbelt, MD 20770

### REMIT TO:

Westwood Design/Build Inc.
P.O. Box 105
Beltsville, MD 20704

| Terms | P.O. No. | PROJECT | |
| --- | --- | --- | --- |
| Net 45 | | Pollydore Residence | |

| Quantity | Description | Rate | Amount |
| --- | --- | --- | --- |
| | Construction Draw<br>Pollydore Module Delivery – #0005351534<br>Curbside Delivery Completed Amount Due and Owing | 347,000.00<br>0.00 | 347,000.00<br>0.00 |
| | This Invoice has been sold, assigned and transferred to: Quantum Corporate Funding, Ltd.<br><br>Make all checks payable and mail to:<br><br>Quantum Corporate Funding, Ltd.<br>11140 Avenue of the Americas, 16th Floor<br>New York, New York 10036 | | |
| Modules Delivered | | **Total** | **$347,000.00** |

# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
QUANTUM CORPORATE FUNDING, LTD.,            Civil Action
                                             Docket No. 08 CV00539(LAK)(HBP)
                         Plaintiff,

        -against-                            **AFFIDAVIT IN SUPPORT**
                                             **OF MOTION FOR**
WESTWOOD DESIGN/BUILD                        **SUMMARY JUDGMENT**
INCORPORATED, DAVID B. WARFIELD,
NATIONAL CITY MORTGAGE INC., and
PENN LYON HOMES CORPORATION,

                         Defendants.
-----------------------------------------------------------X
NATIONAL CITY MORTGAGE,

                 Third-Party Plaintiff,

        -against-

MICHAEL CONRAD, a/k/a MICHAEL CONRAD
BROWN,

                 Third-Party Defendant.
-----------------------------------------------------------X

        CRAIG SHEINKER, being duly sworn, deposes and says:

        1.      I am the President of Quantum Corporate Funding, Ltd. ("Quantum"), the

plaintiff herein, have examined Quantum's records and have personal knowledge of the

facts and circumstances hereinafter set forth and submit this Affidavit in support of

Quantum's motion for summary judgment against defendant Penn Lyon Homes

Corporation ("Penn") in the amount of $112,168.28 together with interest from January

15, 2008.

        2.      Quantum seeks in this action to recover from defendant Penn the sum of

$112,168.28 of Quantum's monies which Penn either converted and/or was unjustly

enriched by, when Quantum wired said sum in payment for the Pollydore's Residence

and Penn neither applied the monies to that purpose, nor shipped the goods, nor returned
the monies to Quantum.

## BACKGROUND

3.      Quantum is in the business of accounts receivable factoring.

Headquartered in New York City, New York. Quantum is one of the largest purchasers of
contractor receivables in the United States.

4.      On or about January, 2007, Mr. and Mrs. Eustace Pollydore, as owners,
entered into contracts with defendant Westwood Design/Build Incorporated
("Westwood"), as contractor, and with defendant National City Mortgage Inc.
("National") as construction lender, pursuant to which Westwood contracted to construct
a new home for Mr. and Mrs. Pollydore at 6117 Elm Avenue, Lanham, Maryland (the
"Pollydore Residence"). A copy of the Westwood/Pollydore contract is annexed hereto as
Exhibit "A". A copy of National/Pollydore construct loan agreement is annexed hereto as
Exhibit "B".

## THE TRANSACTION

5.      In 2007, defendant Westwood, by defendant David R. Warfield
("Warfield") approached Quantum to obtain cash by selling Quantum an account
receivable. To implement this arrangement, Westwood, by Warfield, offered to assign to
Quantum a $347,000.00 invoice (the "Invoice") which it represented was monies due it
from defendant National pursuant to its second draw-down of the Pollydore's
construction loan. A copy of the Westwood Invoice to National is annexed hererto as
Exhibit "C". The construction loan draw-down schedule is annexed as part of Exhibit
"B".

2

6.    Since Quantum has no independent way of knowing if the contractor offering to sell its accounts receivable has, in fact, performed work and furnished materials of the amount invoiced, Quantum contacts the account debtor, in this case the construction lender, defendant National, and requests from the account debtor, a written acknowledgment of and an estoppel certificate for the debt.

7.    Accordingly, in December 2007, Quantum contacted defendant National's Branch Manager, Christopher Washburn, at National's office in Greenbelt, Maryland, and requested confirmation that the Invoice (Exhibit "C" hereto) was correct, forwarding to defendant National an estoppel certificate covering the Invoice.

8.    In response, defendant National, by its Mr. Washburn, signed the estoppel certificate in the amount of the $347,000.00 second draw-down of the Pollydore construction loan and returned it to Quantum. A copy of the estoppel certificate executed by defendant National, citing Westwood's Invoice, is annexed hereto as Exhibit "D".

9.    In reliance upon defendant National's estoppel certificate, Quantum agreed to purchase the Invoice.

10.    The assignment of the Invoice by Westwood to Quantum was made by an agreement entitled Purchase & Sale Agreement (the "Agreement"). A copy of the Agreement is annexed hereto as Exhibit "E".

11.    Pursuant to the Agreement, on December 21, 2007, Quantum paid defendant Westwood $242,900.00 for the Invoice pursuant to Westwood's, by defendant Warfield's, specific instructions, by wiring: (a) $130,731.72 to Westwood and; (b) wiring $112,168.28 to defendant Penn, in payment of Penn's invoice No. 850 representing the balance outstanding on its shipment of the "Pollydore Residence". A copy of Westwood's wiring instructions to Quantum is annexed hereto as Exhibit "F". A copy of

3

the Penn "Pollydore Residence" Invoice No. 850 is annexed hereto as Exhibit "G". A
copy of Quantum's wire transfers to Westwood and to Penn are annexed hereto as
Exhibit "H".

12.     In early January 2008, Quantum contacted defendant National's main
office in Miamisburg, Ohio to confirm that pursuant to the assignment payment of the
Invoice would be made by National directly to Quantum, as assignor, rather than to
assignee Westwood.

13.     Additionally, Quantum attempted to contact defendant Westwood to
advise it that if defendant National paid the Invoice to it, instead of to Quantum, that the
payment was required to be turned over to Quantum.

14.     However, despite several attempts to reach Westwood by telephone,
Quantum was unable to made contact with Westwood and this raised concerns.

## THE FRAUD AND PENN REFUSES TO RETURN THE PAYMENT OR SHIP THE POLLYDORE RESIDENCE

15.     Quantum then contacted the Pollydores' and was advised by Mrs.
Pollydore that not only had the residence not been set on the foundation, but that there
was no foundation and that no materials had been delivered to the site.

16.     After receiving this information, I contacted defendant Westwood's
supplier, defendant Penn, to confirm that it had in fact shipped Mr. and Mrs. Pollydore's
modular home for which Quantum had paid it.

17.     Defendant Penn advised me on January 11, 2008 that: (a) it had never
heard of Pollydores; (b) had not shipped the Pollydore Residence, and; (c) that the
$112,168.28 Penn invoice No. 850 (Exhibit "G") which Quantum had paid was ficticious.

18.     On January 15, 2008, by e-mail, I demanded that defendant Penn return to
Quantum the $112,168.28 which Quantum had wired in payment for the Pollydore

4

Residence. A copy of my January 15, 2008 e-mail to Penn's President, David Reed, demanding the immediate return of the $112,168.28 is annexed hereto as Exhibit "I".

