UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
QUANTUM CORPORATE FUNDING, LTD.,    Civil Action
                                    Docket No. 08 CV00539(LAK)(HBP)
                  Plaintiff,

     -against-

WESTWOOD DESIGN/BUILD
INCORPORATED, DAVID B. WARFIELD,
NATIONAL CITY MORTGAGE INC., and
PENN LYON HOMES CORPORATION,

                  Defendants.
------------------------------------------------------X
NATIONAL CITY MORTGAGE,

                  Third-Party Plaintiff,

     -against-

MICHAEL CONRAD, a/k/a MICHAEL CONRAD
BROWN,

                  Third-Party Defendant.
------------------------------------------------------X

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO THE MOTION OF PENN LYON HOMES CORPORATION TO VACATE JUDGMENT AND OTHER RELIEF AND TO PERMANENTLY STAY ITS ENFORCEMENT AND STAY DISCOVERY**

GOETZ FITZPATRICK LLP
Attorneys for Plaintiff
Quantum Corporate Funding, Ltd.
One Penn Plaza, 44th Floor
New York, New York 10119
(212) 695-8100

Bernard Kobroff, Esq.
Of Counsel

# TABLE OF CONTENTS

TABLE OF AUTORITIES..................................................................................ii

PRELIMINARY STATEMENT.........................................................................1

STATEMENT OF FACTS..................................................................................1

ARGUMENT........................................................................................................1

    QUANTUM'S RIGHT TO THE $112,168.28 IT WIRED TO PENN
    PURSUANT TO QUANTUM'S PURCHASE OF WESTWOOD'S
    INVOICE FOR THE SECOND DRAW OF THE POLLYDORE
    RESIDENCE CONSTRUCTION LOAN IS SUPERIOR TO
    WESTWOOD OR PENN'S RIGHT TO THIS MONEY............................3

CONCLUSION....................................................................................................7

# TABLE OF AUTHORITIES

**Cases**

Anderson v. Liberty Lobby, Inc., 477 U.S. 242,
   106 S. Ct. 2505, 91 L. Ed. 202 (1986) ............................................................................ 2

Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548,
   91 L. Ed. 2d 265 (1986) ................................................................................................... 2

Credit Alliance Corporation v. David O. Crump Sand & Fill Co.,
   470 F.Supp. 489 (S.D.N.Y. 1979) .................................................................................... 7

D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 110
   (2d Cir. 2006) ................................................................................................................... 2

Dervin Corp. v. Banco Bilbao Vizcaya Argentina,
   2004 WL 1933621 (S.D.N.Y. 2004) ............................................................................... 2

Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 98 (2d Cir. 1993) ................................................ 3

Evans v. Ottimo, 469 F.2d 278, 282 (2nd Cir. 2006) ................................................................ 6

Federal Insurance Company v. Fries, 355 N.Y.S.2d 741,
   744 (Civil Ct. N.Y. Co. 1974) ......................................................................................... 6

Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,
   475 U.S. 574, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986) ................................................ 2

New York v. Green, 420 F.3d 99, 109 (2d Cir. 2005) ............................................................. 3

Original Appalachian Artwork, Inc. v. Yuil International Trading Corp.,
   105 F.R.D. 113, 117 (S.D.N.Y. 1985) ............................................................................ 4

Quantum Corporate Funding, Ltd. v. Fidelity & Deposit Company of Maryland,
   258 A.D.2d 376, 685 N.Y.S.2d 688, 690 (1st Dept. 1999) .............................................. 7

S.E.C. v. McNulty, 137 F.3d 732, 738 (2d Cir. 1998) ....................................................... 2, 3

Schaffner v. Pierce, 75 Misc. 2d 21, 347 N.Y.S.2d 411
   (Dist. Ct. Nassau Co. 1973) ............................................................................................. 6

State Street Bank & Trust Co. v. Inversiones Errazuriz Limitada,
   374 F.3d 158, 174 (2d Cir. 2004) .................................................................................... 3

Utica Trust & Deposit Co. v. Sutton, 231 App. Div. 95,
    246 N.Y.S. 56 (4th Dept. 1930) ............................................................................ 6

Woodson v. Mendon Leasing Corp., 100 N.Y.2D 216,
    760 n.y.s.Ed 727, 733 (2003) ................................................................................ 6