19.    Notwithstanding my aforesaid demand and further conversations between defendant Penn and Quantum's attorney, Charles A. Shea, III, Esq., of Wetzel, Caverly, Shea, Phillips & Rodriguez, Penn refused to either return the $112,168.28 to Quantum or to ship the Pollydore Residence.

20.    As a result, Quantum amended its Complaint herein to add Penn as a defendant asserting against it claims for conversion and unjust enrichment. A copy of Quantum's Corrected Amended Complaint is annexed hereto as Exhibit "J".

21.    A copy of defendant Penn's Answer, wherein it admits in pertinent part that:

> (a)    "Penn Lyon has never entered into any contracts or transactions with Westwood or Warfield for the production and manufacture of modular custom-built home units to be delivered to 6117 Elm Street, Lanham, Maryland on property owned by Mr. and Mrs. Eustace Pollydore (the "Pollydore Project")" (para. 39); and
>
> (b)    On or about December 24, 2007, Penn Lyon received a wire transfer in the amount of $112,168.12 (sic)..." (para. 41);

but denies that it either converted Quantum's $112,168.28 transfer to it and/or was unjustly enriched by that transfer (paras. 16 and 18), is annexed hereto as Exhibit "K".

22.    Notwithstanding defendant Penn's denials, the undisputed facts evidence that Quantum on December 21, 2007 wired $112.168.28 from its account at Sterling National Bank to Penn Lyon's account at Omega Bank in payment for the "Pollydore Residence" and that at no time did Penn either credit that payment to the "Pollydore Project" (Exhibit "K" para. 39) or ship the Pollydore Residence or return Quantum's $112,168.28, despite Quantum's demand for its return.

5

**WHEREFORE,** I respectfully request that the Court grant this motion, as well as such other and further relief as may be just and proper.

CRAIG SHEINKER

Sworn to before me this
3rd  day of July  , 2008

BERNARD KOBROFF
NOTARY PUBLIC, State of New York
No. 4603478
Qualified in Westchester County
Commission Expires May 31, 2010

Notary Public

W:\bkobroff\Quantum\Westwood\Aff. in Sup. of Motion for Summary Judgment.doc

6

# EXHIBIT D

## *Quantum Corporate Funding, Ltd.*

1140 Avenue of the Americas, 16th Floor
New York, N.Y. 10036
Tel. 212 768-1200
800 352-2585
Fax 212 944-8216

12/18/07

Mr. Christopher Washburn
Branch Manager
National City Mortgage Company
7852 Walker Drive, Suite 400
Greebelt, MD 20770

Re: Our Transaction#    25914   Client: Westwood Design Build Incorporated
Our Debtor#:  32772.        Our Client#:    5999

| P.O.#/Contract# | Job# / Project# | Controllers# | Contract/ P.O.Date | Invoice# | Inv.Date | Terms | Invoice Amount |
|---|---|---|---|---|---|---|---|
| | Project: Pollydora Residence. Construction Draw, Pollydoro module delivery-#0005351534. | | | 10094 | 12/18/07 | 45 | ****$147,000.00 |
| | | | | | | | ---------------- |
| | | | | | | | ********$347,000.00 |

Dear Mr. Washburn:

We are the assignee of payment of the above captioned company. Attached is a letter from it authorizing all payments on the captioned invoices to be sent directly and solely to Quantum Corporate Funding, Ltd.

The undersigned Account Obligor acknowledges to Quantum Corporate Funding, Ltd. that the above invoice Amount(s) are correct and owing by us; that the work and or merchandise has been ordered from and completed by the captioned Client, and accepted by us; that there are not now, nor will there be, any claims, setoffs, or defenses beyond 20% of the Invoice Amount(s); Neither Quantum nor its agents made any representations except as herein set forth.  This estoppel is not subject to modification. New York law, jurisdiction and venue shall apply hereto.

Very truly yours,

*Maria Luisa deSouza*

Shelley Simmonds
Senior Account Exec.

Agreed & Accepted

Authorized Signature _____    Title _____
Account Obligor:    National City Mortgage Company
                    Print Name:

# EXHIBIT E

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
QUANTUM CORPORATE FUNDING, LTD

     Plaintiff,

    -against-

WESTWOOD DESIGN/BUILD
INCORPORATED, DAVID R. WARFIELD,
NATIONAL CITY MORTGAGE, INC. and PENN
LYON HOMES CORPORATION

     Defendants.

Docket No. 08 CV 00539(LAK) (HP)

**DEFENDANT'S FIRST SET OF**
**INTERROGATORIES TO**
**PLAINTIFF QUANTUM**
**CORPORATE FUNDING, LTD.**

TO: Bernard Kobroff, Esq.
   Goetz Fitzpatrick, LLP
   One Penn Plaza, 44th Floor
   New York, New York 10119
   Attorney for Plaintiff
   Quantum Corporate Funding, Ltd.

   PLEASE TAKE NOTICE that defendant Penn Lyon Homes Corporation by and

through its undersigned counsel, hereby requests that plaintiff Quantum Corporate

Funding, Ltd. answer the following interrogatories under oath and in the manner and time

prescribed by Rule 33 of the Federal Rules of Civil Procedure and the Local Civil Rules

of the United States District Court for the Southern District of New York.

   PLEASE TAKE FURTHER NOTICE that these interrogatories are deemed to be

continuing in nature so as to require supplemental answers within thirty days if the

responding party becomes aware of new responsive information up to and including the

time of trial of this action.  These interrogatories are without prejudice to Penn Lyon

Homes Corporation's right to serve supplemental interrogatories in accordance with

Local Civil Rule 33.3.

9    With regarding to each person whom Quantum Corporate Funding expects to call as an expert witness at trial, please state the qualifications of the expert, the subject matter on which the expert is expected to testify, the substance of the facts and opinions on which the expert is expected to testify, and a summary of the grounds for each opinion.

10.    Set forth in detail all specific facts, not legal conclusions, upon which Quantum Corporate Funding relies to prove its allegations contained in paragraph 48 of Quantum's Corrected Amended Complaint that On December 21, 2007, defendants Westwood and Warfield unlawfully took $112,168.28 of plaintiff Quantum's money, converted it to their own use and transferred it to defendant Penn allegedly in payment for supplies and materials used in the construction of the Project."

11.    Set forth in detail all specific facts, not legal conclusions, upon which Quantum Corporate Funding relies to prove its allegation in paragraph 50 of its Corrected Amended Complaint that "In January 2008, plaintiff Quantum demanded that defendant Penn return the $112,168.12 to Quantum, but Penn has refused and still refuses to return the $112,168.12 to Quantum."

12.    Set forth in detail all specific facts, not legal conclusions, upon which Quantum Corporate Funding relies to prove its allegation in paragraph 52 of Quantum's Corrected Amended Complaint that ". . . Quantum has sustained damages in the amount of $112,168.28.

13.    Set forth in detail all specific facts, not legal conclusions, upon which Quantum Corporate Funding relies to prove its allegation in paragraph 54 of Quantum's Corrected Amended Complaint that "Defendant Penn has been unjustly enriched as a result of the $112,168.28 of plaintiff's Quantum monies transferred to it."

14.    Describe in detail all steps taken by Quantum Corporate Funding to investigate Westwood Design/Build Incorporated and the status of Westwood's work in connection with the Pollydore project at 6117 Elm Street in Lanham, Maryland, prior to forwarding payment to Penn Lyon in the amount if $112,168.28.

15.    Describe in detail all documents received by Quantum from Westwood, Mr. Conrad, Mr. Warfield or the Pollydores referencing purported invoices from Penn Lyon regarding the Pollydore project.