**Statutes**

F.R.C.P. Rule 60(b) ................................................................................................. 2, 4

F.R.C.P. Rule 62(b) ..................................................................................................... 2

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted on behalf of plaintiff Quantum Corporate Funding, Ltd. ("Quantum") in opposition to the motion of defendant Penn Lyon Homes Corporation ("Penn") for orders: (i) vacating the final judgment entered against defendant Penn on Quantum's motion for summary judgment; (ii) upon vacatur denying Quantum's motion for summary judgment; (iii) granting reconsideration of the court's grant of summary judgment to Quantum and, upon reconsideration, denial of Quantum's motion; (iv) alternatively, granting Penn an extension of time to file opposition to Quantum's motion for summary judgment; and (v) alternatively, adjourning Quantum's motion to allow Penn to engage in discovery so that it may oppose Quantum's motion; and (b) the Order to Show Cause of Penn for orders: (i) permanently staying enforcement of the judgment; and (ii) staying all discovery pending the determination of Penn's motion to vacate and other relief.

## STATEMENT OF FACTS

The facts underlying Quantum's opposition to defendant Penn's motion are set forth in the Declaration of Bernard Kobroff, Esq. dated August 18, 2008 and the exhibits annexed thereto.

## ARGUMENT

The undisputed facts establish as a matter of law that defendant Penn has been unjustly enriched and/or has converted $112,168.28 belonging to plaintiff Quantum and that defendant Penn does not have a meritorious defense to Quantum's claims.

**Standard of Review:**

### A. Re: Summary Judgment

To obtain summary judgment, the movant must demonstrate that, under the undisputed material facts, movant is entitled to judgment as a matter of law. Celotex

1

Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S. Ct. 2505, 91 L. Ed. 202 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). "The substantive law underlying a claim determines if a fact is material and only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Dervin Corp. v. Banco Bilbao Vizcaya Argentina, 2004 WL 1933621 (S.D.N.Y. 2004) citing Anderson, 477 U.S. supra at 248.

Further, even where the non-moving party fails to respond to a motion for summary judgment, the court may not grant the motion without first examining the moving party's submission to determine that it has met its burden of demonstrating that no material issue of fact remains for trial. Thus, if the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, summary judgment must be denied even if no opposing evidentiary matter is presented, i.e. even unopposed motions for summary judgment must fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law. D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 110 (2d Cir. 2006).

**B. Re: Relief from Judgment And Stay of Enforcement**

A motion to stay the enforcement of a judgment brought pursuant to F.R.C.P. Rule 62(b) like a motion to vacate a default judgment brought pursuant F.R.C.P. Rule 60(b) is addressed to the sound discretion of the district court and will not be reversed except for an abuse of discretion. S.E.C. v. McNulty, 137 F.3d 732, 738 (2d Cir. 1998). A court's decision to vacate a default judgment pursuant to F.R.C.P. Rule 60(b) is guided by three principal factors: "(1) whether the default was willful, (2) whether the defendant demonstrates the existence of a meritorious defense, and (3) whether, and to what extent,

2

vacating the default will cause the nondefaulting party prejudice." McNulty, 137 F.3d supra at 738.

In State Street Bank & Trust Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158, 174 (2d Cir. 2004) the Second Circuit emphasized that "the absence of such a [meritorious] defense is sufficient to support a district court's denial" of a F.R.C.P. Rule 60(b) motion . See similarly New York v. Green, 420 F.3d 99, 109 (2d Cir. 2005). Although an F.R.C.P. Rule 60(b) motion does not require the movant to conclusively establish its meritorious defense "he must present evidence of facts that, if proven at trial, would constitute a complete defense". McNulty, 137 F.3d supra at 740 citing Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 98 (2d Cir. 1993).