16.    As to each of these interrogatories, (a) state the names and titles, if any, of all individuals who participated or assisted in preparing or supplying any information given in answer to these interrogatories, or who prepared or supplied any answer, indicating the case of each such individual the specific interrogatory number for which he prepared or supplied any information or answer; and (b) unless described or identified elsewhere in the answers to these interrogatories, describe by means sufficient for identification, (i) all sources, documentary or human, consulted for purpose of preparing each answer; and (ii) all other sources of information, if any, used in preparing each such answer.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
QUANTUM CORPORATE FUNDING, LTD

Plaintiff,

-against-

WESTWOOD DESIGN/BUILD
INCORPORATED, DAVID R. WARFIELD,
NATIONAL CITY MORTGAGE, INC. and PENN
LYON HOMES CORPORATION

Defendants.

Docket No. 08 CV 00539(LAK) (HP)

**DEFENDANT'S FIRST SET OF
DOCUMENT REQUESTS TO
PLAINTIFF QUANTUM
CORPORATE FUNDING, LTD.**

TO:    Bernard Kobroff, Esq.
       Goetz Fitzpatrick, LLP
       One Penn Plaza, 44th Floor
       New York, New York 10119
       Attorney for Plaintiff
       Quantum Corporate Funding, Ltd.

PLEASE TAKE NOTICE that defendant Penn Lyon Homes Corporation by and

through its undersigned counsel, hereby requests that plaintiff Quantum Corporate

Funding, Ltd. serve a written response to this First Set of Document Requests and

produce the documents and items described below for discovery and inspection in the

manner and time prescribed by Rule 34 of the Federal Rules of Civil Procedure and the

Local Civil Rules of the United States District Court for the Southern District of New

York, at the offices of Bonner Kiernan Trebach & Crociata, LLP, Empire State Building,

Suite 3304, New York, New York, 10018

PLEASE TAKE FURTHER NOTICE that these Document Requests are deemed
to be continuing in nature so as to require supplemental responses up to and including the
time of trial of this action.

Dated:  New York, New York
        July 16, 2008

Yours etc.,

By: _____

Scott H. Goldstein, Esq.
BONNER KIERNAN TREBACH
& CROCIATA, LLP
Attorneys for Defendant
Penn Lyon Homes Corporation
State Building, Suite 3304
New York, New York 10118
(212) 268-7535

## DEFINITIONS AND INSTRUCTIONS

1.    Please refer to Rule 26.3(c) and (d) of the Local Civil Rules of the United States District Court for the Southern District of New York for uniform definitions applicable to the requests below.

2.    Please refer to Rule 26.2 of the Local Civil Rules of the United States District Court for the Southern District of New York for the information to be provided where a claim of privilege is asserted.

3.    Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, Quantum Corporate Funding, Ltd., has a continuing duty to furnish additional and supplemental documents and responses as and where such further documents and responses become known or available between the time of the initial response thereunder and the time of hearing or trial in this proceeding.

4.    "Plaintiff" of "Quantum" refers to plaintiff Quantum Corporate Funding, Ltd., together with all predecessors, affiliates, subsidiaries, parents and related entities.

5.    "Defendant" of "Penn Lyon" refers to defendant Penn Lyon Homes Corporation, together with all predecessors, affiliates, subsidiaries, parents and related entities

6.    "NCM" refers to defendant National City Mortgage, together with all predecessors, affiliates, subsidiaries, parents and related entities.

7.    "Westwood" refers to defendant Westwood Design/Build Incorporated together with all predecessors, affiliates, subsidiaries, parents and related entities

8.    "Warfield" refers to defendant David R. Warfield, together with his agents, servants and any employees authorized to act on his behalf.

9.    "Conrad" refers to third-party defendant Michael Conrad a/k/a Michael Conrad Brown, together with all agents, servants and any employees authorized to act on his behalf.

## DOCUMENT REQUESTS

1.    All documents reflecting or concerning communications (whether oral or written) between Quantum and Penn Lyon.

2.    All documents reflecting or concerning communications (whether oral or written) between Quantum and Westwood.

3.    All documents reflecting or concerning communications (whether oral or written) between Quantum and NCM.

4.    All documents reflecting or concerning communications (whether oral or written) between Quantum and Conrad.

5.    All documents reflecting or concerning communications (whether oral or written) between Quantum and Warfield.

6.    All documents reflecting or concerning communications (whether oral or written) between Quantum and June Pollydore or Eustace Pollydore.

7.    Any and all documents reflecting or concerning communications (whether oral or written) between Quantum and any non-party to this litigation.

8.    Any and all notes, memoranda, e-mail or other writings that record, summarize or otherwise reflect oral or written communications among employees of Quantum relating in any way to the subject matter of this litigation.

9.    All documents concerning any, prayer for relief or defense in this action or upon which Quantum may rely in support of its claims in this action.

10    Any and all documents that Quantum contends establishes liability, responsibility or fault on the part of Penn Lyon.

11.    All documents concerning Quantum's claims for damages against Penn Lyon as well as all documents relating to the method of calculation of damages.

12.    Any and all documents referred to in Quantum's Corrected Amended Complaint.

13.    Any and all documents identified in Quantum's responses to Penn Lyon's interrogatories.

14.    Any and all documents referred to by Quantum in preparing its Answers to Penn Lyon's interrogatories.

15.    All documents Quantum intends to use as evidence or exhibits at the trial of this case.

16.    All reports and documents prepared by each expert which Quantum intends to use at the trial of this case, together with a current resume or curriculum vitae for each such expert.

17.    Any and all documents provided by Quantum or its counsel to any and all experts expected to testify at trial on Quantum's behalf.

18.    All documents that memorialize, reflect, relate or refer to any admissions and/or declarations against interests made by any party or witness.

19.    All written or recorded statements (or notes of oral statements) by any party or non-party which refer or relate to the subject matter of this litigation.

20.    All photographs, motion pictures, or video tapes which depict any object, site or thing relevant to this litigation.

21.    All sound recordings that record any conversation or voice of any party to this litigation (or the representative of such party) or any conversation involving any non-party which is relevant in any way to this litigation.

22.    All documents that Quantum has received or will receive pursuant to any subpoena or authorizations in connection with this litigation.

23.    All documents that relate or refer to the allegation in paragraph 48 of Quantum's Corrected Amended Complaint that On December 21, 2007, defendants Westwood and Warfield unlawfully took $112,168.28 of plaintiff Quantum's money, converted it to their own use and transferred it to defendant Penn allegedly in payment for supplies and materials used in the construction of the Project."

24.    All documents that relate or refer to the allegation in paragraph 50 of Quantum's Corrected Amended Complaint that "In January 2008, plaintiff Quantum demand that defendant Penn return the $112,168.12 to Quantum, but Penn has refused and still refuses to return the $112,168.12 to Quantum."

25.    All documents that relate or refer to any work and materials that Quantum contends to have been furnished by Westwood to the Pollydores.

26.    All documents that relate or refer to the allegation in paragraph 52 of Quantum's Corrected Amended Complaint that ". . . Quantum has sustained damages in the amount of $112,168.28.

27.    All documents that relate or refer to the allegation in paragraph 54 of Quantum's Corrected Amended Complaint that "Defendant Penn has been unjustly enriched as a result of the $112,168.28 of plaintiff's Quantum monies transferred to it."

28.   Any and all documents that relates or refers to any steps taken by Quantum to investigate Westwood and that status of Westwood's work in connection with the Pollydore project at 6117 Elm Street in Lanham, Maryland prior to forwarding payment to Penn Lyon in the amount if $112,168.28.