### QUANTUM'S RIGHT TO THE $112,168.28 IT WIRED TO PENN PURSUANT TO QUANTUM'S PURCHASE OF WESTWOOD'S INVOICE FOR THE SECOND DRAW OF THE POLLYDORE RESIDENCE CONSTRUCTION LOAN IS SUPERIOR TO WESTWOOD OR PENN'S RIGHT TO THIS MONEY

The Court determined that the undisputed facts in Quantum's Rule 56.1 Statement and in the Affidavit of Craig Sheinker, sworn to July 3, 2008, submitted in support of Quantum's motion for summary judgment against Penn satisfied Quantum's burden of demonstrating that no material issue of fact remained for trial. For the purposes of its motions, defendant Penn concedes that it does **not** dispute any of the facts set forth in either Quantum's Rule 56.1 Statement or the Sheinker Affidavit (Penn Memo p.2)[*]. Penn argues, nonetheless, that "plaintiff has failed to satisfy the elements for a prima facie cause of action for unjust enrichment or conversion" (Penn Memo p.2).

Thus, for the purposes of its motions, Penn does **not** claim that it possesses a meritorious defense to Quantum's causes of action. Rather, Penn simply argues that Quantum did not meet its burden of demonstrating that no material issue of fact remains

---

[*] Citations to Penn Memo refer to Penn's Memorandum of Law in Support of its Motion to Vacate Judgment and other relief.

3

for trial and, therefore, that this Court's determination that Quantum had met its burden was erroneous. <u>Original Appalachian Artwork, Inc. v. Yuil International Trading Corp.</u>, 105 F.R.D. 113, 117 (S.D.N.Y. 1985) (failure to allege that defendant would prevail on a meritorious defense at trial precludes, pursuant to F.R.C.P. Rule 60(b), setting aside the default judgment).

Penn argues that Quantum has failed to provide evidence that it "was the 'owner' of the $112,168.28 that was wired to PLH" and, therefore, Quantum cannot establish "the second element" of "a cause of action for unjust enrichment" namely that "the enrichment was at plaintiff's expense" (Penn Memo p.13) and concomitantly, as regards Quantum's conversion cause of action, "that [Quantum] had an immediate superior right of possession to the money that PLH received" (Penn Memo pp.17-18).

Accordingly, for the purposes of Penn's motions: (a) as regards Quantum's unjust enrichment cause of action, Penn does not dispute that Quantum has made a <u>prima facie</u> showing that: (i) Penn was enriched and (ii) the circumstances are such that equity and good conscience require Penn to make restitution; and (b) as regards Quantum's conversion cause of action, Penn does not dispute that Quantum has made a <u>prima facie</u> showing that: (i) the specific sum of $112,168.28, the amount which Quantum claims, was wired from Quantum's account at Sterling National Bank to defendant Penn's account No. 40224230 at Omega Bank; and (ii) on January 15, 2008 Quantum demanded that Penn return to Quantum the $112,168.28 Penn had received in payment for the Pollydore Residence, and that Penn refused to return the money.

The crux of defendant Penn's argument in support of its various motion is that Quantum was not the owner of the $112,168.28 that Quantum wired to Penn is that Quantum's ownership of the $112,168.28 "is contingent upon a determination of whether Quantum is entitled to receive the benefit of its assignment agreement with Westwood,

4

namely, payment of the $347,000.00 invoice from National" (Penn Memo p.18). Penn argues that if Quantum does receive payment of the $347,000.00 invoice from defendant National City Mortgage ("National") then, having received consideration for the assigned invoice, the entire $242,900.00 purchase price of the assigned invoice belonged to Westwood and, thus, "Westwood, not Quantum, owned the $112,168.28 before it was transferred to PLH" (Penn Memo p.19). See similarly Penn's Memorandum of Law in Support of Order to Show Cause Seeking to Stay the Enforcement of Quantum's Judgment, pp. 13-14.

Defendant Penn's argument lacks either legal or factual merit.

Factually, defendant Penn's argument is erroneous since it is undisputed that:

(a) defendants Westwood/Design Build Incorporated ("Westwood") and David B. Warfield ("Warfield") and third-party defendant Michael Conrad a/k/a Michael Conrad Brown ("Conrad") have each defaulted in defending themselves against causes of action pled against them for bank fraud, conversion and breach of contract in regard to Westwood's $347,000.00 invoice to defendant National which Westwood assigned to Quantum and that default judgments have been entered against Westwood, Warfield and Conrad;

(b) Westwood supplied Quantum with a bogus Penn invoice evidencing that $112,168.28 was owed Penn for the Pollydore Residence;

(c) An express condition of Quantum's agreement to purchase the $347,000.00 Westwood invoice to National for the Pollydore Residence was that Quantum would pay $112,168.28 (the amount of the bogus Penn invoice) of the $242,900.00 purchase price directly to Penn; and

(d) Penn neither credited the $112,168.28 amount received from Quantum to payment for the Pollydore Residence, nor shipped the Pollydore Residence

5

after receipt of the $112,168.28, nor returned the $112,168.28 but, rather, credited this sum to an outstanding obligation owed it by Westwood.