29.   All documents provided to Quantum from Westwood referencing invoices from Penn Lyon with respect to the Pollydore project.

30.   Any and all documents that relates or refers to any steps taken by Quantum to investigate the materials that Westwood was using in connection with the Pollydore project at 6117 Elm Street in Lanham, Maryland prior to forwarding payment to Penn Lyon in the amount if $112,168.28.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| QUANTUM CORPORATE FUNDING, LTD<br><br>Plaintiff,<br><br>-against-<br><br>WESTWOOD DESIGN/BUILD INCORPORATED, DAVID R. WARFIELD, NATIONAL CITY MORTGAGE, INC. and PENN LYON HOMES CORPORATION<br><br>Defendants. | Docket No. 08 CV 00539(LAK) (HP)<br><br><br><br><br><br>**NOTICE OF DEPOSITION OF WILMER RUSSELL** |
| NATIONAL CITY MORTGAGE,<br><br>Third Party Plaintiff,<br><br>-against-<br><br>MICHAEL CONRAD, a/k/a MICHAEL CONRAD BROWN,<br><br>Third Party Defendant. | |

TO:    Bernard Kobroff, Esq.
        Goetz Fitzpatrick, LLP
        Attorneys for Plaintiff
        One Penn Plaza
        Suite 4401
        New York, New York 10119

**PLEASE TAKE NOTICE** that pursuant to Rule 30 of the Federal Rules of Civil Procedure, attorneys for defendant Penn Lyon Homes Corporation shall take the deposition upon oral examination of **Wilmer Russell of Quantum Corporate Funding**, before a person authorized to administer oaths, at Veritext, LLC, 1350 Broadway, Suite 1407, New York, New York 10018 on July 18, 2008 commencing at 10:00 a.m. The deposition will be recorded by stenographic means.

Dated: New York, New York
      July 3, 2008

Yours etc.,

By: _____

Scott H. Goldstein, Esq.
BONNER KIERNAN TREBACH
& CROCIATA, LLP
Attorneys for Defendant
Penn Lyon Homes Corporation
State Building, Suite 3304
New York, New York 10118
(212) 268-7535

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

QUANTUM CORPORATE FUNDING, LTD

                                   Plaintiff,

                     -against-

WESTWOOD DESIGN/BUILD
INCORPORATED, DAVID R. WARFIELD,
NATIONAL CITY MORTGAGE, INC. and PENN
LYON HOMES CORPORATION

                                Defendants.

NATIONAL CITY MORTGAGE,

                     Third Party Plaintiff,

                     -against-

MICHAEL CONRAD, a/k/a MICHAEL CONRAD
BROWN,

                    Third Party Defendant.

Docket No. 08 CV 00539(LAK) (HP)

**NOTICE OF DEPOSITION OF
CRAIG SHEINKER**

TO:    Bernard Kobroff, Esq.
         Goetz Fitzpatrick, LLP
         Attorneys for Plaintiff
         One Penn Plaza
         Suite 4401
         New York, New York 10119

     **PLEASE TAKE NOTICE** that pursuant to Rule 30 of the Federal Rules of Civil

Procedure, attorneys for defendant Penn Lyon Homes Corporatoin shall take the

deposition upon oral examination of **Craig Sheinker, President of plaintiff Quantum**

**Corporate Funding**, before a person authorized to administer oaths, at the Veritext,

LLC, 1350 Broadway New York, New York 10018 on July 30, 2008 commencing at

10:00 a.m. The deposition will be recorded by stenographic means.

Dated:  New York, New York  
       July 7, 2008

Yours etc.,

By: _____

    Scott H. Goldstein, Esq.  
    BONNER KIERNAN TREBACH  
    & CROCIATA, LLP  
    Attorneys for Defendant  
    Penn Lyon Homes Corporation  
    State Building, Suite 3304  
    New York, New York 10118  
    (212) 268-7535

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
QUANTUM CORPORATE FUNDING, LTD

                 Plaintiff,

             -against-

WESTWOOD DESIGN/BUILD
INCORPORATED, DAVID R. WARFIELD,
NATIONAL CITY MORTGAGE, INC. and PENN
LYON HOMES CORPORATION

             Defendants.

NATIONAL CITY MORTGAGE,

             Third Party Plaintiff,

             -against-

MICHAEL CONRAD, a/k/a MICHAEL CONRAD
BROWN,

             Defendants

Docket No. 08 CV 00539(LAK) (HP)

**NOTICE OF DEPOSITION OF
MARIA DESOUZA**

TO:   Bernard Kobroff, Esq.
      Goetz Fitzpatrick, LLP
      Attorneys for Plaintiff
      One Penn Plaza
      Suite 4401
      New York, New York 10119

     **PLEASE TAKE NOTICE** that pursuant to Rule 30 of the Federal Rules of Civil

Procedure, attorneys for defendant Penn Lyon Homes Corporation shall take the

deposition upon oral examination of **Maria DeSouza, Account Executive of Quantum**

**Corporate Funding,** before a person authorized to administer oaths, at Veritext, LLC,

1350 Broadway, Suite 1407, New York, New York 10018 on July 18, 2008 commencing

at 10:00 a.m. The deposition will be recorded by stenographic means.

Dated: New York, New York
      July 3, 2008

Yours etc.,

By: _____

    Scott H. Goldstein, Esq.
    BONNER KIERNAN TREBACH
    & CROCIATA, LLP
    Attorneys for Defendant
    Penn Lyon Homes Corporation
    State Building, Suite 3304
    New York, New York 10118
    (212) 268-7535

**EXHIBIT F**



"Bernard Kobroff"
&lt;bkobroff@GoetzFitz.com&gt;
07/11/2008 11:29 AM

To    &lt;TDoherty@McCarter.com&gt;, &lt;sgoldstein@bktc.net&gt;
cc
bcc
Subject    Quantum v NCM, Penn Lyon

History:    ⤤ This message has been replied to.



**Bernard Kobroff**
Goetz Fitzpatrick
One Penn Plaza, Suite 4401
New York, NY 10119
Phone: 212.695.8100
Fax: 212.629.4013
www.goetzfitz.com

I am in receipt of you respective deposition notices for Ms. DeSouza and Rudolph and Mr. Sheinker as well as NCM's interrogatories and document demands. The dates you have selected for the depositions do not work for either myself or for the Quantum people. Instead I propose that the depositions be conducted during the first week in August. In this context, given the Scheduling Order's 8/9/08 discovery cut-off date, I propose that we stipulate to extend that and all succeeding dates by 30 days.

The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. To reply to our email administrator directly, please send an email to Jon Kowalski (jkowalski@goetzfitz.com).

# EXHIBIT G

Scott Goldstein/BKTC
07/14/2008 08:05 PM

To  "Bernard Kobroff" <bkobroff@GoetzFitz.com>

cc  TDoherty@McCarter.com

bcc  Melissa Thompkins/BKTC@BKTC

Subject  Re: Quantum v NCM, Penn Lyon

I have no objection to adjourning the depositions and I am available the first week in August. However, we need to work out a schedule for us to oppose your summary judgment motion a sufficient time after we have completed the depositions and/or paper discovery which I will be serving tomorrow. Let me know how you want to proceed.