Given these undisputed facts, the following conclusions of law follow:

(a) Quantum's right to the $112,168.28 is superior to that of defendant Westwood. Evans v. Ottimo, 469 F.2d 278, 282 (2nd Cir. 2006) (in New York the defaulter may not contest liability); Woodson v. Mendon Leasing Corp., 100 N.Y.2d 216, 760 N.Y.S.2d 727, 733 (2003) ("defaulters are deemed to have admitted all factual allegations contained in the complaint and all reasonable inferences therefrom"); and

(b) Quantum's right to the $112,168.28 is superior to that of defendant Penn. Federal Insurance Company v. Fries, 355 N.Y.S.2d 741, 744 (Civil Ct. N.Y. Co. 1974)(" a bona fide recipient of property from one who has no power to transfer the property is also a converter."); Schaffner v. Pierce, 75 Misc. 2d 21, 347 N.Y.S.2d 411 (Dist. Ct. Nassau Co. 1973) (fraudulently obtaining possession of another's property constitutes conversion).

Legally, the premise of Penn's argument is erroneous. Defendant National's liability to Quantum is **not** predicated upon Quantum's collection of Westwood's assigned invoice. Quantum, as Westwood's assignee, would simply stand in Westwood's shoes and, as such, since Westwood did not perform the conditions entitling it to receive the second draw on the Pollydore construction loan, neither it nor its assignee could enforce payment. Utica Trust & Deposit Co. v. Sutton, 231 App. Div. 95, 246 N.Y.S. 56 (4th Dept. 1930) (The assignee who undertakes to enforce the assigned claim by suit must prove that the conditions precedent to the debtor's liability have been performed).

The predicate for Quantum's claim against National is not the Westwood assigned invoice but rather Quantum's reliance on the Estoppel Certificate that National issued to it (as a result of Westwood, Warfied and Conrad's fraud) in deciding to purchase the

6

invoice. Quantum Corporate Funding, Ltd. v. Fidelity & Deposit Company of Maryland, 258 A.D.2d 376, 685 N.Y.S.2d 688, 690 (1st Dept. 1999)(" defendant [account debtor's] obligation to plaintiff is contractual"); Credit Alliance Corporation v. David O. Crump Sand & Fill Co., 470 F.Supp. 489 (S.D.N.Y. 1979) (where purchaser of dump trucks unequivocally acknowledged complete and satisfactory delivery, it cannot thereafter argue that its waiver of defenses, claims and offsets against the company to which payment was assigned was prevented by that company's alleged notice of the truck's defectiveness).

When Quantum secures judgment against National it will not be because Westwood's $347,000.00 Pollydore invoice constituted "valid consideration from Westwood" (Penn Memo p.18) but rather because National was contractually estopped from disputing the invoice's validity. The default judgments entered against Westwood establish that Westwood cannot enforce its $347,000.00 invoice against National. Accordingly, neither can Westwood's assignee. Therefore, Quantum cannot receive payment of the invoice from National and, thus: (a) no consideration was given Quantum by Westwood; and (b) Westwood never "owned the $112,168.28" (Penn Memo p.19).

## CONCLUSION

Based upon the foregoing, the Court should deny in their entirety defendant Penn's motions to vacate the default judgment entered against it and for other relief and for an order permanently staying enforcement of the judgment.

Dated: New York, New York
      August 18, 2008

                                            Respectfully submitted,

                                            GOETZ FITZPATRICK LLP

                                            By: _____
                                                 Bernard Kobroff (BK 0101)
                                            Attorneys for Plaintiff
                                            Quantum Corporate Funding, Ltd.
                                            One Penn Plaza, 44th Floor
                                            New York, New York 10119
                                            (212) 695-8100

W:\bkobroff\Quantum\Westwood\Memo of Law- In Opposition to Penn Lyon.doc