Very truly yours,


Scott H. Goldstein, Esq.
Bonner Kiernan Trebach & Crociata, LLP
Empire State Building, Suite 3304
New York, NY 10118
Phone: (212) 268-7535
Fax: (212)268-4965
E-mail: sgoldstein@bktc.net

"Bernard Kobroff" <bkobroff@GoetzFitz.com>




"Bernard Kobroff"
<bkobroff@GoetzFitz.com>
07/11/2008 11:29 AM

To  <TDoherty@McCarter.com>, <sgoldstein@bktc.net>

cc

Subject  Quantum v NCM, Penn Lyon


**GF**
**LLP**  Bernard Kobroff
Goetz Fitzpatrick
One Penn Plaza, Suite 4401
New York, NY 10119
Phone: 212.695.8100
Fax: 212.629.4013
www.goetzfitz.com

I am in receipt of you respective deposition notices for Ms. DeSouza and Rudolph and Mr. Sheinker as well as NCM's interrogatories and document demands. The dates you have selected for the depositions do not work for either myself or for the Quantum people. Instead I propose that the depositions be conducted during the first week in August. In this context, given the Scheduling Order's 8/9/08 discovery cut-off date, I propose that we stipulate to extend that and

all succeeding dates by 30 days.

The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. To reply to our email administrator directly, please send an email to Jon Kowalski (jkowalski@goetzfitz.com).

# EXHIBIT H

| Scott Goldstein/BKTC | To | "Bernard Kobroff" <bkobroff@GoetzFitz.com> |
|---|---|---|
| 07/21/2008 05:37 PM | cc | |
| | bcc | |
| | Subject | Re: Quantum v NCM, Penn Lyon🗎 |

Dear Bernard:

   Just by way of follow up, we need an extension of time to file opposition to the motion for summary judgment. I again respectfully request that it be adjourned until after the depositions take place so that we have the benefit of having conducted some discovery to oppose the motion. Please let me know at your earliest convenience. Thanks!!

Very truly yours,

Scott H. Goldstein, Esq.
Bonner Kiernan Trebach & Crociata, LLP
Empire State Building, Suite 3304
New York, NY 10118
Phone: (212) 268-7535
Fax: (212)268-4965
E-mail: sgoldstein@bktc.net

# EXHIBIT I



"Bernard Kobroff"
<bkobroff@GoetzFitz.com>
07/22/2008 03:12 PM

To  "Doherty, Thomas F." <TDoherty@McCarter.com>,
<sgoldstein@bktc.net>

cc

bcc

Subject  RE: Quantum v NCM, Penn Lyon

---

History:     🖅 This message has been replied to.

---

**Bernard Kobroff**
**Goetz Fitzpatrick**
**One Penn Plaza, Suite 4401**
**New York, NY 10119**
**Phone: 212.695.8100**
**Fax: 212.629.4013**
**www.goetzfitz.com**

I am amenable to your requests. However, Quantum recently moved and the documents regarding this action have been packed and now must be unpacked and this will probably not be done until next week, at which time it will respond to your respective demands and interrogatories.

The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. To reply to our email administrator directly, please send an email to Jon Kowalski (jkowalski@goetzfitz.com).

**From:** Doherty, Thomas F. [mailto:TDoherty@McCarter.com]
**Sent:** Friday, July 18, 2008 10:08 AM
**To:** Bernard Kobroff
**Cc:** SGoldstein@bktc.net
**Subject:** RE: Quantum v NCM, Penn Lyon

Bernard,

I tried reaching you by phone the other day, but I understand from your message on Wednesday afternoon that you would be out of the office yesterday and today. I have no objection to adjourning the scheduled depositions of the Quantum witnesses until the first week of August, although I am still expecting plaintiff's responses to the written discovery demands in a timely fashion next week. I also have no objection to a joint request to the Court for an Amended Scheduling Order granting a 30-day extension of the August 9th discovery end date and a corresponding extension of the September 9th due date for s.j. motions, the pretrial order, jury instructions and requested voir dire questions.

Regarding your deposition notice for Christopher Washburn, I have a scheduling conflict on July 29th. Since the Quantum witness depositions were noticed first and would have been conducted today and Monday, I propose that Mr. Washburn's deposition be rescheduled for late in the first week of August, after the Quantum witness depositions are completed.

Perhaps we all should have a brief conference call on Monday to discuss these scheduling issues and approaching the Court for an extension.

--Tom Doherty

-----Original Message-----
**From:** SGoldstein@bktc.net [mailto:SGoldstein@bktc.net]
**Sent:** Monday, July 14, 2008 8:06 PM
**To:** Bernard Kobroff
**Cc:** Doherty, Thomas F.
**Subject:** Re: Quantum v NCM, Penn Lyon

I have no objection to adjourning the depositions and I am available the first week in August. However, we need to work out a schedule for us to oppose your summary judgment motion a sufficient time after we have completed the depositions and/or paper discovery which I will be serving tomorrow.  Let me know how you want to proceed.

Very truly yours,


Scott H. Goldstein, Esq.
Bonner Kiernan Trebach & Crociata, LLP
Empire State Building, Suite 3304
New York, NY 10118
Phone: (212) 268-7535
Fax: (212)268-4965
E-mail:  sgoldstein@bktc.net



"Bernard Kobroff" <bkobroff@GoetzFitz.com>

07/11/2008 11:29 AM

To<TDoherty@McCarter.com>, <sgoldstein@bktc.net>
cc
SubjectQuantum v NCM, Penn Lyon



**Bernard Kobroff**
**Goetz Fitzpatrick**
One Penn Plaza, Suite 4401
New York, NY 10119
Phone: 212.695.8100

Fax: 212.629.4013
www.goetzfitz.com

I am in receipt of you respective deposition notices for Ms. DeSouza and Rudolph and Mr
. Sheinker as well as NCM's interrogatories and document demands. The dates you have
selected for the depositions do not work for either myself or for the Quantum people.
Instead I propose that the depositions be conducted during the first week in August. In
this context, given the Scheduling Order's 8/9/08 discovery cut-off date, I propose that
we stipulate to extend that and all succeeding dates by 30 days.

The information contained in this transmission may contain privileged and confidential information.  It is intended only for
the use of the person(s) named above.  If you are not the intended recipient, you are hereby notified that any review,
dissemination, distribution or duplication of this communication is strictly prohibited.  If you are not the intended recipient,
please contact the sender by reply email and destroy all copies of the original message.  To reply to our email
administrator directly, please send an email to Jon Kowalski (jkowalski@goetzfitz.com).

This email message from the law firm of McCarter & English, LLP is for the sole use of the
intended recipient(s) and may contain confidential and privileged information. Any
unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended
recipient, please contact the sender by reply email and destroy all copies of the original
message.

# EXHIBIT J



"Doherty, Thomas F."
&lt;TDoherty@McCarter.com&gt;

07/24/2008 04:27 PM

To    "Bernard Kobroff" &lt;bkobroff@GoetzFitz.com&gt;,
       sgoldstein@bktc.net

cc

bcc

Subject    RE: Quantum v NCM, Penn Lyon

History:        This message has been replied to.

Pursuant to my separate discussions with Bernard and Scott, I am attaching a proposed form of Amended Scheduling Order to which the parties would be stipulating. Please let me know if this form is acceptable or if you have any changes. If the form is acceptable to everyone, Scott and I should sign and forward it to Bernard so that he may sign and submit the proposed Order to Judge Kaplan for the Court's consideration.

-----Original Message-----
From: Bernard Kobroff [mailto:bkobroff@GoetzFitz.com]
Sent: Tuesday, July 22, 2008 3:12 PM
To: Doherty, Thomas F.; sgoldstein@bktc.net
Subject: RE: Quantum v NCM, Penn Lyon

**GF**
**LLP**
**Bernard Kobroff**
**Goetz Fitzpatrick**
**One Penn Plaza, Suite 4401**
**New York, NY 10119**
**Phone: 212.695.8100**
**Fax: 212.629.4013**
**www.goetzfitz.com**

I am amenable to your requests. However, Quantum recently moved and the documents regarding this action have been packed and now must be unpacked and this will probably not be done until next week, at which time it will respond to your respective demands and interrogatories.

The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. To reply to our email administrator directly, please send an email to Jon Kowalski (jkowalski@goetzfitz.com).

From: Doherty, Thomas F. [mailto:TDoherty@McCarter.com]
Sent: Friday, July 18, 2008 10:08 AM

**To:** Bernard Kobroff
**Cc:** SGoldstein@bktc.net
**Subject:** RE: Quantum v NCM, Penn Lyon

Bernard,

I tried reaching you by phone the other day, but I understand from your message on Wednesday afternoon that you would be out of the office yesterday and today. I have no objection to adjourning the scheduled depositions of the Quantum witnesses until the first week of August, although I am still expecting plaintiff's responses to the written discovery demands in a timely fashion next week. I also have no objection to a joint request to the Court for an Amended Scheduling Order granting a 30-day extension of the August 9th discovery end date and a corresponding extension of the September 9th due date for s.j. motions, the pretrial order, jury instructions and requested voir dire questions.

Regarding your deposition notice for Christopher Washburn, I have a scheduling conflict on July 29th. Since the Quantum witness depositions were noticed first and would have been conducted today and Monday, I propose that Mr. Washburn's deposition be rescheduled for late in the first week of August, after the Quantum witness depositions are completed.

Perhaps we all should have a brief conference call on Monday to discuss these scheduling issues and approaching the Court for an extension.

--Tom Doherty

-----Original Message-----
**From:** SGoldstein@bktc.net [mailto:SGoldstein@bktc.net]
**Sent:** Monday, July 14, 2008 8:06 PM
**To:** Bernard Kobroff
**Cc:** Doherty, Thomas F.
**Subject:** Re: Quantum v NCM, Penn Lyon

I have no objection to adjourning the depositions and I am available the first week in August. However, we need to work out a schedule for us to oppose your summary judgment motion a sufficient time after we have completed the depositions and/or paper discovery which I will be serving tomorrow. Let me know how you want to proceed.

Very truly yours,

Scott H. Goldstein, Esq.
Bonner Kiernan Trebach & Crociata, LLP
Empire State Building, Suite 3304
New York, NY 10118
Phone: (212) 268-7535
Fax: (212)268-4965
E-mail: sgoldstein@bktc.net

"Bernard Kobroff" <bkobroff@GoetzFitz.com>

07/11/2008 11:29 AM

To<TDoherty@McCarter.com>, <sgoldstein@bktc.net>
cc
SubjectQuantum v NCM, Penn Lyon



Bernard Kobroff
Goetz Fitzpatrick
One Penn Plaza, Suite 4401
New York, NY 10119
Phone: 212.695.8100
Fax: 212.629.4013
www.goetzfitz.com

I am in receipt of you respective deposition notices for Ms. DeSouza and Rudolph and Mr. Sheinker as well as NCM's interrogatories and document demands. The dates you have selected for the depositions do not work for either myself or for the Quantum people. Instead I propose that the depositions be conducted during the first week in August. In this context, given the Scheduling Order's 8/9/08 discovery cut-off date, I propose that we stipulate to extend that and all succeeding dates by 30 days.

The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. To reply to our email administrator directly, please send an email to Jon Kowalski ( jkowalski@goetzfitz.com).

This email message from the law firm of McCarter & English, LLP is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This email message from the law firm of McCarter & English, LLP is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original

message.   Quantum-Nat City - Amended Scheduling Order.DOC

# EXHIBIT K

Scott Goldstein/BKTC
07/24/2008 06:21 PM

To    "Doherty, Thomas F." <TDoherty@McCarter.com>

cc    "Bernard Kobroff" <bkobroff@GoetzFitz.com>

bcc

Subject  RE: Quantum v NCM, Penn Lyon 

Shouldn't we have something in there specifically addressing the currently pending SJ motion or does the paragraph dealing with SJ motions pertain to it?

Very truly yours,

Scott H. Goldstein, Esq.
Bonner Kiernan Trebach & Crociata, LLP
Empire State Building, Suite 3304
New York, NY 10118
Phone: (212) 268-7535
Fax: (212)268-4965
E-mail: sgoldstein@bktc.net

"Doherty, Thomas F." <TDoherty@McCarter.com>



"Doherty, Thomas F."
<TDoherty@McCarter.com>
07/24/2008 04:27 PM

To    "Bernard Kobroff" <bkobroff@GoetzFitz.com>,
      sgoldstein@bktc.net

cc

Subject  RE: Quantum v NCM, Penn Lyon

Pursuant to my separate discussions with Bernard and Scott, I am attaching a proposed form of Amended Scheduling Order to which the parties would be stipulating. Please let me know if this form is acceptable or if you have any changes. If the form is acceptable to everyone, Scott and I should sign and forward it to Bernard so that he may sign and submit the proposed Order to Judge Kaplan for the Court's consideration.

-----Original Message-----
From: Bernard Kobroff [mailto:bkobroff@GoetzFitz.com]
Sent: Tuesday, July 22, 2008 3:12 PM
To: Doherty, Thomas F.; sgoldstein@bktc.net
Subject: RE: Quantum v NCM, Penn Lyon

**G F**
**L L P** Bernard Kobroff
Goetz Fitzpatrick
One Penn Plaza, Suite 4401
New York, NY 10119
Phone: 212.695.8100
Fax: 212.629.4013
www.goetzfitz.com

I am amenable to your requests. However, Quantum recently moved and the documents regarding this action have been packed and now must be unpacked and this will probably not be done until next week, at which time it will respond to your respective demands and interrogatories.

The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. To reply to our email administrator directly, please send an email to Jon Kowalski (jkowalski@goetzfitz.com).

**From:** Doherty, Thomas F. [mailto:TDoherty@McCarter.com]
**Sent:** Friday, July 18, 2008 10:08 AM
**To:** Bernard Kobroff
**Cc:** SGoldstein@bktc.net
**Subject:** RE: Quantum v NCM, Penn Lyon

Bernard,

I tried reaching you by phone the other day, but I understand from your message on Wednesday afternoon that you would be out of the office yesterday and today. I have no objection to adjourning the scheduled depositions of the Quantum witnesses until the first week of August, although I am still expecting plaintiff's responses to the written discovery demands in a timely fashion next week. I also have no objection to a joint request to the Court for an Amended Scheduling Order granting a 30-day extension of the August 9th discovery end date and a corresponding extension of the September 9th due date for s.j. motions, the pretrial order, jury instructions and requested voir dire questions.

Regarding your deposition notice for Christopher Washburn, I have a scheduling conflict on July 29th. Since the Quantum witness depositions were noticed first and would have been conducted today and Monday, I propose that Mr. Washburn's deposition be rescheduled for late in the first week of August, after the Quantum witness depositions are completed.

Perhaps we all should have a brief conference call on Monday to discuss these scheduling issues and approaching the Court for an extension.

--Tom Doherty

-----Original Message-----
**From:** SGoldstein@bktc.net [mailto:SGoldstein@bktc.net]
**Sent:** Monday, July 14, 2008 8:06 PM
**To:** Bernard Kobroff
**Cc:** Doherty, Thomas F.
**Subject:** Re: Quantum v NCM, Penn Lyon

I have no objection to adjourning the depositions and I am available the first week in August.  However, we need to work out a schedule for us to oppose your summary judgment motion a sufficient time after we have completed the depositions and/or paper discovery which I will be serving tomorrow.  Let me know how you want to proceed.

Very truly yours,


Scott H. Goldstein, Esq.
Bonner Kiernan Trebach & Crociata, LLP
Empire State Building, Suite 3304
New York, NY 10118
Phone: (212) 268-7535
Fax: (212)268-4965
E-mail:  sgoldstein@bktc.net



"Bernard Kobroff" <bkobroff@GoetzFitz.com>

07/11/2008 11:29 AM                                To<TDoherty@McCarter.com>, <sgoldstein@bktc.net>
                                                   cc
                                                   SubjectQuantum v NCM, Penn Lyon





Bernard Kobroff
Goetz Fitzpatrick
One Penn Plaza, Suite 4401

New York, NY 10119
Phone: 212.695.8100
Fax: 212.629.4013
www.goetzfitz.com

I am in receipt of you respective deposition notices for Ms. DeSouza and Rudolph and Mr. Sheinker as well as NCM's interrogatories and document demands. The dates you have selected for the depositions do not work for either myself or for the Quantum people. Instead I propose that the depositions be conducted during the first week in August. In this context, given the Scheduling Order's 8/9/08 discovery cut-off date, I propose that we stipulate to extend that and all succeeding dates by 30 days.

The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. To reply to our email administrator directly, please send an email to Jon Kowalski ( jkowalski@goetzfitz.com).

This email message from the law firm of McCarter & English, LLP is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This email message from the law firm of McCarter & English, LLP is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original

message.   Quantum-Nat City - Amended Scheduling Order.DOC

# EXHIBIT L

Empire State Building
Suite 3304
New York, NY 10118
Telephone: (212) 268-7535
Facsimile: (212) 268-4965
bktc@bktc.net
www.bktc.net

# BONNER KIERNAN TREBACH & CROCIATA, LLP

Connecticut
Maryland
Massachusetts
New Jersey
New York
Pennsylvania
Rhode Island
Virginia
Washington, DC

July 29, 2008

**By Facsimile (212) 629-4013 and Regular Mail**
Bernard Kobroff, Esq.
Goetz Fitzpatrick, LLP
One Penn Plaza, Suite 4401
New York, New York 10119

> Re:    Quantum v. Penn Lyon Homes Corporation, et al
>         Docket No.: 08 CV 00539 (LAK) (HP)
>         BKT&C No.: 0899.0006

Dear Mr. Kobroff:

We represent defendant Penn Lyon Homes Corporation ("Penn Lyon") in the above matter.

On July 21, 2008, we sent you an e-mail correspondence requesting that we first conduct discovery (respond to document demands and conduct depositions) before we responded to your motion for summary judgment. We received an e-mail response from you vaguely stating that you were amenable to our request to conduct discovery prior to filing our response to your motion for summary judgment.

In that regard, we should include something in the Amended Scheduling Order addressing the pending summary judgment motion. Please contact me at your earliest convenience to discuss.

Should you have any questions, please do not hesitate to contact me.

Very truly yours,

Scott H. Goldstein
SHG/mt
cc:    Thomas F. Doherty, Esq. *via facsimile (973) 297-6612 and regular mail*

Scott Goldstein/BKTC
07/29/2008 04:51 PM

To   "Bernard Kobroff" <bkobroff@GoetzFitz.com>

cc   "Doherty, Thomas F." <TDoherty@McCarter.com>

bcc  Melissa Thompkins/BKTC@BKTC

Subject  RE: Quantum v NCM, Penn Lyon - status of Amended Scheduling Order

Dear Bernard:

In furtherance of Tom's request to address the Amended Scheduling Order, I just faxed a letter to you to see if we can discuss putting anything in the Scheduling Order regarding a briefing schedule for your pending SJ motion or however you want to deal with it vis a vis the upcoming depositions and discovery responses.

I'll be available all morning tomorrow to discuss.

Very truly yours,

Scott H. Goldstein, Esq.
Bonner Kiernan Trebach & Crociata, LLP
Empire State Building, Suite 3304
New York, NY 10118
Phone: (212) 268-7535
Fax: (212)268-4965
E-mail: sgoldstein@bktc.net

# EXHIBIT M



"Bernard Kobroff"
<bkobroff@GoetzFitz.com>
07/30/2008 04:43 PM

To  <SGoldstein@bktc.net>

cc  "Doherty, Thomas F." <TDoherty@McCarter.com>

bcc

Subject  FW: Scanned document from Administrator/ PLH

| History: | 🖅 This message has been replied to. |
| --- | --- |

**Bernard Kobroff**
**Goetz Fitzpatrick**
One Penn Plaza, Suite 4401
New York, NY 10119
Phone: 212.695.8100
Fax: 212.629.4013
www.goetzfitz.com

Herewith is the Stipulation

The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. To reply to our email administrator directly, please send an email to Jon Kowalski (jkowalski@goetzfitz.com).

**From:** Administrator
**Sent:** Wednesday, July 30, 2008 4:41 PM
**To:** Bernard Kobroff
**Subject:** Scanned document from Administrator


STIPULATION.pdf

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

QUANTUM CORPORATE FUNDING, LTD.,

                    Plaintiff,

       vs.

WESTWOOD DESIGN/BUILD INCORPORATED,
DAVID R. WARFIELD, NATIONAL CITY
MORTGAGE INC., and PENN LYON HOMES
CORPORATION,

                    Defendants.
--------------------------------------------------------------

NATIONAL CITY MORTGAGE,

                Third-Party Plaintiff,

       vs.

MICHAEL CONRAD, a/k/a MICHAEL CONRAD
BROWN,

                Third-Party Defendant.
--------------------------------------------------------------X

Civil Action No. 08-cv-0539
(LAK) (HBP)

**STIPULATION EXTENDING
TIME TO OPPOSE MOTION
FOR SUMMARY JUDGMENT**

       IT IS HEREBY STIPULATED AND AGREED by and between the undersigned attorneys

for the Plaintiff Quantum Corporate Funding, Ltd and Defendant Penn Lyon Homes Corporation

("PLH"), that the time within which the said Defendant PLH may file opposition to plaintiff's

summary judgment is extended until September 5, 2008 to allow for sufficient discovery to be

completed.

Dated: New York, New York
     July 30, 2008

MEI 7569641v.1

SO STIPULATED & AGREED:

GOETZ FITZPATRICK, LLP

By: _____
    Bernard Kobroff, Esq.
    Attorneys for Plaintiff

McCARTER & ENGLISH, LLP

By: _____
    Thomas F. Doherty, Esq.
    Attorney for Defendant/
    Third-Party Plaintiff
    National City Mortgage

BONNER KIERNAN TREBACH
    & CROCIATA LLP

By: _____
    Scott H. Goldstein, Esq.
    Attorney for Defendant
    Penn Lyon Homes Corp.

2

# EXHIBIT N

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
QUANTUM CORPORATE FUNDING, LTD.,

                              Plaintiff,


                   -against-                                      08 Civ. 0539 (LAK)


WESTWOOD DESIGN/BUILD, INC., et ano,

                              Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

                              **ORDER**

LEWIS A. KAPLAN, *District Judge.*

       Plaintiff moves for summary judgment awarding it the sum of $112,168.28 together with interest thereon from January 25, 2008 as against defendant Penn Lyon Homes Corporation ("Penn"). Penn has not responded to the motion although the time within which to do so has expired.

       In these circumstances, the well supported averments of plaintiff's Rule 56.1 Statement are deemed admitted. S.D.N.Y. CIV. R. 56.1(c). It therefore is plain that there is no disputed issue as to any material fact and that plaintiff is entitled to judgment as a matter of law. Accordingly, plaintiff's motion [DI 37] is granted in all respects.

       As this resolves all of plaintiff's claims against Penn and any delay in the finality and enforceability of its judgment against Penn would work an undue hardship, the Court hereby determines that there is no just reason for delay and directs the Clerk to enter final judgment in favor of plaintiff and against Penn in accordance with this order.

       SO ORDERED.

Dated:     July 30, 2008

                                        _____
                                                Lewis A. Kaplan
                                        United States District Judge

# EXHIBIT O

Empire State Building
Suite 3304
New York, NY 10118
Telephone: (212) 268-7535
Facsimile: (212) 268-4965
bktc@bktc.net
www.bktc.net

# BONNER
# KIERNAN
# TREBACH &
# CROCIATA, LLP

Connecticut
Maryland
Massachusetts
New Jersey
New York
Pennsylvania
Rhode Island
Virginia
Washington, DC

Via hand delivery

July 31, 2008

Hon, Lewis A. Kaplan, USDJ
Daniel P, Moynihan U.S. Courthouse, Rm. 1310
500 Pearl Street
New York, New York 10007-1312

       Re:    Quantum v. Penn Lyon Homes Corporation, et al
              Docket No.: 08 CV 00539 (LAK) (HP)

Dear Judge Kaplan:

      We represent Penn Lyon Homes Corporation in the above matter.

      We recently filed a fully executed Stipulation dated July 30, 2008 extending Penn Lyon's time to file opposition to plaintiff Quantum Corporate Funding, Ltd's summary judgment motion until September 5, 2008, so that the parties could complete some needed discovery. However, before we had an opportunity to file the Stipulation with the Court, we received notification that plaintiff's motion was granted on default. We respectfully request that the Court So Order the submitted Stipulation and that the Court's order be vacated on the grounds that the parties had already agreed to an extension of time for Penn Lyon to file opposition to the motion and that there was excusable neglect for the slight delay in filing the Stipulation for the reasons set forth below. In the alternative, we respectfully request that the Court schedule a conference to address the issues raised below in this letter.

      As this Court is aware, on July 8, 2008, Quantum filed a summary judgment motion against Penn Lyon in this action. Indeed, the motion was filed prior to any discovery taking place. Within a day or two of receiving the motion, we contacted plaintiff's counsel by telephone and requested an adjournment of the motion to complete some needed discovery before we were required to file our opposition. Plaintiff's counsel advised that he needed to consult with his client before granting our request.

      On July 3, 2008, we served plaintiff with Notices for the Depositions of Wilmer Russell, Maria DeSouza and Craig Sheinker of Quantum for dates in July, 2008. Then, on July 16, 2008, we served plaintiff with Penn Lyon's first set of interrogatory demands and First Set of Document Requests.

Upon receipt of our deposition notices and co-defendant National's deposition notices, on July 11, 2008, plaintiff advised us, by e-mail, that his clients would not be able to attend depositions on the noticed dates and requested that the depositions be rescheduled. Plaintiff also requested that the Amended Scheduling Order be extended by 30 days.

Having not heard back from plaintiff about our request for an extension of time, on July 14, 2008, we responded to plaintiff's July 11, 2008 e-mail by sending counsel an e-mail correspondence agreeing to adjourn the deposition and requesting that we enter into a briefing schedule to adjourn the pending motion to allow Penn Lyon sufficient time to complete the outstanding discovery before filing its opposition. Apparently, soon after we sent our e-mail, plaintiff's counsel was out of the office until July 21, 2008 and did not respond to our request for a briefing schedule/adjournment during that entire week.

Realizing that our time to get a Stipulation into the court was running short, on July 21, 2008, we followed up with plaintiff's counsel's office by e-mail requesting a response to our adjournment request. Finally, on July 22, 2008, via e-mail correspondence, plaintiff agreed to extend Penn Lyon's time to answer the motion and allow discovery to go forward. However, in this e-mail, plaintiff's counsel was still unable to provide us with dates when Quantum's witnesses could be produced for deposition. Therefore, at that time, it was impossible for us to choose an appropriate deadline for the filing of defendants' opposition papers, because we did not yet know how much time would be needed to allow sufficient time to us to obtain and examine the deposition transcripts prior to filing our opposition to the motion.

On July 24, 2008, co-defendant National circulated a proposed Amended Scheduling Order via e-mail which sought to extend all existing dates in the initial scheduling order by one month. In response to National's e-mail, we sent e-mail correspondence to plaintiff's counsel and National's counsel reiterating the need for a briefing schedule for the pending summary judgment motion and suggesting that it be included in the Amended Scheduling Order.

Plaintiff again did not respond to our e-mail about our request for a briefing schedule, so, as a last ditch effort, on July 29, 2008, we sent a letter to plaintiff's counsel via facsimile and a separate message via e-mail again requesting that we agree on a briefing schedule for the motion and to include said schedule in the Amended Scheduling Order. On July 30, 2008, in the late afternoon, plaintiff's counsel finally responded to us, agreed to the terms of the recently filed stipulation extending plaintiff's time to file opposition to plaintiff's summary judgment motion in order to conduct discovery until September 5, 2008 and executed the Stipulation.

At approximately 5:00 P.M. plaintiff sent us the executed stipulation via e-mail. However, before we could e-file the Stipulation, the Court notified us via e-filing notification that plaintiff's summary judgment motion had been granted on default. Now that the motion was granted on default, we contacted plaintiff and requested that he enter

BONNER
KIERNAN
TREBACH &

into a Stipulation vacating the default judgment. However, in one day, plaintiff's position has changed and counsel has refused to consent to vacatur of the Order.

Critically, the parties, most notably Penn Lyon, had been actively working on a briefing schedule and an adjournment of the motion for several weeks and plaintiff actually executed a Stipulation extending Penn Lyon's time to respond to the motion. Penn Lyon did not ignore the pending summary judgment motion at any time and took numerous steps to finalize a briefing schedule for the motion.

On these bases, we respectfully request, in the interests of justice and fairness that the Court so Order the agreed upon Stipulation extending Penn Lyon's time to file opposition to plaintiff's motion for summary judgment and vacate the currently entered Order granting plaintiff's motion for summary judgment on default without the necessity of a motion. In the alternative, we request that the Court schedule a conference to address the issues raised in this letter. Indeed, as previously discussed, it is undisputed that plaintiff agreed to adjourn the motion to allow us to conduct discovery, the only issue pertains to the slight delay in filing the Stipulation because plaintiff did not respond to our numerous requests for a briefing schedule to include in the Stipulation. We could not finalize a briefing schedule until depositions were scheduled and the depositions were not scheduled until late yesterday.

Notwithstanding this letter we will be also be filing a formal motion seeking reconsideration of the Order pursuant to Rule 59(e) and and/or vacatur of the default pursuant to Rule 55(c) and Rule 60(b) 1-6 under separate cover.

Respectfully submitted,

Scott H. Goldstein (SG 8333)

Enclosure
cc:    Thomas F. Doherty, Esq.
       Bernard Kobroff, Esq.

BONNER
KIERNAN
TREBACH &
CROCIATA